Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487
Don@DKLawOffice.com

Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
949.310.0817/Fax 949.288.6894

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ivan Peña, Roy Vargas, Doña Croston, Brett Thomas, Second Amendment Foundation, Inc., and The Calguns Foundation, Inc., <br><br>          Plaintiffs, <br><br> v. <br><br> Wilfredo Cid, <br><br>          Defendant. | Case No. <br><br> **COMPLAINT** <br><br> 42 U.S.C. §§ 1983, 1988 |

## **COMPLAINT**

COME NOW the Plaintiffs, Ivan Peña, Roy Vargas, Doña Croston, Brett Thomas, the Second Amendment Foundation, Inc. ("SAF"), and the Calguns Foundation, Inc. ("CGF"), by and through undersigned counsel, and complain of Defendant as follows:

### **THE PARTIES**

1.      Plaintiff Ivan Peña is a natural person and a citizen of the United States and of the State of California.  Plaintiff Peña is a member of SAF.  Plaintiff Peña is a board member of CGF and a supporter of its activities.

2. Plaintiff Roy Vargas is a natural person and a citizen of the United States and of the State of California. Plaintiff Vargas is a member of SAF and a supporter of and participant in CGF activities.

3. Plaintiff Doña Croston is a natural person and a citizen of the United States and of the State of California. Plainitiff Croston is a member of SAF and a supporter of and participant in CGF activities.

4. Plaintiff Brett Thomas is a natural person and a citizen of the United States and of the State of California. Plaintiff Thomas is a member of SAF. Plaintiff Thomas is a board member of CGF and a supporter of its activities.

5. Plaintiff Second Amendment Foundation, Inc. is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including Washington, D.C. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

6. Plaintiff The Calguns Foundation, Inc. is a non-profit organization incorporated under the laws of California with its principal place of business in Redwood City, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearm laws, rights and privileges, and defending and protecting the civil rights of California gun owners. CGF represents these members and supporters, which include California firearm retailers and consumers. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

7. Defendant Wilfredo Cid is the Chief of the California Department of Justice Bureau of Firearms, and as such is responsible for formulating, executing and administering the State of California's laws, customs, practices, and policies at issue in this lawsuit; and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs. Defendant Cid is sued in both his individual and official capacities.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

9. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

**STATEMENT OF FACTS**

10. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

11. At a minimum, the Second Amendment guarantees individuals a fundamental right to possess handguns in the home. The handguns whose possession is protected by the Second Amendment are those of the kind that are or would be in common use by law-abiding people for lawful purposes.

*California's "Handgun Roster" Scheme*

12. California Penal Code § 12125(a) provides, "Commencing January 1, 2001, any person in this state who manufactures or causes to be manufactured, imports into the state for sale, keeps for sale, offers or exposes for sale, gives, or lends any unsafe handgun shall be punished by imprisonment in a county jail not exceeding one year."

13. California Penal Code § 12126 bars from the approved handgun roster "any pistol, revolver, or other firearm capable of being concealed upon the person, as defined in subdivision (a) of Section 12001" that either fails to meet the firing requirement for handguns pursuant to California Penal Code § 12127 or the drop safety requirement for handguns pursuant to California Penal Code § 12128. California Penal Code §§ 12126(a)(2), (3), (b)(2), (3).

14. A revolver is barred from the approved handgun roster if "[i]It does not have a safety device that, either automatically in the case of a double-action firing mechanism, or by manual operation in the case of a single-action firing mechanism, causes the hammer to retract to a point where the firing pin does not rest upon the primer of the cartridge." California Penal Code § 12126(a)(1).

///

15. A semi-automatic handgun is barred from the approved handgun roster if "[i]t does not have a positive manually operated safety device, as determined by standards relating to imported guns promulgated by the federal Bureau of Alcohol, Tobacco, and Firearms." California Penal Code § 12126(b)(1).

16. A center-fire semi-automatic handgun is barred from the approved handgun roster if it is not grandfathered on the list prior to 2007, and "does not have both a chamber load indicator and if it has a detachable magazine, a magazine disconnect mechanism." California Penal Code § 12126(b)(5). A handgun that fails to meet this definition is not eligible for "safety" testing. California Penal Code § 12130(d)(2).

