EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
STEPHEN P. ACQUISTO, State Bar No. 172527
Supervising Deputy Attorney General
ANTHONY R. HAKL, State Bar No. 197335
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-9041
 Fax: (916) 324-8835
 E-mail: Anthony.Hakl@doj.ca.gov

*Attorneys for Defendant Wilfredo Cid*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IVAN PEÑA, ROY VARGAS, DOÑA CROSTON, BRETT THOMAS, SECOND AMENDMENT FOUNDATION, INC., and THE CALGUNS FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**WILFREDO CID,**<br><br>Defendant. | 2:09-cv-01185-FCD-KJM<br><br>**JOINT STATUS REPORT**<br><br>Dept:     No. 2, 15th Floor<br>Judge:    Frank C. Damrell, Jr.<br>Trial Date:  None<br>Action Filed: April 30, 2009 |

Pursuant to this Court's May 1 and July 7, 2009 orders, plaintiffs Ivan Peña, Roy Vargas, Doña Croston, Brett Thomas, Second Amendment Foundation, Inc., and The Calguns Foundation, Inc., along with defendant Wilfredo Cid, submit this Joint Status Report.

**(a)  A brief summary of the claims and legal theories under which recovery is sought or liability is denied:**

This is a 42 U.S.C. § 1983 action in which plaintiffs contend that California's Unsafe Handgun Act ("the Act") on its face and as applied to plaintiffs violates the Second Amendment and equal protection. The amended complaint seeks an order enjoining defendant Cid from

1

enforcing the Act and declaratory relief consistent with such an injunction.  Cid, who is the Chief of the Bureau of Firearms of the California Department of Justice, asserts that plaintiffs' claims have no merit.

**(b) Status of service upon all defendants and cross-defendants:**

Cid is the only defendant in this action and plaintiffs have completed service of process.

**(c) Possible joinder of additional parties:**

The parties do not anticipate the joinder of additional parties.

**(d) Contemplated amendments to the pleadings:**

The parties do not anticipate any further amendments to the pleadings on file.  Having filed a motion to dismiss, defendant has not yet filed an answer.

**(e) The statutory basis for jurisdiction and venue:**

Jurisdiction is predicated upon 28 U.S.C. § 1331 and venue on 28 U.S.C. § 1391(b).

**(f) Anticipated discovery and the scheduling of discovery, including:**

**(1) What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:**

The parties conferred as required under Rule 26(f) on August 17, 2009.  The parties will make initial disclosures on or before September 16, 2009.  The parties do not contemplate any changes to the form or requirement for disclosures under Rule 26(a).

**(2) The subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases:**

Plaintiffs' position:

Plaintiffs intend to file a motion for summary judgment as soon as possible.  Plaintiffs contend that this case presents issues of pure law and that no factual controversy exists.  Plaintiffs do not need any further discovery on any subject.

Defendant's position:

Defendant has filed a motion to dismiss this action, noticing the motion for hearing on October 2, 2009.  Defendant would object to any motion for summary judgment being filed or

heard prior to the resolution of the motion to dismiss.  In the event this matter is not resolved at the pleadings stage, defendant would intend to conduct discovery on the nature of plaintiffs' claims, which include facial and as applied challenges.  Discovery would include written discovery and depositions.  Defendant proposes the following discovery dates:

| | |
|---|---|
| All non-expert discovery to be completed by: | June 23, 2010 |
| Disclosure of experts: | July 7, 2010 |
| Supplemental disclosure of experts: | July 28, 2010 |
| All expert discovery to be completed by: | August 25, 2010 |

**(3)  What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed:**

The parties do not contemplate any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure.

**(4)  The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2):**

Plaintiffs do not intend to offer expert testimony at any trial in this matter.

Defendant's proposed dates for the disclosure of expert witnesses and information are set forth above.

**(5)  Proposed dates for discovery cut-off:**

Plaintiffs do not need any further discovery on any subject and have no need for a discovery cut-off date.

Defendant's proposed discovery cut-off dates are set forth above.

**(g)  Contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard:**

As stated above, plaintiffs intend to file a motion for summary judgment as soon as possible.

Defendant will conduct discovery and likely move for summary judgment at a later date in the event this matter is not resolved by the pending motion to dismiss.  In light of the discovery

1  dates proposed above, defendant proposes that all dispositive motions be heard no later than a
2  date in November 2010.
3      (**h)  Proposed date for final pretrial conference:**
4      Plaintiffs maintain that this case will be disposed of by a motion for summary judgment
5  such that a final pretrial conference date is not necessary.
6      Defendant proposes a final pretrial conference date in January 2011
7      **(i)  Proposed date for trial, estimate of days of trial, and whether any party has**
8  **demanded a jury:**
9      Plaintiffs maintain that this case will be disposed of by a motion for summary judgment
10 such that a trial date is not necessary.
11     Defendant proposes a trial date in March 2011.
12     If there is any trial, the parties agree to a court trial.  The parties estimate that any court trial
13 would last three days.
14     **(j)  Appropriateness of special procedures such as reference to a special master or**
15 **agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c):**
16     The parties do not contemplate any special procedures.
17     **(k)  Proposed modification of standard pretrial procedures because of the simplicity**
18 **or complexity of the case:**
19     The parties do not contemplate any modification of standard pretrial procedures.
20     **(l) Whether the case is related to any other case pending in this district, including the**
21 **bankruptcy courts of this district:**
22     There are no related cases.
23     **(m) Prospects for settlement, including whether a settlement conference should be**
24 **scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge**
25 **acting as settlement judge:**
26     The parties do not anticipate settling this matter at this stage of the proceedings.
27     **(n) Any other matters that may be conducive to the just and expeditious disposition of**
28 **the case:**

1     There are no other matters to address at this time.

2   Dated: August 18, 2009                     Respectfully Submitted,

EDMUND G. BROWN JR.
Attorney General of California
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General

*/s/ Anthony R. Hakl*

ANTHONY R. HAKL
Deputy Attorney General
*Attorneys for Defendant*

Dated: August 18, 2009                     Law Offices of Donald Kilmer, A.P.C.

*/s/ Donald E.J. Kilmer, Jr.*

Donald E.J. Kilmer, Jr.
*Attorneys for Plaintiffs*

SA2009310413
10480804.doc