Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
949.310.0817/Fax 949.288.6894

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ivan Peña, et al., ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Wilfredo Cid, ) <br>     Defendant. ) <br> _____ ) | Case No. 2:09-CV-01185-FCD-KJM <br><br> **EXHIBIT E** <br><br> In Support of Plaintiffs' Motion <br> For Summary Judgment |

Respectfully Submitted on Sept. 1, 2009

Alan Gura (Calif. Bar No. 178221)          Jason A. Davis (Calif. Bar No. 224250)
Gura & Possessky, PLLC                     Davis & Associates
101 N. Columbus St., Suite 405             27281 Las Ramblas, Suite 200
Alexandria, VA 22314                       Mission Viejo, CA 92691
703.835.9085/Fax 703.997.7665              949.310.0817/Fax 949.288.6894

                                           Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
                                           Law Offices of Donald Kilmer, A.P.C.
                                           1645 Willow Street, Suite 150
                                           San Jose, CA 95125
                                           408.264.8489/Fax 408.264.8487

By: /s/ Donald E.J. Kilmer, Jr.
     Donald E. J. Kilmer, Jr., Attorney for Plaintiffs

Current Weather: 75°F, 70% humidity, Few Clouds        SUBSCRIBE TODAY! | Weather | Traffic | Surf | Webcam | Contact us | Site Index



News/Sports  Entertainment  Web
Search...

Home  News  Today's Paper  Business  Sports  Entertainment  Multimedia  Forums  Smart Living        Jobs  Autos  Homes  Classifieds  U-T Subscribers

Save This    Email This    Print This    Most Popular    ShareThis

**RELATED TERMS:** DEMOCRATIC PARTY, LOS ANGELES

# Casing-code issues snag handgun law

By James P. Sweeney

U-T SACRAMENTO BUREAU
2:00 a.m. August 10, 2009

SACRAMENTO – Two years after California passed a novel law requiring the next generation of semiautomatic handguns to leave a microscopic identifying code on shell casings, the controversial technology appears no closer to being introduced here or anywhere else.

California Attorney General Jerry Brown has not certified the law, which is required before it can take effect as scheduled on Jan. 1, and his aides could not say when that may happen.

Other states expected to follow California's lead instead have pulled back, waiting in some cases to see what happens here. Similar federal legislation has failed to find any political traction.

Gun manufacturers continue to question the readiness and potential cost of the technology, known as microstamping or ballistic tagging. Regardless, they say, other safety standards unique to California are stopping most companies from introducing handgun models here.

"I have no reason to believe there is any major manufacturer that is going to incur the millions and millions of dollars in costs to implement microstamping for new models introduced in California," said Larry Keane, senior vice president of the National Shooting Sports Foundation, an industry trade association.

"They will simply sell the models that are on the (approved) list now. New models going forward will be barred from the California market, which is already happening," he said.

The inventor of the microstamping technology and those who pushed the California law say any impediments to implementing the first-in-the-nation statute will be resolved soon.

"This is going to be implemented in January, and there won't be any bumps in the road," said Assemblyman Mike Feuer, a Los Angeles Democrat who carried the legislation for the Brady Campaign to Prevent Gun Violence.

"I remain confident," Feuer continued, "that it is in fact going to become not only the law in other states, but the law of the land."

Feuer's bill, AB 1471 of 2007, requires all new models of semiautomatic handguns sold in California after Jan. 1 to be equipped with a microscopic array of characters that identify the gun's make, model and serial number.

The tiny characters must be etched in at least two places – the tip of the firing pin and one other location – within the firearm and positioned so that they transfer onto each cartridge as it is fired.

### OVERVIEW

**Background:** In 2007, the Legislature passed a bill that requires new models of semiautomatic handguns to leave an identifying code on shell casings. The law is scheduled to take effect Jan. 1.

**What's changing:** Unresolved legal issues and concerns about the technology have raised questions about whether the law will go into effect as planned.

**The future:** Efforts by other states and the federal government to adopt similar rules may lag if implementation of the California law becomes problematic.



Advertisement - Your Ad Here

Adobe Acrobat Connect Pro software



**magicJack Free Trial**
Use your computer to eliminate your phone bill. Free local & long distance, call waiting &...
magicJack.com

**Announcing SEROQUEL XR®**
(quetiapine fumarate). See PI and Learn About New Seroquel XR®.
www.SEROQUELXR.com

**NYSE Stock Quotes**
Get real time stock quotes, prices, charts, and company news!
JustClickLocal.com

Buy a link here



Gun-control advocates say the technology could have a profound impact on fighting crime. Most homicides in California are committed with handguns and most handguns sold in the state are semiautomatics.

