Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
949.310.0817/Fax 949.288.6894

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ivan Peña, et al., ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Wilfredo Cid, ) <br>     Defendant. ) <br> _____ ) | Case No. 2:09-CV-01185-FCD-KJM <br><br> **EXHIBIT H** <br><br> In Support of Plaintiffs' Motion <br> For Summary Judgment |

Respectfully Submitted on Sept. 1, 2009

| | |
|---|---|
| Alan Gura (Calif. Bar No. 178221) <br> Gura & Possessky, PLLC <br> 101 N. Columbus St., Suite 405 <br> Alexandria, VA 22314 <br> 703.835.9085/Fax 703.997.7665 | Jason A. Davis (Calif. Bar No. 224250) <br> Davis & Associates <br> 27281 Las Ramblas, Suite 200 <br> Mission Viejo, CA 92691 <br> 949.310.0817/Fax 949.288.6894 <br><br> Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986) <br> Law Offices of Donald Kilmer, A.P.C. <br> 1645 Willow Street, Suite 150 <br> San Jose, CA 95125 <br> 408.264.8489/Fax 408.264.8487 <br><br> By:    /s/ Donald E.J. Kilmer, Jr. <br>               Donald E. J. Kilmer, Jr., Attorney for Plaintiffs |

**EDMUND G. BROWN JR.**
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

FIREARMS DIVISION
P.O. BOX 160487
SACRAMENTO, CA 95816-0487
Facsimile: (916) 263-0676
(916) 263-5153

January 12, 2007

Mr. Carlos Guevara
General Counsel
Glock, Inc.
6000 Highlands Parkway
Smyrna, GA 30082

Re:  <u>Glock Proposed Ambidextrous Magazine Release</u>

Dear Mr. Guevara:

    I am writing in response to your request that the Firearms Division of the California Department of Justice (DOJ) waive the requirement that a number of Glock handguns that have been redesigned to have an ambidextrous magazine release be tested by an independent DOJ-certified laboratory. Upon review of the issue, we have determined that we do not have the authority to exempt a handgun on DOJ's roster that is redesigned to have an ambidextrous magazine release from the testing requirement.

    California law makes it a crime to import into the state for sale, keep for sale, offer or expose for sale, give or lend any "unsafe handgun." (California Penal Code § 12125(a).) A handgun is considered unsafe if it fails to meet the criteria set forth in Penal Code section 12126 after testing and approval by a DOJ-certified handgun testing laboratory. (Pen. Code § 12130.) A handgun that is tested and approved is eligible for listing on DOJ's roster of handguns that have been tested and determined not to be unsafe. (Pen. Code § 12131(a).)

    "A firearm shall be deemed to satisfy the requirements of subdivision (a) of Section 12131 if another firearm made by the same manufacturer is already listed and the unlisted firearm differs from the listed firearm only in one or more of the following features:

1. Finish, including, but not limited to, bluing, chrome-plating, oiling, or engraving.
2. The material from which the grips are made.
3. The shape or texture of the grips, so long as the difference in grip shape or texture does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm.
4. Any other purely cosmetic feature that does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm." (Pen. Code § 12131.5(a).)

Mr. Guevara
January 12, 2007
Page 2

Handgun models that do not meet one of the criteria of Penal Code section 12131.5(a) are not "deemed to satisfy the requirements of subdivision (a) of Section 12131" and therefore must be tested, like all new models of handguns.

Glock proposes to alter the magazine catch on its models so that the catch grabs the magazine from the middle, rather than from the side, of the magazine. In order to do so, part of the frame must be cut to allow for a new magazine release button. The modification to the magazine release is a physical change to the firearm that is not listed in Penal Code section 12131.5(a). Physical changes to a listed handgun that do not qualify as exempt changes under section 12131.5(a) require that the redesigned handgun be tested prior to being listed on the DOJ roster of "not unsafe handguns."

The Penal Code does not give DOJ discretion to waive the testing requirement. Unless a statute gives a governmental agency such discretion, the agency is prohibited from expanding the scope of the statute. (See *Lockyer v. City and County of San Francisco* (2004) 33 Cal.4th 1055, 1081-1082 [illegal for a county clerk, charged with ministerial duty of issuing marriage licenses, to issue license to a same sex couple when statute authorized licenses only to couple of opposite sex; official improperly employed his own judgment or opinion concerning the statutes propriety or impropriety].)

