EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
STEPHEN P. ACQUISTO, State Bar No. 172527
Supervising Deputy Attorney General
ANTHONY R. HAKL, State Bar No. 197335
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 322-9041
Fax: (916) 324-8835
E-mail: Anthony.Hakl@doj.ca.gov

*Attorneys for Defendant Wilfredo Cid*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IVAN PEÑA, ROY VARGAS, DOÑA CROSTON, BRETT THOMAS, SECOND AMENDMENT FOUNDATION, INC., and THE CALGUNS FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**WILFREDO CID,**<br><br>Defendant. | 2:09-cv-01185-FCD-KJM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT DEFENDANT CID'S RULE 56(f) MOTION.**<br><br>Date: October 16, 2009<br>Time: 10:00 a.m.<br>Dept: No. 2, 15th Floor<br>Judge: Frank C. Damrell, Jr.<br>Trial Date: None<br>Action Filed: April 30, 2009 |

**INTRODUCTION**

Plaintiffs brought this action against Defendant Wilfredo Cid, Chief of the Bureau of Firearms of the California Department of Justice, to invalidate California's Unsafe Handgun Act ("UHA", or "the Act") on Second Amendment and equal protection grounds. The Act regulates the sale of certain handguns in California and requires, among other things, that those handguns be tested and listed on a particular state roster before they can be sold to consumers. Cid's motion to dismiss is set be heard on October 2.

Last week, plaintiffs filed a motion for summary judgment to be heard simultaneously with the motion to dismiss. But that motion for summary judgment is premature for a number of

reasons. First, the pending motion to dismiss will likely moot the summary judgment motion. Hearing the motions at the same time imposes unnecessary burdens on the Court and the parties. Second, this case is in its infancy and no discovery has taken place. Service of process was completed less than four months ago, the time for initial disclosures has yet to come and go, and this Court has declined to issue a scheduling order in light of Cid's motion to dismiss. Third, if for some reason this case overcomes the legal problems discussed in the motion to dismiss, it will become necessary to develop a specific factual record before litigating any motion for summary judgment. This matter involves facial and as-applied constitutional challenges to the entirety of the UHA.

Accordingly, this Court should grant Defendant Cid's motion under Federal Rule of Civil Procedure 56(f) and deny Plaintiffs' motion for summary judgment without prejudice to re-filing it, if appropriate, following the resolution of the motion to dismiss and after the parties have had an adequate time to conduct any necessary discovery.

**LEGAL STANDARDS FOR RULE 56(F) MOTIONS**

When a party opposing a motion for summary judgment cannot present "facts essential to justify his opposition" to the motion, Rule 56(f) permits the party to submit an affidavit stating such reasons, and the court may continue or deny the motion if the opposing party needs to discover essential facts. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987) (citing *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 (9th Cir. 1986)). Specifically, Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. Proc. 56(f).

The burden is on the party seeking a denial or continuance to demonstrate that the information sought exists, and that it would prevent summary judgment. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1997) (citations omitted). As a general rule, the

moving party must also demonstrate that it diligently pursued previous discovery opportunities. *Qualls v. Blue Cross of California*, 22 F.3d 839, 844 (9th Cir. 1994).

"Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington Northern & Santa Fe R.R. Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation, Montana*, 323 F.3d 767, 773 (9th Cir. 2003) (citations omitted). When "no discovery whatsoever has taken place, the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Id.* at 774.

Finally, "where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*, 898 F.2d 946, 949 (3d Cir. 1990) (internal quotations and citations omitted).

## ARGUMENT

### I. THIS CASE IS AT ITS EARLIEST STAGE AND A POTENTIALLY DISPOSITIVE MOTION TO DISMISS IS PENDING.

This case is only a few months old. After filing their initial complaint, and then an amended complaint, Plaintiffs did not complete service of process until May 14, which was less than four months ago. (Decl. of Anthony R. Hakl in Supp. of Def. Cid's Rule 56(f) Mot. ("Hakl Decl.") ¶ 2.)

Additionally, Defendant Cid has not yet filed an answer. Rather, on July 6 he timely filed a motion to dismiss, noticing it for hearing on October 2, a date convenient to the schedules of all counsel. (Hakl Decl. ¶ 3; Doc. no. 8.) Plaintiffs want their motion for summary judgment to be heard on the same day. (Hakl Decl. ¶ 4.) But the Court's granting of the motion to dismiss would dispose of this case in its entirety. (Hakl Decl. ¶ 3.) It would be a waste of the parties and Court's resources to litigate a motion for summary judgment before the resolution of Defendant's motion to dismiss.

Moreover, the parties only met and conferred as required under Federal Rule of Civil Procedure 26(f) on August 17, which was less than thirty days ago. (Hakl Decl. ¶ 5.) On August 18, they filed a joint status report, in which Defendant set forth his position on discovery. (Hakl Decl. ¶ 6; Doc. no. 11.) Defendant explained that if this matter did not resolve at the pleadings stage, he would need to conduct discovery regarding Plaintiffs' claims, which include facial and as-applied challenges to an entire state statutory scheme. (Doc. no. 11.) The joint status report also reflects the parties' agreement to make initial disclosures on September 16, a date which has yet to pass. (*Id.*) Initial disclosures mark the very beginning of the discovery process in federal court. In the joint status report, Defendant also indicated an intention to object to any premature motion for summary judgment. (*Id.*)

Finally, by Minute Order filed August 21, this Court declined to even schedule this case in light of the pending motion to dismiss. (Doc. no. 12.) The order explained that a schedule would issue only if necessary following the issuance of an order on the motion. (*Id.*) Thus, there is not even a discovery cut-off date at this time.

