1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  STEPHEN P. ACQUISTO, State Bar No. 172527
   Supervising Deputy Attorney General
3  ANTHONY R. HAKL, State Bar No. 197335
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 322-9041
6   Fax: (916) 324-8835
    E-mail: Anthony.Hakl@doj.ca.gov
7
   *Attorneys for Defendant Wilfredo Cid*
8

9                IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

| IVAN PEÑA, ROY VARGAS, DOÑA CROSTON, BRETT THOMAS, SECOND AMENDMENT FOUNDATION, INC., and THE CALGUNS FOUNDATION, INC., | 2:09-cv-01185-FCD-KJM |
|---|---|
| Plaintiffs, | **DECLARATION OF ANTHONY R. HAKL IN SUPPORT OF DEFENDANT CID'S RULE 56(f) MOTION.** |
| v. | Date: October 16, 2009<br>Time: 10:00 a.m.<br>Dept: No. 2, 15th Floor<br>Judge: Frank C. Damrell, Jr.<br>Trial Date: None<br>Action Filed: April 30, 2009 |
| **WILFREDO CID,** Defendant. | |

20      I, Anthony R. Hakl, declare as follows:

21      1. I am counsel of record for Defendant Wilfredo Cid in this matter. I am making this

22  declaration in support of Cid's motion for relief under Federal Rule of Civil Procedure 56(f). I am

23  a resident of the State of California and over eighteen years of age. I have personal knowledge of

24  the matters stated in this declaration and if called as a witness I could and would testify

25  competently to such matters.

26      2. Plaintiffs completed service of process in this case on May 14, 2009.

27  ///

28

1

Declaration of Anthony R. Hakl in Support of Defendant Cid's Rule 56(f) Motion
(2:09-cv-01185-FCD-KJM)

1  3. Defendant Cid has not filed an answer, and on July 6 he timely filed a motion to dismiss, noticing it for hearing on October 2, a date that was convenient to all counsel. The Court's granting of the motion to dismiss would dispose of this case in its entirety.

4. Plaintiffs filed a motion for summary judgment last week on September 2, also noticing it for hearing on October 2.

5. The parties first met and conferred as required under Federal Rule of Civil Procedure 26(f) on August 17.

6. On August 18, they filed a joint status report, in which Defendant explained that in the event this matter did not resolve at the pleadings stage, he would need to conduct discovery regarding Plaintiffs' claims. The joint status report also reflects the parties' agreement to make initial disclosures on September 16. In the joint status report, Defendant also indicated an intention to object to any premature motion for summary judgment.

7. By Minute Order filed August 21, this Court declined to schedule this case in light of the pending motion to dismiss, explaining that a schedule would issue only if necessary following the issuance of an order on the motion.

8. Defendant has not served any discovery in this case due to its early age, in light of the pending motion to dismiss, and in the interest of conserving the resources of the Court and the parties.

9. If this action survives the motion to dismiss, Defendant will need to develop a specific factual record to adequately oppose any motion for summary judgment by Plaintiffs. Specifically, Defendant will likely need to conduct discovery aimed at learning the identity of each "willing seller" for each of the handguns referenced in the amended complaint. Defendant will also engage in non-party discovery, such as a records or deposition subpoena, asking each seller to verify that he or she is in fact willing and otherwise qualified to sell the firearms at issue.

10. Defendant will also need to depose each of the individual Plaintiffs to ascertain what conduct by Cid, if any, links him personally to each of the constitutional violations alleged in the complaint such that he is liable to Plaintiffs in his individual capacity.

11. Defendant will also likely conduct discovery, including expert discovery, regarding the characteristics of each of the firearms Plaintiffs want to buy and how they differ from firearms on the state roster, as well as discovery aimed at determining whether any of the more than 1,300 firearms on the roster are suitable to Plaintiffs.

12. Defendant believes that any discovery, if it becomes necessary following the resolution of his motion to dismiss, can be completed within the time frames he proposed in his joint status report. Defendant has proposed non-expert and expert discovery cut-off dates of June 23 and August 25, 2010, respectively.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 9, 2009.

*/s/* **Anthony R. Hakl**
_____
ANTHONY R. HAKL

SA2009310413
10487655.doc

3

Declaration of Anthony R. Hakl in Support of Defendant Cid's Rule 56(f) Motion
(2:09-cv-01185-FCD-KJM)