EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
STEPHEN P. ACQUISTO, State Bar No. 172527
Supervising Deputy Attorney General
ANTHONY R. HAKL, State Bar No. 197335
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-9041
 Fax: (916) 324-8835
 E-mail: Anthony.Hakl@doj.ca.gov

*Attorneys for Defendant Wilfredo Cid*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IVAN PEÑA, ROY VARGAS, DOÑA CROSTON, BRETT THOMAS, SECOND AMENDMENT FOUNDATION, INC., and THE CALGUNS FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**WILFREDO CID,**<br><br>Defendant. | 2:09-cv-01185-FCD-KJM<br><br>**DEFENDANT CID'S SUPPLEMENTAL BRIEF**<br><br>Date: None<br>Time: None<br>Dept: No. 2, 15th Floor<br>Judge: Frank C. Damrell, Jr.<br>Trial Date: None<br>Action Filed: April 30, 2009 |

By order filed September 28, the Court directed "the parties to file supplemental briefing regarding why this action should not be stayed pending the Ninth Circuit's en banc decision in *Nordyke v. King*." (Doc. no. 20.) As explained below, Defendant Cid agrees that this action should be stayed until the Ninth Circuit issues its en banc decision in *Nordyke*.

**I. THE COURT SHOULD STAY THIS ACTION IN ITS ENTIRETY PENDING THE NINTH CIRCUIT'S EN BANC DECISION IN *NORDYKE V. KING*.**

On September 30, the Supreme Court granted the petition for certiorari in *McDonald v. City of Chicago*, No. 08-1521. This term, therefore, the Court will consider the applicability of the Second Amendment to the states and local entities.

1   Additionally, once the Supreme Court decides *McDonald*, the Ninth Circuit en banc panel
2   will decide *Nordyke*. Following oral argument en banc, the Ninth Circuit vacated the submission
3   of *Nordyke* pending the Supreme Court's disposition of *McDonald*, as well as *National Rifle
4   Ass'n of America, Inc. v. City of Chicago*, No. 08-1497, the companion case to *McDonald*, and
5   *Maloney v. Rice*, No. 08-1592, the New York Second Amendment case.[1]

6   At the time Cid filed his motion to dismiss, the panel decision in *Nordyke* was important
7   because it both addressed the incorporation issue and evaluated whether the Second Amendment
8   invalidated the firearms regulation at issue in light of *District of Columbia v. Heller*, --- U.S. ----,
9   128 S. Ct. 2783 (2008). Although it now appears the Supreme Court will resolve the
10  incorporation issue, the en banc decision in *Nordyke* remains important because, apart from how
11  the incorporation question is answered, *Nordyke* will involve the Ninth Circuit's evaluation of a
12  firearms regulation in light of both *Heller* and *McDonald*. Cid therefore would disagree with any
13  suggestion that the *Nordyke* en banc opinion will have no relevance beyond the incorporation
14  issue. (*See* Pls.' Not. of Possible Relevant Auth. filed Aug. 24 at 2.)

15  In sum, in the upcoming months the Supreme Court will decide *McDonald*. And then the
16  Ninth Circuit will decide *Nordyke*. Both cases will at least instruct, if not directly control, this
17  case. It would be a waste of resources to proceed in this case in any fashion until the issuance of
18  the opinions in *McDonald* and then *Nordyke*. Thus, this action should be stayed in its entirety
19  pending the Ninth Circuit's issuance of the en banc decision in *Nordyke*.

20  **II.   ANY ORDER STAYING THIS ACTION SHOULD DIRECT THAT ANY MOTION TO
         DISMISS BY CID BE DECIDED BEFORE PLAINTIFFS FILE ANY MOTION FOR
21       SUMMARY JUDGMENT ONCE THE STAY IS LIFTED.**

22  Earlier in this case Plaintiffs attempted to have their motion for summary judgment heard at
23  the same time as Cid's motion to dismiss. Cid responded with an application for an order
24  shortening time and motion for relief under Federal Rule of Civil Procedure 56(f). The Court
25  then ordered that Cid's motion to dismiss remain set for October 2, as originally noticed, set the

---

[1] Presumably, the Court will hold *National Rifle Ass'n of America* and *Maloney* until it decides *McDonald*.

Rule 56(f) motion for hearing on October 16, and continued the hearing on Plaintiffs' motion for summary judgment to October 30. Accordingly, if this action is stayed, and consistent with the interest of conserving the resources of the Court and parties, Cid requests that any order staying this action direct him to file any motion to dismiss within 30 days from the lifting of the stay and further direct that Plaintiffs not file any motion for summary judgment until Cid's motion to dismiss is decided, or until the 30-day period expires if Cid does not file a motion to dismiss.

Dated: October 2, 2009

Respectfully Submitted,

EDMUND G. BROWN JR.
Attorney General of California
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General

/s/ ***Anthony R. Hakl***

ANTHONY R. HAKL
Deputy Attorney General
*Attorneys for Defendant*

SA2009310413
10495227.doc