UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

IVAN PENA, ROY VARGAS, DONA CROSTON, BRETT THOMAS, SECOND AMENDMENT FOUNDATION, INC., and THE CALGUNS FOUNDATION, INC.,

      Plaintiffs,

  v.

WILFREDO CID,

      Defendant.
_____/

2:09-cv-01185 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendant Wilfredo Cid's ("defendant" or "Cid") motion to dismiss plaintiff Ivan Pena, Roy Vargas, Dona Croston, Brett Thomas, Second Amendment Foundation, Inc., and The Calguns Foundation, Inc.'s (collectively, "plaintiffs") complaint. In addition to their opposition to defendant's motion, plaintiffs filed a Notice of Possible Relevant Authority, informing the court that the Ninth Circuit

was rehearing en banc the matter of Nordyke v. King, 575 F.3d 890 (9th Cir. 2009) (granting petition for rehearing en banc). On September 28, 2009, the court issued a minute order directing the parties to file supplemental briefing regarding why this action should not be stayed. In their reply, plaintiffs request a stay pending resolution of the incorporation issue by either the Supreme Court of the Ninth Circuit, withdraw their pending motion for summary judgment, and seek an order allowing discovery to proceed. Defendant Cid requests that this order be stayed pending the Ninth Circuit's en banc decision in Nordyke v. King. For the reasons set forth below,[1] the court STAYS this action pending the Ninth Circuit's en banc decision in Nordyke v. King.

This case arises out of plaintiffs' challenge to the constitutionality of California's "Handgun Roster Scheme" set forth in California Penal Code §§ 12125-30. (Pls.' Am. Compl., filed May 11, 2009, ¶¶ 12-25.) Plaintiffs allege that these sections violate the Second Amendment by banning access to handguns whose possession is constitutionally protected. (Id. ¶¶ 53-57.) Plaintiffs also allege that these limitations violate their rights to equal protection. (Id. ¶ 59.)

In June 2008, the Supreme Court issued its decision in District of Columbia v. Heller, 128 S. Ct. 2783 (2008), holding that the Second Amendment conferred an individual right to keep and bear arms and that statutes enacted in the District of Columbia violated those rights. The Court's decision in Heller,

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

however, did not address whether the Second Amendment is incorporated and thus, applies against states and local governments. In April 2009, the Ninth Circuit issued its decision in Nordyke v. King, 563 F.3d 439 (9th Cir. 2009), holding that the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment, but concluding that the ordinance at issue did not violate the plaintiffs' constitutional rights. In July 2009, the Ninth Circuit accepted the case for rehearing en banc and directed that "[t]he three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit." Nordyke, 575 F.3d 890. The en banc panel heard oral argument on the matter on September 24, 2009. On September 25, 2009, the court vacated submission, pending the Supreme Court's disposition of Maloney v. Rice, No. 08-1592, McDonald v. City of Chicago, 08-1521, and National Rifle Ass'n of America, Inc. v. City of Chicago, No. 08-1497. On September 30, 2009, the Supreme Court granted the petition for a writ of certiorari in McDonald. -- S. Ct. --, 2009 WL 1631802 (Sept. 30, 2009).

A district court has the discretionary power to control the disposition of the cases on its docket "in a manner which will promote economy of time and effort for itself, for counsel, and for the litigants." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962); see Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). How these objectives can be achieved "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55; see Lockyer v. Miran Corp., 398 F.3d 1098, 110 (9th Cir. 2005) ("Where it is proposed that a pending proceeding be stayed, the competing interests

3

which will be affected by the granting or refusal to grant a stay must be weighed."). Such competing interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, 300 F.2d at 268.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Lockyer, 398 F.3d at 1111 (quoting Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979); see Landis, 299 U.S. at 255 (rejecting as "too mechanical and narrow" the view that there is no power to stay a proceeding upon the outcome of a controversy to which the litigant is a stranger). These separate proceedings may be judicial, administrative, or arbitral in nature, and proper imposition of a stay does not require that the issues in such separate proceedings are necessarily controlling of the action before the court. Id. (quoting Levya, 593 F.2d at 863-64). However, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Id. (quoting Levya, 593 F.2d at 864).

The issues to be addressed by the court in Nordyke are broad in scope and material to the case brought by plaintiffs. Specifically, a foundational issue in both Nordyke and in this

4

case is whether the Second Amendment is incorporated and thus, applicable to state and local governments. The issue of incorporation has been addressed by the Second and Seventh Circuits; in contrast to the Ninth Circuit's decision in <u>Nordyke</u>, these courts held that the Second Amendment was not incorporated. The Supreme Court granted certiorari in <u>McDonald</u>, one of the cases from the Seventh Circuit addressing this issue. Further, the en banc decision in <u>Nordyke</u> will also evaluate a firearms regulation in light of <u>Heller</u> and <u>McDonald</u>. Such evaluation will almost certainly provide crucial direction to the court in its analysis of the firearms regulation in this case.

**CONCLUSION**

For the foregoing reasons, this action is STAYED in its entirety pending the Ninth Circuit's en banc decision in <u>Nordyke v. King</u>. The parties shall submit a joint status report to the court within ten days of the Ninth Circuit's order.

IT IS SO ORDERED.

DATED: October 2, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

5