Alan Gura (Calif. Bar No. 178,221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
949.310.0817/Fax 949.288.6894

Anthony R. Hakl (Calif. Bar No. 197,335)
Deputy Attorney General
Government Law Section, Dept. Of Justice
1300 I Street Sacramento, CA 95814
916.322-9041/Fax 916.324-8835
E-Mail: anthony.hakl@doj.ca.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ivan Peña, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Wilfredo Cid,<br><br>　　　　　Defendant. | Case No. 2:09-CV-01185-FCD-KJM<br><br>JOINT STATUS REPORT |

JOINT STATUS REPORT

The parties hereby submit this joint status report:

Plaintiffs' Position:

No reason exists to delay the resolution of this case any further, as the issues remaining for decision in *Nordyke* are entirely irrelevant to the determination of this case. Moreover, notwithstanding counsel's diligent efforts, *Nordyke* appears interminable. The case was filed in 1999. It has been heard by the Ninth Circuit three times, including en banc after a sua sponte call

for a vote, and had even passed through the California Supreme Court on a certified question. Following the panel's next decision, it could well return before the en banc court, and perhaps reach the Supreme Court. Awaiting a resolution of *Nordyke* would amount to an indefinite stay.

Considering *Nordyke*'s lack of relevance to the issues in this case, the Court should not prolong the process any longer, but rather, issue a scheduling order for the refiling of dispositive motions.

Not all cases dealing with a particular constitutional provision have relevance to each other. For example, the answer to a question of whether a form of expressive conduct qualifies as protected speech under the First Amendment will not inform a time, place, or manner dispute. And the question of whether particular police conduct qualifies as a "search" or "seizure" for Fourth Amendment purposes will have no bearing on an unrelated dispute as to whether the police in a particular case used excessive force, rendering a seizure unreasonable.

Likewise, while the ultimate decision in *Nordyke* might someday answer interesting and important Second Amendment questions regarding the regulation of gun sales, the possession of guns on public property, or perhaps the standard of review to be employed in construing the Second Amendment in some regulatory circumstances,[1] none of these questions have anything to do with this case. *Nordyke* deals with a ban on the possession of guns, generally, at a county fairgrounds. Nothing in the challenged law classifies guns. The question is whether guns, generally, can be possessed on the fairgrounds, and if so, for what purposes and under what restrictions.

---

[1] The Supreme Court has already answered this question, outside the carrying context, by determining that the Second Amendment secures a "fundamental" right. *McDonald* v. *City of Chicago*, 130 S. Ct. 3020, 2010 U.S. Lexis 5523 at *64 (2010) (majority op.); at *113 (Thomas, J.). In the carrying context, the test appears to be one of time, place, and manner. *District of Columbia* v. *Heller*, 128 S. Ct. at 2783, 2816-17 (2008); *McDonald*, at *79 (plurality op.).

In contrast, *this* case questions whether California has banned particular handguns that qualify as protected arms under the Second Amendment. The relevant test, announced by the Supreme Court and not at all implicated in *Nordyke*, holds that "the sorts of weapons protected [by the Second Amendment are] those 'in common use at the time.'" *District of Columbia* v. *Heller*, 128 S. Ct. 2783, 2817 (2008) (quoting *United States* v. *Miller*, 307 U. S. 174, 179 (1939)). "[T]he Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." *Heller*, 128 S. Ct. at 2815-16.

As *Heller* demonstrated, the question of which weapons would be expected in common use for traditional lawful purposes has nothing to do with any balancing test. *Heller* held that handguns, generally, are in the protected category without engaging in any balancing test or even explicitly defining any such test. Indeed, the Supreme Court forcefully rejected the notion that the Second Amendment should be interpreted by means of any interest-balancing test. *Heller*, 128 S. Ct. at 2821. The question here is categorical, similar to a First Amendment question of whether something qualifies as protected "speech" or a Fourth Amendment question of whether police conduct constituted a "search" or "seizure." If the guns banned by the challenged laws are protected, the laws fail. If the guns are not protected, the laws survive. What people may or may not do with these guns are matters for a different case.

Respectfully, Plaintiffs ask that the Court issue a scheduling order for the re-filing of dispositive motions.

Defendant's Position:

This case involves Second Amendment and equal protection challenges to California's Unsafe Handgun Act, a law that regulates the sale of handguns.  The case last came before the Court on October 2, 2009, in connection with defendant Wilfredo Cid's motion to dismiss.  The

Court did not rule on that motion, but instead stayed the case in its entirety pending the Ninth Circuit's decision in *Nordyke v. King*. For the reasons below, this case should remain stayed in its entirety pending the decision in *Nordyke*.

