KAMALA D. HARRIS
Attorney General of California
PETER A. KRAUSE
Supervising Deputy Attorney General
ANTHONY R. HAKL, State Bar No. 197335
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 322-9041
Fax: (916) 324-8835
E-mail: Anthony.Hakl@doj.ca.gov

*Attorneys for Defendant Wilfredo Cid*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IVAN PEÑA, ROY VARGAS, DOÑA CROSTON, BRETT THOMAS, SECOND AMENDMENT FOUNDATION, INC. and THE CALGUNS FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**WILFREDO CID,**<br><br>Defendant. | 2:09-CV-01185-KJM-CMK<br><br>**JOINT STATUS REPORT**<br><br>Date: None<br>Time: None<br>Dept: No. 3 – 15th Floor<br>Judge The Honorable Kimberly J. Mueller<br>Trial Date: None<br>Action Filed: April 30, 2009 |

Pursuant to this Court's August 25, 2011 Minute Order, and pursuant to the October 2, 2009 Memorandum and Order staying this action, and the August 9, 2010 order continuing the stay, Plaintiffs Ivan Peña, Roy Vargas, Doña Croston, Brett Thomas, Second Amendment Foundation, Inc., and The Calguns Foundation, Inc., along with Defendant Wilfredo Cid, submit this Joint Status Report.

**PLAINTIFFS' POSITION**

The parties are apparently in agreement that the stay should be lifted.

Upon lifting of the stay, the Plaintiffs should be allowed to renew or re-file their motion for summary judgment, as their reason for taking it off-calendar has been vitiated. Plaintiffs do not begrudge the Defendant either his earlier request to re-submit his motion to dismiss the case, or submit supplemental pleadings, if he so chooses. [1] The case would then be ready for final resolution on cross-dispositive motions, in accordance with the normal practice under the rules in cases presenting only questions of law.

*Background*

California law generally prohibits the retail sale and import of handguns that do not appear on a special roster of handguns certified for sale. [2] Over the years, rostering requirements have become more restrictive, as the Legislature has demanded that new handguns possess ever rarer features. Most newly-designed handguns introduced since 2007 cannot be sold in California. The handgun rostering law also contains numerous exceptions and exclusions that raise significant equal protection concerns.

*Plaintiffs' Claims*

The individual plaintiffs seek to own four handguns that do not and cannot appear on the state's roster:

- Ivan Peña is denied permission to own a handgun that had once been approved for sale, but which is now no longer legal to purchase in California because the gun's manufacturer will not pay an annual fee in perpetuity to keep it rostered.
- Roy Vargas, born with only a left arm, is denied access to a handgun with an ambidextrous magazine release, even though the state would allow him the identical model handgun with a right-handed magazine release he cannot safely operate.

---

[1] Plaintiffs believe it is more efficient to simply re-brief the motion, rather than engage in a set of supplemental briefing that would have the Court and the parties looking through potentially six different briefs across a multi-year span.

[2] Individuals moving into California may bring their handguns with them upon relocation to the state, if they were acquired while residing out of state, and Californians may purchase handguns from these new neighbors, but California residents cannot import unrostered handguns.

- Doña Croston is denied permission to own a handgun because, effectively, it is the wrong color; the finish she desired was not introduced until after the roster became more restrictive.
- Brett Thomas is denied permission to own the exact model handgun that the Supreme Court held to be protected by the Second Amendment in *District of Columbia v. Heller*, 554 U.S. 570 (2008). That handgun is no longer manufactured and cannot be rostered.

Plaintiffs' claim is simple: these are all handguns of the kind "typically possessed by law-abiding citizens for lawful purposes." Heller, 554 U.S. at 625. "[T]he Second Amendment extends, prima facie, to all instruments that constitute bearable arms." Id., 554 U.S. at 582. Because the Second Amendment protects handguns of the kind in common use, id., 554 U.S. at 627 (citation omitted), the State of California cannot place itself in the position of making demands as to what handguns should look like and how they should be designed.

The State may, of course, regulate the use and possession of protected Second Amendment arms subject to constitutional standards, and ensure that handguns function according to their manufacturer's design, but these are simply not the type of issues presented here.

*Relevant Procedural History*

Defendant moved to dismiss the complaint for failure to state a claim, while Plaintiffs moved for summary judgment. Defendant responded to the summary judgment motion by seeking leave to take discovery per Rule 56(f).

