1  KAMALA D. HARRIS
   Attorney General of California
2  PETER K. SOUTHWORTH
   Supervising Deputy Attorney General
3  ANTHONY R. HAKL, State Bar No. 197335
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone:  (916) 322-9041
6   Fax:  (916) 324-8835
    E-mail:  Anthony.Hakl@doj.ca.gov
7
   *Attorneys for Defendant Wilfredo Cid*
8
                    IN THE UNITED STATES DISTRICT COURT
9
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11

12

13  **IVAN PEÑA, ROY VARGAS, DOÑA**           2:09-CV-01185-KJM-CMK
    **CROSTON, BRETT THOMAS, SECOND**
14  **AMENDMENT FOUNDATION, INC. and**
    **THE CALGUNS FOUNDATION, INC.,**
15                                            **JOINT STATUS REPORT**
                               Plaintiffs,
16                                            Date:       August 30, 2012
                                              Time:       2:30 p.m.
17              v.                            Dept:       No. 3 – 15th Floor
                                              Judge       Honorable Kimberly J. Mueller
18  **WILFREDO CID,**                         Trial Date:  None
                                              Action Filed:  April 30, 2009
19                               Defendant.

20

21        Pursuant to this Court's August 1, 2012 order, plaintiffs Ivan Peña, Roy Vargas, Doña

22  Croston, Brett Thomas, Second Amendment Foundation, Inc., and The Calguns Foundation, Inc.,

23  along with defendant Wilfredo Cid, submit this Joint Status Report.

24        **(a) A brief summary of the claims and legal theories under which recovery is sought**

25  **or liability is denied:**

26        This is a 42 U.S.C. § 1983 action in which plaintiffs contend that various portions (Penal

27  Code §§ 16380, 16900, 17140, 31900-32110) of California's Unsafe Handgun Act ("the Act") on

28  its face and as applied to plaintiffs violate the Second Amendment and equal protection.  The

                                            1

1  amended complaint seeks an order enjoining defendant Cid from enforcing the Act and

2  declaratory relief consistent with such an injunction.  Cid, who was the Chief of the Bureau of

3  Firearms of the California Department of Justice at the time this action was filed, asserts that

4  plaintiffs' claims have no merit.

5           **(b) Status of service upon all defendants and cross-defendants:**

6           Cid is the only defendant in this action and plaintiffs have completed service of process.

7           **(c) Possible joinder of additional parties:**

8           The parties do not anticipate the joinder of additional parties.  However, because defendant

9  Cid is no longer the Chief of the Bureau of Firearms, the parties are currently discussing whether

10  a stipulated substitution of parties may be appropriate.

11          **(d) Contemplated amendments to the pleadings:**

12          The parties do not anticipate any further amendments to the pleadings on file.

13          **(e) The statutory basis for jurisdiction and venue:**

14          Jurisdiction is predicated upon 28 U.S.C. § 1331 and venue on 28 U.S.C. § 1391(b).

15          **(f) Anticipated discovery and the scheduling of discovery, including:**

16          **(1) What changes, if any, should be made in the timing, form, or requirement for**

17  **disclosures under Rule 26(a), including a statement as to when disclosures under Rule**

18  **26(a)(1) were made or will be made, and whether further discovery conferences should be**

19  **held:**

20          The parties conferred as required under Rule 26(f) on August 17, 2009, and initial

21  disclosures have been made.  No further discovery conferences are necessary at this time.

22          **(2) The subjects on which discovery may be needed; when discovery should be**

23  **completed, and whether discovery should be conducted in phases:**

24          Plaintiffs' position:

25          Plaintiffs intend to file a motion for summary judgment.  Plaintiffs contend that this case

26  presents issues of pure law and that no factual controversy exists.  Plaintiffs do not need any

27  further discovery on any subject.

28

Joint Status Report (2:09-CV-01185-KJM-CMK)

Defendant's position:

Defendant intends to conduct discovery on the nature of plaintiffs' claims, which include facial and as applied challenges.  Discovery would include written discovery and depositions.

