1

Alan Gura (Calif. Bar No. 178221)
Gura & Possessky, PLLC

2

101 N. Columbus St., Suite 405
Alexandria, VA 22314

3

703.835.9085/Fax 703.997.7665

4

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Offices of Donald Kilmer, A.P.C.

5

1645 Willow Street, Suite 150
San Jose, CA 95125

6

408.264.8489/Fax 408.264.8487
Don@DKLawOffice.com

7

8

Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates

9

27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
949.310.0817/Fax 949.288.6894

10

IN THE UNITED STATES DISTRICT COURT

11

FOR THE EASTERN DISTRICT OF CALIFORNIA

12

13

Ivan Peña, Roy Vargas, Doña Croston,
Brett Thomas, Second Amendment

14

Foundation, Inc., and The Calguns
Foundation, Inc.,

15

Plaintiffs,

16

17

v.

18

Stephen Lindley,

19

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:09-CV-01185-KJM/CK

**SECOND AMENDED COMPLAINT**

42 U.S.C. §§ 1983, 1988

20

21

<u>**COMPLAINT**</u>

22

COME NOW the Plaintiffs, Ivan Peña, Roy Vargas, Doña Croston, Brett Thomas, the

23

Second Amendment Foundation, Inc. ("SAF"), and the Calguns Foundation, Inc. ("CGF"), by

24

and through undersigned counsel, and complain of Defendant as follows:

25

**THE PARTIES**

26

1.    Plaintiff Ivan Peña is a natural person and a citizen of the United States and of the

27

State of California.  Plaintiff Peña is a member of SAF.  Plaintiff Peña is a board member of

28

CGF and a supporter of its activities.

2.     Plaintiff Roy Vargas is a natural person and a citizen of the United States and of the State of California. Plaintiff Vargas is a member of SAF and a supporter of and participant in CGF activities.

3.     Plaintiff Doña Croston is a natural person and a citizen of the United States and of the State of California. Planitiff Croston is a member of SAF and a supporter of and participant in CGF activities.

4.     Plaintiff Brett Thomas is a natural person and a citizen of the United States and of the State of California.  Plaintiff Thomas is a member of SAF.  Plaintiff Thomas is a board member of CGF and a supporter of its activities.

5.     Plaintiff Second Amendment Foundation, Inc. is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including California. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

6.     Plaintiff The Calguns Foundation, Inc. is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California. The purposes of CGF include supporting the California firearms community by promoting education for all stakeholders about California and federal firearm laws, rights and privileges, and defending and protecting the civil rights of California gun owners.  CGF represents these members and supporters, which include California firearm retailers and consumers. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

7.     Defendant Stephen Lindley is the Chief of the California Department of Justice Bureau of Firearms, and as such is responsible for formulating, executing and administering the State of California's laws, customs, practices, and policies at issue in this lawsuit; and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs.  Defendant Lindley is sued in his official capacity.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

9.     Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

10.    The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

11.    At a minimum, the Second Amendment guarantees individuals a fundamental right to possess handguns in the home. The handguns whose possession is protected by the Second Amendment are those of the kind that are or would be in common use by law-abiding people for lawful purposes.

### *California's "Handgun Roster" Scheme*

12.    The California Department of Justice compiles, publishes, and maintains "a roster listing all of the pistols, revolvers, and other firearms capable of being concealed upon the person that have been tested by a certified testing laboratory, have been determined not to be unsafe handguns, and may be sold in this state pursuant to this part." Cal. Penal Code § 32015.

13.    "Commencing January 1, 2001, any person in this state who manufactures or causes to be manufactured, imports into the state for sale, keeps for sale, offers or exposes for sale, gives, or lends any unsafe handgun shall be punished by imprisonment in a county jail not exceeding one year." Cal. Penal Code § 32000(a).

14.    California Penal Code § 31910 bars as an "unsafe handgun" any handgun that fails to meet firing and drop safety requirements.

15.    A revolver is barred from the approved handgun roster if "[i]t does not have a safety device that, either automatically in the case of a double-action firing mechanism, or by manual operation in the case of a single-action firing mechanism, causes the hammer to retract to a point where the firing pin does not rest upon the primer of the cartridge." Cal. Penal Code § 31910(a)(1).

