John C. Eastman, California Bar No. 193726
Center for Constitutional Jurisprudence
c/o Chapman University Fowler School of Law
One University Drive
Orange, CA 92866
Tel.: (714) 628-2587  Fax: (714) 844-4817

Of Counsel:
Erik S. Jaffe, D.C. Bar No. 440112
Erik S. Jaffe, P.C.
5101 34th Street, N.W.
Washington, D.C.  20008
Tel.:   (202) 237-8165 Fax:(202) 237-8166

Attorneys for *Amicus Curiae*
The GLOCK, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| Ivan Pena, *et al.*, | ) Case No. 2:09-CV-01185-KJM-CKD |
|---|---|
| Plaintiffs, | ) MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF GLOCK, INC., IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| Stephen Lindley, | |
| Defendant | |

Comes now *Amicus Curiae* GLOCK, Inc., by and through undersigned counsel, and submit their Motion for Leave to File *Amicus* Brief in Support of Plaintiffs' Motion for Summary Judgment.

**DISCLOSURE STATEMENT**

*Amicus* GLOCK, Inc. is a privately held company owned in part by GLOCK GmbH, the leading manufacturer of pistols around the globe.  No publicly held company owns any part of GLOCK, Inc. and none of GLOCK, Inc.'s private owners are publicly held companies.

Motion for Leave to File Brief of *Amicus Curiae* GLOCK, Inc.

Pena v. Lindley - 1

## ARGUMENT

GLOCK manufactures the world's finest and highly popular pistols, known for their safety, durability, reliability, and ease of use. GLOCK has sold over 9 million pistols worldwide and is the pistol of choice of numerous militaries, police departments, and civilians. GLOCK manufactures over 23 models of pistol, with many models having different variations to meet the varied demands of the market. Roughly half of those models are specifically designed with civilians in mind and are suitable for hunting, sport shooting, and self defense.

GLOCK is interested in this case because the varied and growing requirements of the California gun roster program are inconsistent with the essential qualities of GLOCK pistols that have made them popular for their safety, reliability, durability, and ease of use. GLOCK seeks to present arguments and information to this Court regarding the impact of California's technological requirements on the availability of its pistols to the citizens of California and on why incorporating novel technologies into tried and true pistols that are among the most popular in the world would potentially compromise reliability and safety as well as the other qualities gun owners have come to expect from GLOCK pistols.

GLOCK further notes that it is common practice in Second Amendment cases for courts to hear from *amici curiae* in order to better inform their decisions. *See, e.g.*, *Parker* v. *District of Columbia*, 311 F. Supp. 2d 103, 2004 U.S. Dist. LEXIS 5268 (D.D.C. 2004) (listing *amici curiae*). "[A] decision to accept an amicus brief is within the sound discretion of the court." *United States* v. *Microsoft Corp.,* Civ. A. 98-1233 (TPJ), 1999 WL 1419040, at *1 (D.D.C. Dec. 20, 1999) (overruling objection to submission of memorandum by *amicus curiae); see also Cobell* v. *Norton,* 246 F. Supp. 2d 59, 61 (D.D.C. 2003) ("it is solely within the discretion of the Court to determine the

Motion for Leave to File Brief of *Amicus Curiae* GLOCK, Inc.

Pena v. Lindley - 2

fact, extent, and manner of participation by the *amicus*"). "Generally, courts have exercised great liberality in permitting an *amicus curiae* to file a brief in a pending case .... There are no strict prerequisites ... an individual seeking to appear as *amicus* must merely make a showing that his participation is useful to or otherwise desirable by the court." *United States v. Davis,* 180 F. Supp. 2d 797, 800 (E.D. La. 2001).

GLOCK has sought consent from the parties for this motion and the filing of an *amicus* brief. Consent was granted by plaintiffs but was withheld by defendant. For the foregoing reasons, GLOCK respectfully moves that this Court grant it leave to file an *amicus curiae* brief, to be filed within seven (7) days of the party briefs in this case, which are due today. Such a time period is the standard practice for *amicus* briefs at the appellate level and will not prejudice either the parties or this Court.

Dated: October 25, 2013                              Respectfully Submitted,

| Of Counsel: | John C. Eastman, California Bar No. 193726 |
| Erik S. Jaffe, D.C. Bar No. 440112 | Center for Constitutional Jurisprudence |
| Erik S. Jaffe, P.C. | c/o Chapman University Fowler School of Law |
| 5101 34th Street, N.W. | One University Drive |
| Washington, D.C. 20008 | Orange, CA 92866 |
| Tel.: (202) 237-8165 | Tel.: (714) 628-2587  Fax: (714) 844-4817 |
| Fax: (202) 237-8166 | |

Attorneys for *Amicus Curiae*
GLOCK, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 25th day of October, 2013, I caused the foregoing Motion for Leave to File Amicus Brief of GLOCK, Inc. to be served via the ECF system on all counsel therein:

*s/ John C. Eastman*
John C. Eastman

___

Motion for Leave to File Brief of *Amicus Curiae* GLOCK, Inc.

Pena v. Lindley - 3