17. The California Department of Justice often rejects chamber load indicators which, in its view, do not sufficiently meet the requirement, calling for "a device that plainly indicates that a cartridge is in the firing chamber. A device satisfies this definition if it is readily visible, has incorporated or adjacent explanatory text or graphics, or both, and is designed and intended to indicate to a reasonably foreseeable adult user of the pistol, without requiring the user to refer to a user's manual or any other resource other than the pistol itself, whether a cartridge is in the firing chamber." California Penal Code § 12126(c).

18. A rimfire semi-automatic handgun is also barred from the approved handgun roster if it is not grandfathered on the list prior to 2006, and "it does not have a magazine disconnect mechanism, if it has a detachable magazine." California Penal Code § 12126(b)(4). A handgun that fails to meet this definition is not eligible for "safety" testing. California Penal Code § 12130(d)(3).

19. Listings on the California "safe handgun" roster are valid for one year. 11 Calif. Code of Regulations § 4070(a), (b). "A handgun model listing on the Roster of Certified Handguns must be renewed prior to expiration in order to remain valid." 11 Calif. Code of Regulations § 4071. Renewal is accomplished by returning the renewal notice and a fee. 11 Calif. Code of Regulations § 4071(b), (c). "If the manufacturer/importer or other responsible person fails to comply with these renewal requirements, the handgun model listing shall expire by operation of law at midnight on the date of expiration of the listing and the model will be

removed from the Roster." 11 Calif. Code of Regulations § 4071(d).

20. The California Department of Justice charges firearms manufacturers, importers, and dealers annual fees, ostensibly to operate the handgun roster program. California Penal Code § 12131(a)(1). "Any pistol, revolver, or other firearm capable of being concealed upon the person that is manufactured by a manufacturer who manufactures or causes to be manufactured, imports into the state for sale, keeps for sale, or offers or exposes for sale any pistol, revolver, or other firearm capable of being concealed upon the person in this state, and who fails to pay any fee required pursuant to paragraph (1), may be excluded from the roster." California Penal Code § 12131(a)(2).

21. The initial and renewal annual listing fees for inclusion on the "safe handgun" roster are $200. 11 Calif. Code of Regulations § 4072(b).

22. "Other than the DOJ, only the manufacturer/importer of a handgun model is authorized to submit that handgun model to a DOJ-Certified Laboratory for testing." 11 Calif. Code of Regulations § 4059(c).

23. A handgun can remain on the roster if its manufacturer/importer goes out of business or discontinues the model, provided that the model is not being offered for sale to licensed dealers, and "a fully licensed wholesaler, distributor, or dealer submits a written request to continue the listing and agrees to pay the annual maintenance fee." 11 Calif. Code of Regulations § 4070(d). So long as a handgun is sold to dealers outside of California, the handgun's manufacturer can cause the sale of that handgun to be forbidden inside California by failing to submit the gun for testing in that state or refusing to pay the annual $200 fee.

24. "A manufacturer/importer or other responsible party may submit a written request to list a handgun model that was voluntarily discontinued or was removed for lack of payment of the annual maintenance fee." 11 Calif. Code of Regulations § 4070(e). The request may be approved, and the handgun restored to the "safe gun" roster, provided the fee is paid.

25. Otherwise safe handguns, that have passed California's "safety" tests, do not become "unsafe" merely because an annual fee is not paid by their manufacturer.

///

*Narrow and Counter-Productive Nature of the "Handgun Roster" Scheme*

26. Handguns lacking "safety" devices are handguns of the kind in common use throughout the United States for lawful purposes, including self-defense.

27. Semi-automatic handguns lacking chamber load indicators and/or magazine disconnect mechanisms are handguns of the kind in common use throughout the United States for lawful purposes, including self-defense.

28. Like all mechanical devices, a handgun safety mechanism may fail or be misused by the user of a handgun.

29. A chamber load indicator is a mechanical device that may fail or be misinterpreted by the user of a handgun.

30. A magazine disconnect mechanism is a mechanical device that may fail.

31. California law requires that prospective handgun purchasers successfully complete at least two tests demonstrating their knowledge of gun safety: a written test pertaining to handgun safety and a operational safety test for each handgun purchased. Within the knowledge required for successful completion of the tests is the fundamental rule of gun safety holding that all guns should be treated at all times as though they are loaded, to prevent reliance on potentially faulty or misinterpreted mechanical devices and to promote safe gun handling habits. Reliance on safety mechanisms, chamber load indicators, or magazine disconnect devices is not an appropriate substitute for safe gun handling practices.