But the limited application of the law, even if everything goes smoothly, does not figure to be felt for years.

The statute covers only new models of semiautomatic handguns approved for sale after its effective date. That excludes 1,326 different types of handguns legal for sale in California. Revolvers, which do not discharge shell casings, also are not covered.

The microstamping process was invented 15 years ago by Todd Lizotte, a New Hampshire engineer who patented the process under the trademark NanoMark Technologies. Because the technology was available nowhere else, the Legislature required the attorney general to certify that it was available "to more than one (gun) manufacturer unencumbered by any patent restrictions."

That hasn't happened yet.

"We're continuing to review the legislation, but the certification requirements have not yet been met," Christine Gasparac, the attorney general's press secretary, said last week.

The relevant patents are not yet in the public domain, Gasparac explained.

"Nothing can move forward until the patent issue has been resolved," she said.

Lizotte, the inventor, said from the outset that he was willing to provide a royalty-free license for gun manufacturers. Such a license would have allowed him to retain the patent rights for other applications.

But that did not satisfy the firearms industry nor apparently the state's attorneys.

In an interview last week, Lizotte said he recently decided to abandon at least four of the patents involved.

"We worked with the (state's) attorneys," he said. "They told us exactly what we needed to do to meet the guidelines and we've done that."

The patents may have been abandoned, said Gasparac, the attorney general's press secretary, "but our office is not aware of that."

Feuer, the assemblyman who carried the bill, requested and was granted a meeting with the attorney general last month. Afterward, he said he believes the certification process will be done soon.

That came as a surprise to representatives of the firearms industry, who said they have not been invited to any stakeholder sessions, as they normally are when the state develops regulations for major new gun laws.

In the two years since California embraced microstamping, seven other states have considered similar legislation. A proposed national law also was introduced in Congress. But only the District of Columbia has passed a microstamping law.

But even if the attorney general certifies the measure, gun makers say it's uncertain when the internal coding may be added to firearms, if ever.

Many firearms companies are struggling to comply with California's 2006 mandate that all new handgun models include a loaded chamber indicator and a mechanism that prevents firing when a magazine is removed.

In the more than three years since, just one new semiautomatic model has been approved by the state. Two others are pending, Gasparac said.

Sturm, Ruger & Co. Inc. is the only gun maker to date that has overcome that hurdle. The company's general counsel said he has "grave concerns" about whether microstamping is feasible.

"The problem I have with this is it can't be done," said Kevin Reid, Ruger's general counsel. "The legislation says it has to work 100 percent of the time and there is nobody, nobody including Todd Lizotte himself, who would say it will always work."

Several studies, including one done by the University of California Davis, have concluded the process needs further review, that it appears to work better on some guns than others.

### Weblogs

**News**
- Breaking News: NewsBlog
- Legal Affairs: Minute Orders
- Science: Eureka
- Weather: Weather Watch

**Sports**
- SportsBlog
- PadresBlog
- Minor League Blog
- BoltsBlog
- Going Outside
- Teeing Off
- Links

**Opinion**
- America's Finest Blog

**Arts**
- Entertainment: Street
- Television: TV Tracker
- Theater: House Seats
- Books: Volumes & Visions

**Also**
- Autos: Maynard's Garage
- Health: Paul Greer's Running Weblog
- Boomers: Baby Boomer Adviser
- Military: Homefront in Focus
- Development: Under the Hood

**More Weblogs**

### Opinion Online




- Today's editorial
- Write a letter
- Contact your representatives









Contact SignOnSanDiego.com |
Online Media Kit | Print Media Kit |
Frequently Asked Questions | Make us your Home Page
Contact the Union-Tribune | About the Union-Tribune | Site Index | Privacy Policy |
Your California Privacy Rights
© Copyright 2009 The San Diego Union-Tribune, LLC

But Lizotte, the inventor, argued that even in situations where only a partial code may be legible, it could still be invaluable – much like a partial fingerprint or license plate number – in cracking a crime.

For Feuer, the time has come to move past the debate and implement the law.

"The bottom line is this technology is going to help put criminals behind bars," he said. "We should do it."

**RELATED TERMS:** DEMOCRATIC PARTY, LOS ANGELES

You have chosen not to display comments.
Click here to display comments