A California owner of a Glock handgun model with a standard magazine release who wishes to have his or her handgun retrofitted with an ambidextrous magazine release may send the firearm to Glock. Glock could then retrofit the handgun and return it to its owner. No further testing of the retrofitted handgun would be required.

We apologize for any inconvenience caused by the delay in providing a final opinion to you about this matter. If you have any questions or concerns, please contact me at (916) 263-5153.

Sincerely,

ALISON Y. MERRILEES
Deputy Attorney General

For   EDMUND G. BROWN JR.
      Attorney General

**From:** Justin Phillips
**To:** Cheryle Massaro
**Date:** 1/24/2007 3:20:27 PM
**Subject:** Fwd: GLOCK Magazine Release

fyi

>>> Carlos Guevara ████████████████ 11/20/2006 2:07 PM >>>
Dear Mr. Phillips,
According to our phone conversation, I am sending some pictures that show the proposed ambidextrous magazine release. As I mentioned, we plan to replace the current magazine release with the new ambidextrous part on all GLOCK models to better accommodate our left handed users.

We kindly request confirmation from the DOJ as to whether this minor improvement can be implemented on all GLOCK models currently approved for sale in California without additional testing.

We appreciate your assistance.

Best regards,

Carlos A. Guevara
General Counsel
GLOCK, Inc.
Dir. 770-319-4778
Fax. 770-437-4714


Disclaimer:
This e-mail and any attached files are confidential and may be legally privileged. If you are not the intended recipient or have received this transmission in error please notify the sender immediately and then delete this e-mail. Any unauthorized disclosure, reproduction, copying, distribution, or other dissemination or use of this communication is strictly prohibited. This message is provided for informational purposes only. This medium is not to be used for the exchange of legally binding communications.

Cheryle Massaro - Fwd: GLOCK Magazine Release                                    Page 1

Case 2:09-cv-01185-FCD-KJM     Document 14-15     Filed 09/02/2009     Page 4 of 15







**EDMUND G. BROWN JR.**
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

FIREARMS DIVISION
P.O. BOX 160487
SACRAMENTO, CA 95816-0487
Facsimile: (916) 263-0676
(916) 263-5153

January 12, 2007

Mr. Carlos Guevara
General Counsel
Glock, Inc.
6000 Highlands Parkway
Smyrna, GA 30082

Re:   Glock Proposed Ambidextrous Magazine Release

Dear Mr. Guevara:

   I am writing in response to your request that the Firearms Division of the California Department of Justice (DOJ) waive the requirement that a number of Glock handguns that have been redesigned to have an ambidextrous magazine release be tested by an independent DOJ-certified laboratory. Upon review of the issue, we have determined that we do not have the authority to exempt a handgun on DOJ's roster that is redesigned to have an ambidextrous magazine release from the testing requirement.

   California law makes it a crime to import into the state for sale, keep for sale, offer or expose for sale, give or lend any "unsafe handgun." (California Penal Code § 12125(a).) A handgun is considered unsafe if it fails to meet the criteria set forth in Penal Code section 12126 after testing and approval by a DOJ-certified handgun testing laboratory. (Pen. Code § 12130.) A handgun that is tested and approved is eligible for listing on DOJ's roster of handguns that have been tested and determined not to be unsafe. (Pen. Code § 12131(a).)

   "A firearm shall be deemed to satisfy the requirements of subdivision (a) of Section 12131 if another firearm made by the same manufacturer is already listed and the unlisted firearm differs from the listed firearm only in one or more of the following features:

   1. Finish, including, but not limited to, bluing, chrome-plating, oiling, or engraving.
   2. The material from which the grips are made.
   3. The shape or texture of the grips, so long as the difference in grip shape or texture does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm.
   4. Any other purely cosmetic feature that does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm." (Pen. Code § 12131.5(a).)

Mr. Guevara
January 12, 2007
Page 2

Handgun models that do not meet one of the criteria of Penal Code section 12131.5(a) are not "deemed to satisfy the requirements of subdivision (a) of Section 12131" and therefore must be tested, like all new models of handguns.