This case is in its infancy with a potentially dispositive motion to dismiss pending. The Court should therefore grant Cid's Rule 56(f) motion and deny Plaintiffs' motion for summary judgment without prejudice to re-filing it, if appropriate, following the resolution of the motion to dismiss. *See Burlington Northern & Santa Fe R.R. Co.*, 323 F.3d at 773 ("district courts should grant any Rule 56(f) motion fairly freely" where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case"). Additionally, as explained below, any renewed motion for summary judgment should not be filed and heard until the parties have had an adequate time to conduct discovery, which will be necessary only if Defendant's motion to dismiss is denied.

## II. IF THIS MATTER SURVIVES THE MOTION TO DISMISS, DEFENDANT WILL NEED TO ADDRESS A NUMBER OF FACTUAL MATTERS THROUGH DISCOVERY TO ADEQUATELY OPPOSE ANY MOTION FOR SUMMARY JUDGMENT.

The early stage of this case has precluded any meaningful opportunity to conduct discovery. Defendant also has not served any discovery requests in light of the pending motion to dismiss and in the interest of conserving everyone's resources. (Hakl Decl. ¶ 8.) Indeed, at such an early

stage, Defendant cannot be expected to frame with much specificity the kind of discovery that will be needed. *Burlington Northern & Santa Fe R.R. Co.*, 323 F.3d at 774 ("where . . . no discovery whatsoever has taken place, the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid.").

Nevertheless, if for some reason this action survives the legal challenges raised in the pending motion to dismiss, Defendant is currently aware of some of the factual matters that will likely need to be addressed through discovery. For example, Defendant will need to know the identity of each "willing seller" for each of the handguns referenced in the amended complaint. (Hakl Decl. ¶ 9.) Plaintiffs will need to prove that each seller is someone actually subject to the Act, such as a licensed firearm dealer, as opposed to someone to whom the Act does not apply, such as a private party (i.e., one who does not hold a dealer's license) seeking to transfer a firearm to another private party. *See* Cal. Penal Code § 12132(a). Non-party discovery to each seller, such as a records or deposition subpoena, will also be necessary to verify that he or she is in fact willing and otherwise qualified to sell the firearms at issue. (Hakl Decl. ¶ 9.)

Additionally, Cid will likely need to ascertain the precise nature of Plaintiffs' claims brought against him in his individual capacity. (Hakl Decl. ¶ 10.) It is simply unclear at this early stage whether Plaintiffs' individual-capacity claims have any factual basis. Thus, Defendant will need to depose each of the individual Plaintiffs to ascertain what conduct by Cid, if any, links him personally to each of the constitutional violations alleged in the complaint. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that defendants are liable under section 1983 upon showing of personal participation and that supervisors are liable for the constitutional violations of their subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them").

Indeed, as discussed in Defendant's motion to dismiss, all of Plaintiffs' claims fail as a matter of law. But if for some reason this action survives that motion, a factual record of some specificity will be needed before this Court could rule in Plaintiffs' favor on their claims that the Unsafe Handgun Act violates both the Second Amendment and equal protection on its face and as

applied to each of the Plaintiffs. As the Supreme Court has stated, courts should not "formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Washington State Grange v. Washington State Republican Party*, 128 S.Ct. 1184, 1191 (2008) (internal quotations omitted).

Any development of the factual record in this case will likely involve discovery, perhaps expert discovery, regarding the characteristics of each of the firearms Plaintiffs want to buy and how they differ from firearms on the state roster. For example, whether the differences between the particular firearm Plaintiff Doña Croston wants to buy and the handguns already on the roster are more than cosmetic will likely be material to Croston's claim that the UHA is being unconstitutionally applied to her. Other discovery will be aimed at determining whether any of the more than 1,300 firearms on the roster are suitable to Plaintiffs, which will likely be material to evaluating whether the Act meaningfully impedes on the rights asserted by Plaintiffs. (Hakl Decl. ¶ 11.)

These are just some of the questions that will probably need to be answered to adequately respond to any summary judgment motion by plaintiffs if this action manages to survive the pending motion to dismiss. In fact, in that event, the Court itself may identify additional factual issues that will need to be resolved.

Finally, Defendant believes that any discovery, if it becomes necessary, can be completed within the time frames he proposed in his joint status report. (Hakl Decl. ¶ 12.)

## CONCLUSION

This case has been on file for scarcely four months. As discussed in Defendant's motion to dismiss, all of Plaintiffs' claims fail as a matter of law. There is no need to rush to the summary judgment stage or the discovery process that summary judgment motions entail. A factual record of some specificity should be developed only if necessary following the resolution of Defendant's motion to dismiss. Therefore, the Court should grant Defendant's Rule 56(f) motion and deny Plaintiffs' motion for summary judgment without prejudice to re-filing it, if appropriate, following the resolution of the motion to dismiss and after the parties have had an adequate time to conduct discovery. In the alternative, the Court should at least continue the hearing on the

motion for summary judgment to a date after the motion to dismiss hearing so that Cid will have an opportunity to conduct discovery.

Dated: September 9, 2009

Respectfully Submitted,

EDMUND G. BROWN JR.
Attorney General of California
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General

/s/ ***Anthony R. Hakl***

ANTHONY R. HAKL
Deputy Attorney General
*Attorneys for Defendant*

SA2009310413
10488013.docx