Before the Court stayed this case last October, the parties had the opportunity to brief the stay issue. Plaintiffs argued that the Court should stay the case only until the Supreme Court *or* Ninth Circuit resolved the issue of whether the Second Amendment applies to state and local governments. (Mem. & Order filed Oct. 2, 2009, at 2.) At the time, the incorporation issue was central in *McDonald v. City of Chicago*, a Seventh Circuit case in which the Supreme Court had granted certiorari, and *Nordyke*, which was before an en banc panel of the Ninth Circuit. In contrast to plaintiffs, defendant Cid argued that any stay should remain in effect pending the resolution of *Nordyke*, which the en banc panel had put on hold pending *McDonald*. (Id.)

In its stay order, this Court agreed with Cid. (Mem. & Order filed Oct. 2, 2009, at 2.) The Court explained that the Supreme Court had granted certiorari in *McDonald*, which involved the incorporation issue. (Id. at 3 & 5.) The Court further explained that once *McDonald* was decided, the decision in *Nordyke* "will also evaluate a firearms regulation in light of [the Supreme Court's 2008 decision in *District of Columbia v. Heller*] and *McDonald*. *Such evaluation will almost certainly provide crucial direction to the court in its analysis of the firearms regulation in this case*." (Id. at 5, emphasis added.) The Court therefore stayed this case "in its entirety pending the Ninth Circuit's en banc decision in *Nordyke v. King*." (Id.) The Court required the parties to "submit a joint status report to the court within ten days of the Ninth Circuit's order." (Id.)

On June 28, 2010, the Supreme Court issued its opinion in *McDonald*, which resolved the incorporation issue. The Court held that "the Second Amendment right is fully applicable to the

States." *McDonald v. City of Chicago*, 561 U.S. ----, 130 S.Ct. 3020, 3026, --- L.Ed.2d ---- (2010).

Then, on July 12, 2010, the *Nordyke* en banc panel issued a one-sentence order, which read in full:

> The panel opinion in *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009), is vacated and the case is remanded to that panel for further consideration in light of *McDonald v. City of Chicago*, No. 08-1521, slip op. (U.S. June 28, 2010).

(Order filed July 12, 2010 (Doc. No. 127), *Nordyke v. King*, No. 07-15763 (9th Cir.).)

Arguably, the Ninth Circuit's remand order is an order that triggered the parties' obligation to file a joint status report. Out of an abundance of caution, Cid has therefore participated in the preparation of this report.

Nevertheless, the one-sentence remand order in *Nordyke* is hardly the meaningful decision from the Ninth Circuit that this Court and the parties have been waiting for. It therefore does not justify lifting the stay in this case, which should remain in effect until the three-judge panel issues the decision. As this Court has already observed, the decision in *Nordyke* will involve the evaluation of a firearms regulation in light of *Heller* and *McDonald* and "will almost certainly provide crucial direction to the court in its analysis of the firearms regulation in this case." (Mem. & Order filed Oct. 2, 2009, at 5.) That such an evaluation will now come from the three-judge panel, as opposed to the en banc panel, does not suddenly make that evaluation less important than it was when this case was initially stayed. This Court should therefore reject any assertion that the Ninth Circuit's evaluation of a firearms regulation in *Nordyke* is irrelevant, just like the Court rejected that argument when the parties first briefed the extent and scope of any stay.

Finally, this Court should be aware that the three-judge panel has now called for

supplemental briefing in *Nordyke*. The briefs are to address "(1) the impact of [*McDonald*] on the disposition of this case; and (2) any other issue properly before this court, including the level of scrutiny that should be applied to the ordinance in question." (Order filed July 19, 2010 (Doc. No. 129), *Nordyke v. King*, No. 07-15763 (9th Cir.).) Thus, more than ever, it is apparent that the Ninth Circuit is poised to offer crucial direction to this and other courts called to evaluate firearms regulations.

Accordingly, this case should remain stayed in its entirety pending the decision in *Nordyke*.

Dated: August 5, 2010                    Respectfully submitted,

Attorneys for Plaintiffs                                Attorney for Defendant

Alan Gura (Calif. Bar No. 178,221)              Anthony R. Hakl (Calif. Bar No. 197,335)
Gura & Possessky, PLLC                          Deputy Attorney General
101 N. Columbus St., Suite 405                  Government Law Section, Dept. Of Justice
Alexandria, VA 22314                            1300 I Street Sacramento, CA 95814
703.835.9085/Fax 703.997.7665                   916.322-9041/Fax 916.324-8835
                                                E-Mail: anthony.hakl@doj.ca.gov

Jason A. Davis (Calif. Bar No. 224,250)
Davis & Associates                              By:    /Anthony Hakl
27281 Las Ramblas, Suite 200                           Anthony Hakl
Mission Viejo, CA 92691                                Attorney for Defendant
949.310.0817/Fax 949.288.6894

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179,986)
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487
E-Mail: Don@DKLawOffice.com

By:    /Donald E.J. Kilmer, Jr.
       Donald E. J. Kilmer, Jr.
       Attorneys for Plaintiffs