Before any of these issues could be resolved, the Supreme Court granted certiorari in what would become *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010). The Ninth Circuit had also re-heard en banc the long-running case of *Nordyke v. King*, No. 07-15763, but stayed its decision in the matter pending the outcome of *McDonald*. On September 28, 2009, this Court ordered the parties to brief the question of why this case should not be stayed pending the outcome of *Nordyke*.

Plaintiffs agreed that a stay of proceedings made sense considering the Supreme Court would be deciding the threshold question of the Second Amendment's applicability to the States.

For this reason, they took their motion for summary judgment off-calendar. Plaintiffs sought leave, however, to continue discovery, and requested the stay last only through the resolution of *McDonald*.

Defendant sought a complete stay of all proceedings through the resolution of *Nordyke*, indicated that he would want to re-file his motion to dismiss within 30 days following the *Nordyke* decision, and sought an order barring Plaintiffs from pursuing summary judgment until after resolution of the motion to dismiss. Plaintiffs responded that this last request was impractical and contrary to established practice.

On October 2, 2009, the Court stayed the matter in its entirety and ordered the filing of a joint status report within 10 days of the Ninth Circuit's en banc order in *Nordyke*. However, the *Nordyke* en banc order merely remanded the case back to the panel. The parties subsequently disagreed as to whether a further stay was required, the Plaintiffs arguing that *Nordyke* was too dissimilar as to offer much guidance, as it did not concern any common-use protected arms questions, and was unlikely to be resolved by the panel in any event. The Court continued the stay pending the panel decision in *Nordyke*, ordering the filing of this joint status report ten days following the panel's decision.

The Ninth Circuit issued an opinion on May 2, 2011 in *Nordyke* addressing standard of review in Second Amendment challenges. The Plaintiffs in that matter filed a Petition for Rehearing and/or Petition for Rehearing En Banc. The Ninth Circuit ordered the County of Alameda to file a response to the petition. The *Nordyke* appellants were granted leave to file a reply. The rehearing petition was submitted and has been pending since July 19, 2011.

*Course of Future Proceedings*

This remains a case with undisputed facts, presenting a clear question of law. Accordingly, it should be heard on cross-dispositive motions as contemplated by the rules of civil procedure and established practice.

Plaintiffs are disappointed by Defendant's continuing request to bar them from being heard, as is normally their right under Rule 56. Barring Plaintiffs from presenting their motion is unfounded, contrary to the rules, and could seriously waste judicial resources. To be sure, were

the parties arguing different legal questions, considering only one side first could make sense. For example, were Defendant arguing immunity from suit, and the Plaintiffs were seeking to establish negligence, the immunity question would take precedence. But here, the question is singular: is there a Second Amendment violation? It makes no sense to allow only one side to move on their position with respect to one issue, and Plaintiffs submit doing so is contrary to normal practice.

The rules support Plaintiffs. Rule 56 provides that summary judgment motions may be filed "at any time" unless otherwise directed, presumably for some specific reason. If a defendant believes that the summary judgment motion is premature, the remedy is not to deprive the plaintiffs of their day in court—the remedy is explicitly provided for in Rule 56(f), allowing the defendant a continuance to seek specific discovery. The standards for such a motion are high. "The mere hope that further evidence may develop . . . is an insufficient basis for a continuance under Fed. R. Civ. P. 56(f)." *Apache Survival Coalition v. United States*, 21 F.3d 895, 911 n.17 (9th Cir. 1994) (citation omitted).

Defendant has previously filed a Rule 56(f) motion. Presumably, if upon seeing Plaintiffs' new summary judgment motion, Defendant still believes some facts are undeveloped, the issue could then be explored according to the rules. But it is unclear whether any problem would remain, as Plaintiffs will provide at least some of the information—regarding the identity of the handgun sellers—previously requested by the Defendant in their forthcoming summary judgment papers. Although Plaintiffs believe the information is irrelevant, they have no objection to supplying it, if this satisfies Defendant's request.

The benefits of having a unitary "question of law" case proceed on cross-dispositive motions are manifest. First, since it is always possible that either side is legally correct, nobody is disadvantaged, or unfairly advantaged, by weighing consideration of the matter in only one direction. The adversary system works best when *both* sides are equally heard. Indeed there is a meaningful risk that the motion to dismiss might be converted to one for summary judgment, so it would be unfair to bar one side from fully presenting evidence.