Defendant proposes the following discovery dates:

All non-expert discovery to be completed by: February 22, 2013

Disclosure of experts: March 8, 2013

Supplemental disclosure of experts: March 29, 2013

All expert discovery to be completed by: May 3, 2013

**(3) What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed:**

The parties do not contemplate any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure.

**(4) The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2):**

Plaintiffs do not intend to offer expert testimony at any trial in this matter.

Defendant's proposed dates for the disclosure of expert witnesses and information are set forth above.

**(5) Proposed dates for discovery cut-off:**

Plaintiffs do not need any further discovery on any subject and have no need for a discovery cut-off date.

Defendant's proposed discovery cut-off dates are set forth above.

**(g) Contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard:**

As stated above, plaintiffs intend to file a motion for summary judgment without further discovery.

Defendant will conduct discovery and likely move for summary judgment as well.  In light of the discovery dates proposed above, defendant proposes that all dispositive motions be heard no later than a date in June 2013.

3

1  Nevertheless, at this time the parties jointly anticipate resolving this matter by way of cross-

2  motions for summary judgment.  Therefore, the parties respectfully request that the Court reserve

3  February 15, 2013, for the hearing of those motions.  The parties will file and brief the anticipated

4  motions as required under the Local Rules.

5  **(h) Methods that can be used from the outset to avoid unnecessary proof and**

6  **cumulative evidence, and anticipated limitations or restrictions on the use of testimony**

7  **under Federal Rule of Evidence 702:**

8  The parties have no recommendations regarding the introduction and use of evidence at this

9  time.

10  **(i) Proposed date for final pretrial conference:**

11  Plaintiffs maintain that this case will be disposed of by a motion for summary judgment

12  such that a final pretrial conference date is not necessary.

13  In light of the other dates proposed above, defendant proposes a final pretrial conference

14  date in August 2013

15  **(j) Proposed date for trial, estimate of days of trial, and whether any party has**

16  **demanded a jury:**

17  Plaintiffs maintain that this case will be disposed of by a motion for summary judgment

18  such that a trial date is not necessary.

19  Defendant proposes a trial date in October 2013.

20  If there is any trial, the parties agree to a court trial.  The parties estimate that any court trial

21  would last three days.

22  **(k) Appropriateness of special procedures such as reference to a special master or**

23  **agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c):**

24  The parties do not contemplate any special procedures.

25  **(l) Proposed modification of standard pretrial procedures because of the simplicity or**

26  **complexity of the case:**

27  The parties do not contemplate any modification of standard pretrial procedures.

28

1    **(m) Whether the case is related to any other case pending in this district, including the**

2    **bankruptcy courts of this district:**

3        There are no related cases.

4        **(n) Prospects for settlement, including whether a settlement conference should be**

5    **scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge**

6    **acting as settlement judge:**

7        The parties do not anticipate settling this matter at this stage of the proceedings.

8        **(o) Any other matters that may be conducive to the just and expeditious disposition of**

9    **the case:**

10       There are no other matters to address at this time.

11   Dated:  August 23, 2012                    Respectfully Submitted,

12                                              KAMALA D. HARRIS
                                                Attorney General of California
13                                              PETER K. SOUTHWORTH
                                                Supervising Deputy Attorney General
14
                                                */s/ Anthony R. Hakl*
15
16                                              ANTHONY R. HAKL
                                                Deputy Attorney General
                                                *Attorneys for Defendant Wilfredo Cid*
17
18   Dated:  August 23, 2012                    LAW OFFICES OF DONALD KILMER, A.P.C.

19                                              */s/ Donald E.J. Kilmer, Jr.*

20                                              DONALD E.J. KILMER, JR.
                                                *Attorneys for Plaintiffs*

21   Dated:  August 23, 2012                    GURA & POSSESSKY, PLLC

22                                              */s/ Alan Gura*

23                                              ALAN GURA
                                                *Attorneys for Plaintiffs*
24
25   Dated:  August 23, 2012                    DAVIS & ASSOCIATES

26                                              */s/ Jason A. Davis*

27                                              JASON A. DAVIS
                                                *Attorneys for Plaintiffs*
28   SA2009310413

5