16.     A semi-automatic handgun is barred from the approved handgun roster if "[i]t does not have a positive manually operated safety device, as determined by standards relating to imported guns promulgated by the federal Bureau of Alcohol, Tobacco, Firearms and Explosives." Cal. Penal Code § 31910(b)(1).

17.     A center fire semi-automatic handgun not on the approved roster prior to 2007 is barred from the approved handgun roster " it does not have both a chamber load indicator and if it has a detachable magazine, a magazine disconnect mechanism." Cal. Penal Code § 31910(b)(5).

18.     A rimfire semi-automatic handgun not on the approved roster prior to 2006 is barred from the approved handgun roster if it accepts detachable magazines but "does not have a magazine disconnect mechanism." Cal. Penal Code § 31910(b)(6).

19.     All semi-automatic handguns not on the approved roster prior to 2010 are barred from the approved handgun roster unless they employ so-called "microstamping technology," in that they are " designed and equipped with a microscopic array of characters that identify the make, model, and serial number of the pistol, etched or otherwise imprinted in two or more places on the interior surface or internal working parts of the pistol, and that are transferred by imprinting on each cartridge case when the firearm is fired, provided that the Department of Justice certifies that the technology used to create the imprint is available to more than one manufacturer unencumbered by any patent restrictions." Cal. Penal Code § 31910(b)(7)(A). "The Attorney General may also approve a method of equal or greater reliability and effectiveness in identifying the specific serial number of a firearm from spent cartridge casings discharged by that firearm than that which is set forth in this paragraph . . ." Cal. Penal Code § 31910(b)(7)(B).

20.     The microstamping requirement of Cal. Penal Code § 31910(b)(7) became effective on May 17, 2013. On that date, the California Department of Justice issued  Information Bulletin No.: 2013-BOF-03, wherein Defendant Lindley announced that the Department had determined that the technology described in Penal Code § 31910(b)(7) is now available to more than one manufacturer unencumbered by any patent restrictions.

21.     The California Department of Justice often rejects chamber load indicators which, in its view, do not sufficiently meet the requirement calling for "a device that plainly indicates that a cartridge is in the firing chamber. A device satisfies this definition if it is readily visible, has incorporated or adjacent explanatory text or graphics, or both, and is designed and intended to indicate to a reasonably foreseeable adult user of the pistol, without requiring the user to refer to a user's manual or any other resource other than the pistol itself, whether a cartridge is in the firing chamber."  Cal. Penal Code § 16380.

22.     Listings on the California "safe handgun" roster are valid for one year.  11 Calif. Code of Regulations § 4070(a), (b). "A handgun model listing on the Roster of Certified Handguns must be renewed prior to expiration in order to remain valid." 11 Calif. Code of Regulations § 4071.  Renewal is accomplished by returning the renewal notice and a fee. 11 Calif. Code of Regulations § 4071(b), (c). "If the manufacturer/importer or other responsible person fails to comply with these renewal requirements, the handgun model listing shall expire by operation of law at midnight on the date of expiration of the listing and the model will be removed from the Roster." 11 Calif. Code of Regulations § 4071(d).

23.     The California Department of Justice charges firearms manufacturers, importers, and dealers annual fees, ostensibly to operate the handgun roster program. California Penal Code § 32015(a). "Any pistol, revolver, or other firearm capable of being concealed upon the person that is manufactured by a manufacturer who manufactures or causes to be manufactured, imports into the state for sale, keeps for sale, or offers or exposes for sale any pistol, revolver, or other firearm capable of being concealed upon the person in this state, and who fails to pay any fee required pursuant to paragraph (1), may be excluded from the roster."  Penal Code § 32015(b)(2).

24.     The initial and renewal annual listing fees for inclusion on the "safe handgun" roster are $200. 11 Calif. Code of Regulations § 4072(b).

25.     "Other than the DOJ, only the manufacturer/importer of a handgun model is authorized to submit that handgun model to a DOJ-Certified Laboratory for testing." 11 Calif. Code of Regulations § 4059(c).