*Exemptions from the "Handgun Roster" Scheme*

32. California Penal Code § 12125(b)(3) exempts "curios and relics" as defined by 27 C.F.R. § 478.11 from the prohibition of California Penal Code § 12125(a).

33. California Penal Code § 12125(b)(4) provides an additional exemption for "[t]he sale or purchase of any pistol, revolver or other firearm capable of being concealed upon the person, if the pistol, revolver, or other firearm is sold to, or purchased by, the Department of Justice, any police department, any sheriff's official, any marshal's office, the Youth and Adult Correctional Agency, the California Highway Patrol, any district attorney's office, or the military or naval forces of this state or of the United States for use in the discharge of their official duties.

1  Nor shall anything in this section prohibit the sale to, or purchase by, sworn members of these
2  agencies of any pistol, revolver, or other firearm capable of being concealed upon the person."

3  34.  It is not illegal in California to import a handgun not on the state's approved
4  handgun roster when moving into the state without the intention of selling it, nor is it illegal in
5  California to possess or use an unrostered handgun that is otherwise lawful to possess or use.

6  35.  California Penal Code § 12132 provides various exemptions from the approved
7  handgun roster requirements, including private party transfers, intra-familial transfers including
8  gifts and bequests, various loans, and handguns used in Olympic sports.

9  36.  California Penal Code § 12133 exempts from the approved handgun roster
10 requirements single-action revolvers manufactured prior to 1900 that qualify as curios or relics,
11 single-action revolvers longer than 7 ½ inches with a minimum 5-cartridge capacity, and single-
12 shot pistols with a minimum barrel length of 6 inches and minimum overall length of 10 ½
13 inches.

*California's Enforcement of the "Handgun Roster" Scheme Against Plaintiffs*:

*Barring Sale of a Handgun Previously Listed on the Roster*

16 37.  Plaintiff Ivan Peña has sought to purchase a Para USA (Para Ordnance) P1345SR
17 / Stainless Steel .45 ACP 4.25", and has identified a willing seller who stands ready to deliver
18 said handgun to Plaintiff, but Plaintiff cannot purchase and take possession of that handgun as
19 that handgun is not, cannot, and will not be placed on the California Safe Handgun Roster by
20 Defendant.

21 38.  Mr. Peña's Para USA P1345SR was listed on California's Handgun Roster until
22 December 31, 2005, when it was discontinued and its listing not renewed.

*Barring Sale of a Handgun Designed for Left-Handed Use*

24 39.  Plaintiff Roy Vargas has sought to purchase a Glock 21 SF with an ambidextrous
25 magazine release, and has identified a willing seller who stands ready to deliver said handgun to
26 Plaintiff, but Plaintiff cannot purchase and take possession of that handgun as that handgun is
27 not, cannot, and will not be placed on the California Safe Handgun Roster by Defendant.

28 40.  Plaintiff Vargas was born without an arm below the right elbow.

41. The Glock 21 SF-STD is listed on the California Handgun Roster.

42. The Glock-21 SF with ambidextrous magazine release is better suitable for left-handed shooters such as Mr. Vargas, as opposed to the approved version of the Glock 21SF-STD.

43. Glock's efforts to add the SF21 with ambidextrous magazine release to the California Roster have failed.

44. However, Defendant permits Glock customers to have their SF21-STD handguns fitted with an ambidextrous release at the Glock factory. In other words, California permits the sale of a Glock 21SF-STD, and the alteration of that handgun by Glock to add an ambidextrous magazine release, but will not allow consumers to purchase new Glock 21SF's with an ambidextrous magazine release.

*Barring Sale of a Handgun Because It Is Not In An Approved Color*

45. Plaintiff Doña Croston has sought to purchase a Springfield Armory XD-45 Tactical 5" Bi-Tone stainless steel/black handgun in .45 ACP, model number XD9623, and has identified a willing seller who stands ready to deliver said handgun to Plaintiff, but Plaintiff cannot purchase and take possession of that handgun as that handgun is not, cannot, and will not be placed on the California Handgun Roster by Defendant.