Glock proposes to alter the magazine catch on its models so that the catch grabs the magazine from the middle, rather than from the side, of the magazine. In order to do so, part of the frame must be cut to allow for a new magazine release button. The modification to the magazine release is a physical change to the firearm that is not listed in Penal Code section 12131.5(a). Physical changes to a listed handgun that do not qualify as exempt changes under section 12131.5(a) require that the redesigned handgun be tested prior to being listed on the DOJ roster of "not unsafe handguns."

The Penal Code does not give DOJ discretion to waive the testing requirement. Unless a statute gives a governmental agency such discretion, the agency is prohibited from expanding the scope of the statute. (See *Lockyer v. City and County of San Francisco* (2004) 33 Cal.4th 1055, 1081-1082 [illegal for a county clerk, charged with ministerial duty of issuing marriage licenses, to issue license to a same sex couple when statute authorized licenses only to couple of opposite sex; official improperly employed his own judgment or opinion concerning the statutes propriety or impropriety].)

A California owner of a Glock handgun model with a standard magazine release who wishes to have his or her handgun retrofitted with an ambidextrous magazine release may send the firearm to Glock. Glock could then retrofit the handgun and return it to its owner. No further testing of the retrofitted handgun would be required.

We apologize for any inconvenience caused by the delay in providing a final opinion to you about this matter. If you have any questions or concerns, please contact me at (916) 263-5153.

Sincerely,

ALISON Y. MERRILEES
Deputy Attorney General

For     EDMUND G. BROWN JR.
        Attorney General

# GLOCK, Inc.     U.S.A.



**PERFECTION**

GLOCK, Inc., P.O. Box 369, Smyrna,
Georgia 30081, U.S.A.

Tel. +1 (770) 319 4778
Fax +1 (770) 437 4714



Ms. Alison Y. Merrilees
Deputy Attorney General
California Department of Justice
P.O. Box 160487
Sacramento, CA 95816-0487

| your reference | Dated | our reference | Smyrna, |
|---|---|---|---|
| Ambidextrous Magazine Release | January 12, 2007 | | January 31, 2007 |

Re:   GLOCK Ambidextrous Magazine Release

Dear Ms. Merrilees:

Thank you for your letter dated January 12, 2007 in which the California Department of Justice (DOJ) found, based primarily upon certain photographs provided by GLOCK, Inc., that the replacement of the standard magazine release for a new ambidextrous type on GLOCK pistols currently on the DOJ's roster of approved handguns does not fall within the Penal Code section 12131.5(a). We respectfully ask that you reconsider your initial findings for the following reasons: 1) the upgraded magazine release does not require a redesign of the pistol or an additional cut on the grip section of the frame, and 2) the physical change to the firearm is so limited, such that its differences, when compared to the listed firearms, eclipse those enumerated in section 12131.5(a).

In particular, the proposed magazine release does not require an additional cut in the frame to allow ambidextrous operation as initially believed by DOJ. A close look at the current design of the pistol, in particular the operation of its magazine release, clearly shows that it already provides the cut on the opposite side of the grip to be used for the upgraded part.

Moreover, the proposed ambidextrous magazine release does not require redesign of the pistol, but rather a very limited modification to the shape of the grip and some internal changes to accommodate proper engagement / release of the magazine. Please note that as required by Section 12131.5(a)3, the modification to the grip shape does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm.

In order to fully appreciate the limited modification to the grip and the operation of the proposed ambidextrous magazine release, we request and would welcome the opportunity to meet with DOJ representatives to further explain this limited modification and to make prototypes available for your examination.

// HK model (that was tested)

Mag_Release_CA_DOJ_1.doc

1/2

 GLOCK, Inc.        USA

We truly appreciate your assistance with this matter. Should you have any questions or require any additional information, please feel free to contact me.

Sincerely,

Carlos A. Guevara
GLOCK, Inc
General Counsel
Dir. 770-319-4778
Fax 770-437-4774
carlos.guevara@glock.us

*[Handwritten margin notes: "2 Changes  ① Ambi mag release  ② Rail changes"]*

**12131.** (a) On and after January 1, 2001, the Department of Justice shall compile, publish, and thereafter maintain a roster listing all of the pistols, revolvers, and other firearms capable of being concealed upon the person that have been tested by a certified testing laboratory, have been determined not to be unsafe handguns, and may be sold in this state pursuant to this title. The roster shall list, for each firearm, the manufacturer, model number, and model name.