Second, the courts—including reviewing courts—should work with a complete record. The risk of piecemeal litigation is to be avoided. This consideration extends to an appellate court, which on a record containing cross-motions, can resolve more questions by granting in whole or in part motions that were not granted by lower courts, without need of additional proceedings. Indeed, this was exactly the procedure followed in *Heller*. The District Court granted the city's motion to dismiss and denied the plaintiffs' motion for summary judgment, but the D.C. Circuit specifically granted the summary judgment motion, *Parker v. District of Columbia*, 478 F.3d 370, 401 (D.C. Cir. 2007)("Since there are no material questions of fact in dispute, the district court is ordered to grant summary judgment to *Heller* consistent with the prayer for relief contained in appellants' complaint"), and the Supreme Court affirmed, *Heller*, 554 U.S. at 635.

There simply exists no reason to depart from the structure of Rule 56. Defendant may be fully heard, *under the rules*, if he still feels that there is some fact issue open upon seeing the new summary judgment papers. But it would be unfair and prejudicial to Plaintiffs, and detrimental to the Court's ability to fully consider the question at issue, to hear from only one side.

Accordingly, the parties should be allowed to refile their respective dispositive motions, or file supplemental briefing. Plaintiffs suggest December 9, 2011 as the deadline for new or supplemental pleadings, with a hearing date in early January 2012. If Defendant wishes to again file under Rule 56(f), he could do so in accordance with the federal and local rules.

## DEFENDANT'S POSITION

### I. INTRODUCTION

This case involves Second Amendment and equal protection challenges to California's Unsafe Handgun Act, a law that regulates the sale of handguns. Since October 2, 2009, it has been stayed in its entirety pending the Ninth Circuit's decision in the case *Nordyke v. King*, 07-15763. On May 2, 2011, the Ninth Circuit issued its opinion in *Nordyke*. Accordingly, this Court should now lift the stay and turn to the resolution of Cid's motion to dismiss, which has been fully briefed and pending since the imposition of the stay.

/ / /

/ / /

## II. PROCEDURAL HISTORY

Earlier this year, this case was reassigned from District Judge Frank C. Damrell, Jr. to District Judge Kimberly J. Mueller for all further proceedings. (Doc. no. 29.) For the Court's reference, and in support of Cid's request that the Court lift the stay and resolve the pending motion to dismiss, Cid offers the following procedural history.

### A. The filing of the complaint and initial round of motions

Plaintiffs initiated this action by filing a complaint on April 30, 2009. (Doc. no. 1.) They filed an amended complaint once as a matter of course on May 11, 2009. (Doc. no. 6.)

On July 6, 2009, Cid filed a motion to dismiss, noticing it for hearing on October 2, 2009. (Doc. no. 8.)

In a joint status report filed August 18, 2009, Plaintiffs expressed an intention to file a motion for summary judgment as soon as possible, claiming that this case presents solely legal issues and no factual controversy. (Doc. no. 11 at p. 2.) Cid objected to any motion for summary judgment being filed or heard prior to the resolution of his motion to dismiss. (Doc. no. 11 at pp. 2-3.) Cid also expressed an intention to conduct discovery on Plaintiffs' claims, which include facial and as-applied constitutional challenges, if this matter were not resolved at the pleadings stage. (Doc. no. 11 at p. 3.)

By order filed August 21, 2009, Judge Damrell deferred the scheduling of this action and indicated that a Pretrial Scheduling Order would issue only if necessary after the issuance of an order on the motion to dismiss. (Doc. no. 12.)

On September 2, 2009, Plaintiffs filed a motion for summary judgment, noticing it for hearing on the same day Cid's motion to dismiss was to be heard. (Doc. no. 14.) Cid responded with a motion under Federal Rule of Civil Procedure 56(f), which explained in detail why any motion for summary judgment was premature. (Doc. nos. 15 & 16.)

By order filed September 10, 2009, and in light of the pending motion to dismiss, Judge Damrell organized the parties' motions on his calendar. The Court gave priority to Cid's motion to dismiss. (Doc. no. 17.) Specifically, the Court kept the motion to dismiss set for hearing on

October 2, 2009; set the Rule 56(f) motion for hearing on October 16, 2009; and continued Plaintiffs' motion for summary judgment to October 30, 2009. (*Ibid*.)

Plaintiffs filed written opposition to the motion to dismiss on September 18, 2009. (Doc. no. 18.) Cid filed a reply on September 25, 2009. (Doc. no. 19.)