1    26.    A handgun can remain on the roster if its manufacturer/importer goes out of

2   business or discontinues the model, provided that the model is not being offered for sale to

3   licensed dealers, and "a fully licensed wholesaler, distributor, or dealer submits a written request

4   to continue the listing and agrees to pay the annual maintenance fee." 11 Calif. Code of

5   Regulations § 4070(d). So long as a handgun is sold to dealers outside of California, the

6   handgun's manufacturer can cause the sale of that handgun to be forbidden inside California by

7   failing to submit the gun for testing in that state or refusing to pay the annual $200 fee.

8    27.    "A manufacturer/importer or other responsible party may submit a written request

9   to list a handgun model that was voluntarily discontinued or was removed for lack of payment of

10   the annual maintenance fee." 11 Calif. Code of Regulations § 4070(e).  The request may be

11   approved, and the handgun restored to the "safe gun" roster, provided the fee is paid.

12    28.    Otherwise safe handguns, that have passed California's "safety" tests, do not

13   become "unsafe" merely because an annual fee is not paid by their manufacturer.

14            *Narrow and Counter-Productive Nature of the "Handgun Roster" Scheme*

15    29.    Handguns lacking "safety" devices are handguns of the kind in common use

16   throughout the United States for lawful purposes, including self-defense.

17    30.    Semi-automatic handguns lacking chamber load indicators and/or magazine

18   disconnect mechanisms and/or micro-stamping technology are handguns of the kind in common

19   use throughout the United States for lawful purposes, including self-defense.

20    31.    Like all mechanical devices, a handgun safety mechanism may fail or be misused

21   by the user of a handgun.

22    32.    A chamber load indicator is a mechanical device that may fail or be misinterpreted

23   by the user of a handgun.

24    33.    A magazine disconnect mechanism is a mechanical device that may fail.

25    34.    Micro-stamping technology is not a safety device and has no rational relationship

26   to the safety of the owner/buyer/consumer of semi-automatic pistols.

27

28

35.     On information and belief, as of this writing, there are no commercially available semiautomatic handguns manufactured in the United States utilizing the microstamping technology required by Cal. Penal Code §31910(b)(7).

36.     California law requires that prospective handgun purchasers successfully complete at least two tests demonstrating their knowledge of gun safety: a written test pertaining to handgun safety and a operational safety test for each handgun purchased. Within the knowledge required for successful completion of the tests is the fundamental rule of gun safety holding that all guns should be treated at all times as though they are loaded, to prevent reliance on potentially faulty or misinterpreted mechanical devices and to promote safe gun handling habits. Reliance on safety mechanisms, chamber load indicators, or magazine disconnect devices is not an appropriate substitute for safe gun handling practices.

*Exemptions from the "Handgun Roster" Scheme*

37.     California Penal Code § 32000(b)(3) exempts"curios and relics" as defined by 27 C.F.R. § 478.11 from the prohibition of California Penal Code § 32000(a).

38.     California Penal Code § 32000(b)(4) provides an additional exemption for "[t]he sale or purchase of any pistol, revolver or other firearm capable of being concealed upon the person, if the pistol, revolver, or other firearm is sold to, or purchased by, the Department of Justice, any police department, any sheriff's official, any marshal's office, the Youth and Adult Correctional Agency, the California Highway Patrol, any district attorney's office, or the military or naval forces of this state or of the United States for use in the discharge of their official duties. Nor shall anything in this section prohibit the sale to, or purchase by, sworn members of these agencies of any pistol, revolver, or other firearm capable of being concealed upon the person."

39.     It is not illegal in California to import a handgun not on the state's approved handgun roster when moving into the state without the intention of selling it, nor is it illegal in California to possess or use an unrostered handgun that is otherwise lawful to possess or use.

40.     California Penal Code § 32100 *et seq.,* provides various exemptions from the approved handgun roster requirements, including private party transfers, intra-familial transfers including gifts and bequests, various loans, handguns used in Olympic sports, single-action

1  revolvers manufactured prior to 1900 that qualify as curios or relics,  single-action revolvers

2  longer than 7 ½ inches with a minimum 5-cartridge capacity, and single-shot pistols with a

3  minimum barrel length of 6 inches and minimum overall length of 10 ½ inches.