46. Other models of this identical gun – but in different colors – are listed on the handgun roster and are thus available to Ms. Croston: the XD-45 Tactical 5" .45 ACP in black (model XD9621), the XD-45 Tactical 5" .45 ACP in OD Green (model XD9622), and the XD-45 Tactical 5" .45 ACP in Dark Earth (XD9162).

47. So long as Springfield Armory, the manufacturer of the XD-45, renews these handguns' California registrations, they will remain available for purchase in California.

48. The particular Bi-Tone XD-45 that Ms. Croston would possess, however, was not released until after California required newly-listed guns to have a chamber load indicator and magazine disconnect device. While the identical handguns with a different finish were grandfathered, Springfield Armory could not get the XD-45 in .45 ACP and Bi-Tone finish registered given the new listing requirements.

49. The XD-45 Bi-Tone in .45 has a loaded chamber indicator, but the California Department of Justice has decided it does not qualify under Penal Code § 12126(c).

*Barring Sale of a Handgun Held Protected Under the Second Amendment*

50. Plaintiff Brett Thomas has sought to purchase a High Standard Buntline style revolver, and has identified a willing seller who stands ready to deliver said handgun to Plaintiff, but Plaintiff cannot purchase and take possession of that handgun as that handgun is not, cannot, and will not be placed on the California Handgun Roster by Defendant.

51. Mr. Thomas's revolver is identical to the gun defendants were ordered to register by the United States Supreme Court in *District of Columbia* v. *Heller*, 128 S. Ct. 2783 (2008), because its possession was deemed protected by the Second Amendment.

### FIRST CLAIM FOR RELIEF
### U.S. CONST., AMEND. II, 42 U.S.C. § 1983

52. Paragraphs 1 through 51 are incorporated as though fully stated herein.

53. Plaintiff Ivan Peña's Para USA P1345SR is an arm whose possession is protected by the Second Amendment.

54. Plaintiff Roy Vargas's Glock 21 SF with ambidextrous magazine release is an arm whose possession is protected by the Second Amendment.

55. Plaintiff Doña Croston's Springfield Armory XD-45 is an arm whose possession is protected by the Second Amendment.

56. Plaintiff Brett Thomas's High Standard revolver is an arm whose possession is protected by the Second Amendment.

57. By maintaining and enforcing a set of laws banning access to handguns whose possession is protected by the Second Amendment, Defendant is propagating customs, policies, and practices that violate the Second Amendment to the United States Constitution, facially and as applied against the individual plaintiffs in this action, damaging plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

//

**SECOND CLAIM FOR RELIEF**
**U.S. CONST., AMEND. XIV,  42 U.S.C. § 1983**

58.  Paragraphs 1 through 57 are incorporated as though fully stated herein.

59.  Defendant's handgun roster program violates Plaintiffs' rights to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution, in that Defendant allows some people access to handguns barred to plaintiffs, and otherwise make arbitrary, capricious, irrational, and otherwise unjustifiable distinctions among the handguns that Defendant deigns to allow Plaintiffs in their exercise of fundamental Second Amendment rights. Defendant is thereby propagating customs, policies, and practices that violate the Fourteenth Amendment to the United States Constitution, facially and as applied against the individual plaintiffs in this action, damaging plaintiffs in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendant as follows:

1.  An order permanently enjoining defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him who receive actual notice of the injunction, from enforcing Title 4, Part 2, Chapter 1.3 of the California Penal Code, §§ 12125, et seq.

2.  Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

3.  Declaratory relief consistent with the injunction; and

4.  Any other further relief as the Court deems just and appropriate.

Dated: April 30, 2009          Respectfully submitted,

Alan Gura (Calif. Bar No. 178221)          Jason A. Davis (Calif. Bar No. 224250)
Gura & Possessky, PLLC                     Davis & Associates
101 N. Columbus St., Suite 405             27281 Las Ramblas, Suite 200
Alexandria, VA 22314                       Mission Viejo, CA 92691
703.835.9085/Fax 703.997.7665              949.310.0817/Fax 949.288.6894

///

///

1  Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
   Law Offices of Donald Kilmer, A.P.C.
2  1645 Willow Street, Suite 150
   San Jose, CA 95125
3  408.264.8489/Fax 408.264.8487
   E-Mail: Don@DKLawOffice.com
4

5  By: _____/s/_____
       Donald E. J. Kilmer, Jr.
6
   Attorneys for Plaintiffs
7