(b) (1) The department may charge every person in this state who is licensed as a manufacturer of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code, and any person in this state who manufactures or causes to be manufactured, imports into the state for sale, keeps for sale, or offers or exposes for sale any pistol, revolver, or other firearm capable of being concealed upon the person in this state, an annual fee not exceeding the costs of preparing, publishing, and maintaining the roster pursuant to subdivision (a) and the costs of research and development, report analysis, firearms storage, and other program infrastructure costs necessary to implement this chapter.

(2) Any pistol, revolver, or other firearm capable of being concealed upon the person that is manufactured by a manufacturer who manufactures or causes to be manufactured, imports into the state for sale, keeps for sale, or offers or exposes for sale any pistol, revolver, or other firearm capable of being concealed upon the person in this state, and who fails to pay any fee required pursuant to paragraph (1), may be excluded from the roster.

(3) If a purchaser has initiated a transfer of a handgun that is listed on the roster as not unsafe, and prior to the completion of the transfer, the handgun is removed from the roster of not unsafe handguns because of failure to pay the fee required to keep that handgun listed on the roster, the handgun shall be deliverable to the purchaser if the purchaser is not otherwise prohibited from purchasing or possessing the handgun. However, if a purchaser has initiated a transfer of a handgun that is listed on the roster as not unsafe, and prior to the completion of the transfer, the handgun is removed from the roster pursuant to subdivision (f), the handgun shall not be deliverable to the purchaser.

(c) The Attorney General may annually retest up to 5 percent of the handgun models that are listed on the roster described in subdivision (a).

(d) The retesting of a handgun model pursuant to subdivision (c) shall conform to the following:

(1) The Attorney General shall obtain from retail or wholesale sources, or both, three samples of the handgun model to be retested.

(2) The Attorney General shall select the certified laboratory to be used for the retesting.

(3) The ammunition used for the retesting shall be of a type recommended by the manufacturer in the user manual for the handgun. If the user manual for the handgun model makes no ammunition recommendation, the Attorney General shall select the ammunition to be used for the retesting. The ammunition shall be of the proper caliber for the handgun, commercially available, and in new condition.

(e) The retest shall be conducted in the same manner as the testing prescribed in Sections 12127 and 12128.

(f) If the handgun model fails retesting, the Attorney General

shall remove the handgun model from the roster maintained pursuant to subdivision (a).

(g) A handgun model removed from the roster pursuant to subdivision (f) may be reinstated on the roster if all of the following are met:

(1) The manufacturer petitions the Attorney General for reinstatement of the handgun model.

(2) The manufacturer pays the Department of Justice for all of the costs related to the reinstatement testing of the handgun model, including the purchase price of the handguns, prior to reinstatement testing.

(3) The reinstatement testing of the handguns shall be in accordance with subdivisions (d) and (e).

(4) The three handgun samples shall be tested only once for reinstatement. If the sample fails it may not be retested.

(5) If the handgun model successfully passes testing for reinstatement, and if the manufacturer of the handgun is otherwise in compliance with this chapter, the Attorney General shall reinstate the handgun model on the roster maintained pursuant to subdivision (a).

(6) The manufacturer shall provide the Attorney General with the complete testing history for the handgun model.

(7) Notwithstanding subdivision (c), the Attorney General may, at any time, further retest any handgun model that has been reinstated to the roster.


12131.5. (a) A firearm shall be deemed to satisfy the requirements of subdivision (a) of Section 12131 if another firearm made by the same manufacturer is already listed and the unlisted firearm differs from the listed firearm only in one or more of the following features:

(1) Finish, including, but not limited to, bluing, chrome-plating, oiling, or engraving. NO

(2) The material from which the grips are made. NO

(3) The shape or texture of the grips, so long as the difference in grip shape or texture does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm. NO

(4) Any other purely cosmetic feature that does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm.

(b) Any manufacturer seeking to have a firearm listed under this section shall provide to the Department of Justice all of the following:

(1) The model designation of the listed firearm.

(2) The model designation of each firearm that the manufacturer seeks to have listed under this section.

(3) A statement, under oath, that each unlisted firearm for which listing is sought differs from the listed firearm only in one or more of the ways identified in subdivision (a) and is in all other respects identical to the listed firearm.

(c) The department may, in its discretion and at any time, require a manufacturer to provide to the department any model for which

listing is sought under this section, to determine whether the model complies with the requirements of this section.