**B. The initial stay**

By order filed four days prior to the scheduled hearing on the motion to dismiss, Judge Damrell acknowledged the Ninth Circuit's en banc rehearing in *Nordyke*, and its order vacating the submission of *Nordyke* pending the Supreme Court's disposition of *McDonald v. City of Chicago*, 08-1521, a Seventh Circuit case in which the Supreme Court had recently granted certiorari. (Doc. no. 20.) At the time, the issue of whether the Second Amendment applies to state and local governments (i.e., the incorporation issue) was central in both *McDonald* and *Nordyke*. Accordingly, Judge Damrell directed the parties to file supplemental briefing as to why the action should not be stayed pending the en banc decision in *Nordyke*. (*Ibid*.)

In their supplemental brief regarding a stay, Plaintiffs withdrew their motion for summary judgment. (Doc. no. 21 at p. 2.)

Plaintiffs also argued that the Court should stay this case only until the Supreme Court *or* Ninth Circuit resolved the issue of whether the Second Amendment applies to state and local governments. (See Doc. no. 21; Mem. & Order filed Oct. 2, 2009, at 2.) Cid argued that any stay should remain in effect pending the resolution of *Nordyke*, which the en banc panel had put on hold pending the Supreme Court's decision in *McDonald*. (See Doc. no. 22; Mem. & Order filed Oct. 2, 2009, at 2.)

In the stay order, Judge Damrell agreed with Cid that the case should be stayed pending the resolution of *Nordyke*. (Mem. & Order filed Oct. 2, 2009, at 2.) The Court explained that the Supreme Court had granted certiorari in *McDonald*, which involved the incorporation issue. (*Id*. at 3 & 5.) The Court further explained that once *McDonald* was decided, the decision in *Nordyke* "will also evaluate a firearms regulation in light of [the Supreme Court's 2008 decision in *District of Columbia v. Heller*] and *McDonald*. Such evaluation will almost certainly provide crucial direction to the court in its analysis of the firearms regulation in this case." (*Id*. at 5.) The Court

therefore stayed this case in its entirety pending the en banc decision in *Nordyke.* (*Id.*) The Court required the parties to submit a joint status report within ten days of that decision. (*Id.*)

**C. The continuance of the stay**

On June 28, 2010, the Supreme Court issued its opinion in *McDonald*, which resolved the incorporation issue. The Court held that "the Second Amendment right is fully applicable to the States." *McDonald v. City of Chicago*, 561 U.S. ----, 130 S.Ct. 3020, 3026, --- L.Ed.2d ---- (2010).

Then, on July 12, 2010, the *Nordyke* en banc panel issued a one-sentence order, which read: "The panel opinion in *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009), is vacated and the case is remanded to that panel for further consideration in light of *McDonald v. City of Chicago*, No. 08-1521, slip op. (U.S. June 28, 2010). (Order filed July 12, 2010 (Doc. No. 127), *Nordyke v. King*, No. 07-15763 (9th Cir.).)

Because the Ninth Circuit's remand order arguably triggered the parties' obligation to file a joint status report, Cid prepared a joint status report along with Plaintiffs. In that report, however, Cid argued that the one-sentence remand order was hardly the meaningful decision from the Ninth Circuit that the Court and parties had been waiting for, and that the Ninth Circuit's impending evaluation of a firearms regulation was still important. (Doc. no. 27 at pp. 3-6.) Cid therefore urged the Court to continue the stay. (*Ibid.*) Plaintiffs continued to claim that *Nordyke* was irrelevant to this case and requested that the Court issue a schedule for summary judgment motions. (Doc. no. 27 at pp. 1-3.)

By order filed August 9, 2010, Judge Damrell again agreed with Cid and rejected Plaintiffs' assertion. The Court continued the stay of this action in its entirety pending the decision in *Nordyke*. (Doc. no. 28.) The Court directed the parties to submit a joint status report within ten days of the decision. (*Ibid.*)

**D. Recent events**

By order filed January 20, 2011, this case was reassigned from District Judge Frank C. Damrell Jr. to District Judge Kimberly J. Mueller for all further proceedings.

On May 2, 2011, the three-judge panel issued the much-awaited decision in *Nordyke*. *See Nordyke v. King*, 644 F.3d 776 (9th Cir. 2011). As expected, the opinion evaluated the firearms ordinance at issue in that case and, in the process, laid out the standard of review for Second Amendment cases in the Ninth Circuit.

On May 12, 2011, the parties filed a joint status report as required. (Doc. no. 31.) On August 25, 2011, by Minute Order, the Court directed the parties to file this updated joint status report. (Doc. no. 34.)

### III. Cid Requests That The Court Lift The Stay And Resolve The Pending Motion To Dismiss Before Any Motions For Summary Judgment.