4  *California's Enforcement of the "Handgun Roster" Scheme Against Plaintiffs*:

5  *Barring Sale of a Handgun Previously Listed on the Roster*

6  41.  Plaintiff Ivan Peña has sought to purchase a Para USA (Para Ordnance) P1345SR

7  / Stainless Steel .45 ACP 4.25", and has identified a willing seller who stands ready to deliver

8  said handgun to Plaintiff, but Plaintiff cannot purchase and take possession of that handgun as

9  that handgun is not, cannot, and will not be placed on the California Safe Handgun Roster by

10  Defendant.

11  42.  Mr. Peña's Para USA P1345SR was listed on California's Handgun Roster until

12  December 31, 2005, when it was discontinued and its listing not renewed.

13  *Barring Sale of a Handgun Designed for Left-Handed Use*

14  43.  Plaintiff Roy Vargas has sought to purchase a Glock 21 SF with an ambidextrous

15  magazine release, and has identified a willing seller who stands ready to deliver said handgun to

16  Plaintiff, but Plaintiff cannot purchase and take possession of that handgun as that handgun is

17  not, cannot, and will not be placed on the California Safe Handgun Roster by Defendant.

18  44.  Plaintiff Vargas was born without an arm below the right elbow.

19  45.  The Glock 21 SF-STD is listed on the California Handgun Roster.

20  46.  The Glock-21 SF with ambidextrous magazine release is better suitable for left-

21  handed shooters such as Mr. Vargas, than the approved version of the Glock 21SF-STD.

22  47.  Glock's efforts to add the SF21 with ambidextrous magazine release to the

23  California Roster have failed.

24  48.  However, Defendant permits Glock customers to have their SF21-STD handguns

25  fitted with an ambidextrous release at the Glock factory. In other words, California permits the

26  sale of a Glock 21SF-STD, and the alteration of that handgun by Glock to add an ambidextrous

27  magazine release, but will not allow consumers to purchase new Glock 21SF's with an

28  ambidextrous magazine release.

1    *Barring Sale of a Handgun Because It Is Not In An Approved Color*

2    49.    Plaintiff Doña Croston has sought to purchase a Springfield Armory XD-45

3    Tactical 5" Bi-Tone stainless steel/black handgun in .45 ACP, model number XD9623, and has

4    identified a willing seller who stands ready to deliver said handgun to Plaintiff, but Plaintiff

5    cannot purchase and take possession of that handgun as that handgun is not, cannot, and will not

6    be placed on the California Handgun Roster by Defendant.

7    50.    Other models of this identical gun – but in different colors – are listed on the

8    handgun roster and are thus available to Ms. Croston: the XD-45 Tactical 5" .45 ACP

9    in black (model XD9621), the XD-45 Tactical 5" .45 ACP in OD Green (model XD9622), and

10   the XD-45 Tactical 5" .45 ACP in Dark Earth (XD9162).

11   51.    So long as Springfield Armory, the manufacturer of the XD-45, renews these

12   handguns' California registrations, they will remain available for purchase in California.

13   52.    The particular Bi-Tone XD-45 that Ms. Croston would possess, however, was not

14   released until after California required newly-listed guns to have a chamber load indicator and

15   magazine disconnect device.  While the identical handguns with a different finish were

16   grandfathered, Springfield Armory could not get the XD-45 in .45 ACP and Bi-Tone finish

17   registered given the new listing requirements.

18   53.    The XD-45 Bi-Tone in .45 has a loaded chamber indicator, but the California

19   Department of Justice has decided it does not qualify under Penal Code § 16380.

20   *Barring Sale of a Handgun Held Protected Under the Second Amendment*

21   54.     Plaintiff Brett Thomas has sought to purchase a High Standard Buntline style

22   revolver, and has identified a willing seller who stands ready to deliver said handgun to Plaintiff,

23   but Plaintiff cannot purchase and take possession of that handgun as that handgun is not, cannot,

24   and will not be placed on the California Handgun Roster by Defendant.