Since the Ninth Circuit has now issued a meaningful opinion laying out the standard of review for Second Amendment cases, Cid requests that the Court lift the stay of this action. If the most recent *Nordyke* opinion is vacated or otherwise ordered not to be cited as precedent in light of any en banc or Supreme Court proceedings, however, Cid may request the Court to consider another stay.[3]

Cid also requests that the Court now turn its attention to the motion to dismiss. Cid filed the motion at the outset of this case. It was fully briefed and set to be heard at the time of the initial stay. Moreover, the motion, if successful, will dispose of this case in its entirety.

Of course, since Cid filed his motion, there have been significant developments in Second Amendment law. Perhaps most significantly, the Supreme Court issued its opinion in *McDonald* and the Ninth Circuit issued the *Nordyke* opinion. Accordingly, Cid requests that the parties be provided an opportunity to refresh the briefing on the motion to dismiss prior to the hearing on the motion. More specifically, Cid requests that the Court order the following supplemental briefing schedule for the motion to dismiss:

---

[3] Indeed, the Court should be aware that since the last joint status report, Plaintiffs and Appellants in *Nordyke* filed a petition for rehearing en banc (Appellants' Pet. for Panel Rehearing and/or En Banc Rehearing filed May 23, 2011 (Doc. No. 180), *Nordyke v. King*, No. 07-15763 (9th Cir.)), and the Ninth Circuit directed Appellees to respond to the petition. (Order June 13, 2011 (Doc. No. 181), *Nordyke v. King*, No. 07-15763 (9th Cir.).) Accordingly, a petition for rehearing en banc is fully briefed and awaiting a decision by the Ninth Circuit.

Last day for Defendant to file supplemental moving papers: October 31, 2011

Last day for Plaintiffs to file supplemental opposition: November 14, 2011

Last day for Defendant to file a supplemental reply: November 21, 2011

Cid requests that the hearing on the motion to dismiss be set for a date during the first week of December.

As indicated above, Plaintiffs have withdrawn their motion for summary judgment. If they are inclined to immediately re-file such a motion, Cid requests that the Court direct Plaintiffs to refrain from doing so at least until the Court resolves the motion to dismiss. Such a course would be consistent with the normal course of litigation. And it would be consistent with Judge Damrell's previous orders setting the course for this case, especially the order directing that the motion to dismiss be heard before any summary judgment motion.

Resolving the motion to dismiss first would also be the most efficient use of the Court and parties' resources. Unlike the motion to dismiss, any possible resolution of Plaintiffs' facial and as-applied constitutional claims, including claims against Cid in his individual capacity, by way of summary judgment will depend on discovery and the introduction of evidence by Cid, all of which will be unnecessary if the Court grants the motion to dismiss. Cid has been unable to conduct discovery due to the stay of this case, but intends to do so should this case not be resolved through the motion to dismiss. Finally, Plaintiffs will suffer no prejudice under this proposed schedule.

Accordingly, consistent with the Court's previous orders and the status of this case at the time of the stay, Cid requests that the Court now lift the stay and, prior to the filing and hearing of any motions for summary judgment, set a schedule for supplemental briefing on the motion to dismiss and resolve that motion.

Dated: September 26, 2011

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
PETER A. KRAUSE
Supervising Deputy Attorney General

*/s/ Anthony R. Hakl*

ANTHONY R. HAKL
Deputy Attorney General
*Attorneys for Defendant Wilfredo Cid*

Dated: September 26, 2011

LAW OFFICES OF DONALD KILMER, A.P.C.

*/s/ Donald E.J. Kilmer, Jr.*

DONALD E.J. KILMER, JR.
*Attorneys for Plaintiffs*

Dated: September 26, 2011

GURA & POSSESSKY, PLLC

*/s/ Alan Gura*

ALAN GURA
*Attorneys for Plaintiffs*

Dated: September 26, 2011

DAVIS & ASSOCIATES

*/s/ Jason A. Davis*

JASON A. DAVIS
*Attorneys for Plaintiffs*

SA2009310413
10756849.docx

# CERTIFICATE OF SERVICE

Case Name: **Ivan Pena, et al. v. Wilfredo Cid** No. **2:09-CV-01185-KJM-CKD**

I hereby certify that on September 26, 2011, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT STATUS REPORT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 26, 2011, at Sacramento, California.

| Janice Smialek | /s/ Janice Smialek |
|---|---|
| Declarant | Signature |

10757031.doc