25   55.    Mr. Thomas's revolver is identical to the gun defendants were ordered to register

26   by the United States Supreme Court in *District of Columbia* v. *Heller*, 554 U.S. 570 (2008),

27   because its possession was deemed protected by the Second Amendment.

28

Second Amended Complaint                          Page 9 of 12                          *Peña, et al. v. Lindley*

1   *Barring Sales Generally of Handguns of the Kind in Common Use for*

2   *Traditional Lawful Purposes*

3       56.     The individual Plaintiffs and other SAF and Calguns members and supporters

4   would acquire handguns of the kind in common use throughout the United States, for traditional

5   lawful purposes including self-defense, but cannot do so owing to the operation of Cal. Penal

6   Code § 32000.

7                              **FIRST CLAIM FOR RELIEF**
                          **U.S. CONST., AMEND. II, 42 U.S.C. § 1983**
8

9       57.     Paragraphs 1 through 56 are incorporated as though fully stated herein.

10      58.     Plaintiff Ivan Peña's Para USA P1345SR is an arm whose possession is protected

    by the Second Amendment.

11

12      59.     Plaintiff Roy Vargas's Glock 21 SF with ambidextrous magazine release is an arm

    whose possession is protected by the Second Amendment.

13

14      60.     Plaintiff Doña Croston's Springfield Armory XD-45 is an arm whose possession

    is protected by the Second Amendment.

15

16      61.     Plaintiff Brett Thomas's High Standard revolver is an arm whose possession is

    protected by the Second Amendment.

17

18      62.     Arms of the kind in common use today in the United States for traditional lawful

19  purposes, and protected by the Second Amendment, include handguns lacking chamber loaded

20  indicators, magazine disconnect devices, and microstamping technology.

21      63.     By maintaining and enforcing a set of laws banning access to handguns whose

22  possession is protected by the Second Amendment, Defendant is propagating customs, policies,

23  and practices that violate the Second Amendment to the United States Constitution, facially and

24  as applied against the individual plaintiffs in this action, damaging plaintiffs in violation of 42

25  U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against such

26  customs, policies, and practices.

27

28

---

**SECOND CLAIM FOR RELIEF**
**U.S. CONST., AMEND. XIV,  42 U.S.C. § 1983**
(Equal Protection)

64.     Paragraphs 1 through 63 are incorporated as though fully stated herein.

65.     Defendant's handgun roster program violates Plaintiffs' rights to Equal Protection of the Law as guaranteed by the Fourteenth Amendment to the United States Constitution, in that Defendant allows some people access to handguns barred to plaintiffs, and otherwise make arbitrary, capricious, irrational, and otherwise unjustifiable distinctions among the handguns that Defendant deigns to allow Plaintiffs in their exercise of fundamental Second Amendment rights. Defendant is thereby propagating customs, policies, and practices that  violate the Fourteenth Amendment to the United States Constitution, facially and as applied against the individual plaintiffs in this action, damaging plaintiffs in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendant as follows:

1.      An order permanently enjoining defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him who receive actual notice of the injunction, from enforcing California's Unsafe Handgun Act, California Penal Code, §§ 31900, *et seq.*

2.      Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

3.      Declaratory relief consistent with the injunction; and

4.      Any other further relief as the Court deems just and appropriate.

///

///

///

///

///

Dated: June 4, 2013                                    Respectfully submitted,

Donald E.J. Kilmer, Jr. (Cal. Bar No. 179986)      Jason A. Davis (Cal. Bar No. 224250)
Law Offices of Donald Kilmer, A.P.C.               Davis & Associates
1645 Willow Street, Suite 150                      27281 Las Ramblas, Suite 200
San Jose, CA 95125                                 Mission Viejo, CA 92691
408.264.8489/Fax 408.264.8487                      949.310.0817/ Fax 949.288.6894
E-Mail: Don@DKLawOffice.com

By:    /s/ Donald Kilmer
       Donald E. J. Kilmer, Jr.


Alan Gura (Cal. Bar No. 178221)
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Counsel for Plaintiffs