**EXHIBIT F**

Alan Gura (Calif. Bar No. 178,221)
Gura & Possessky, PLCC
101 N. Columbus St. Suite 405
Alexandria VA, 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr. (Calif. Bar No. 179986)
Law Office of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.364.84889/Fax 408.264.8487

Jason A. Davis (Calif. Bar No. 224250)
Davis & Associates
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
Tel 949.436.GUNS/Fax 949.288.6894

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IVEN PENA, ROY VARGAS, DONA CROSTON, BRETT THOMAS, SECOND AMENDMENT FOUNDATION, INC. AND THE CALGUNS FOUNDATION, INC.<br><br>Plaintiffs,<br>vs.<br><br>STEPHEN LINDLEY,<br><br>Defendant. | Case No: 2:09-CV-01185-KJM-CMK<br><br>**PLAINTIFF ROY VARGAS'S RESPONSE TO DEFENDANT STEPHEN LINDLEY'S FIRST SET OF INTERROGATORIES** |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Defendant Stephen Lindley |
| 2 | RESPONDING PARTY: | Plaintiff Roy Vargas |
| 3 | SET NUMBER: | One (1) |

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**

State the name, relationship to you, business address and telephone number, employer and title or position of the "willing seller" identified in Paragraph 39 of the amended complaint filed May 11, 2009.

**RESPONSE TO INTERROGATORY NO. 1**

RESPONSE:

Name: PRK Arms

Relationship: California Licensed Dealer

Business Address: 5530 East Lamona Ave., Suite 103, Fresno CA 93727

Telephone Number: 559-283-8666

Employer: PRK Arms

Title or Position: California Licensed Dealer

**INTERROGATORY NO. 2**

State the caliber, barrel length, serial number, condition (i.e. new or used), current owner and location (i.e. address) of the firearm identified in Paragraph 39.

**RESPONSE TO INTERROGATORY NO. 2**

OBJECTION: This request is so vague or ambiguous as to be burdensome or oppressive as to the meaning of "Paragraph 39," which was not defined in the request. Moreover, Plaintiff would have to speculate as to the meaning of the term "Paragraph 39" in order to properly respond to this request.

RESPONSE: Without waiving the aforementioned objections, Plaintiff responds:

Caliber: .45 Cal.

1.     Barrel Length: 4.6"
2.     Serial Number: To Be Determined
3.     Condition (New or Used): New
4.     Current Owner: To Be Determined
5.     Address: To Be Determined

To clarify, PRK Arms has identified their distributors that stock and distribute the firearm in question. PRK stands ready to sell said firearm to Plaintiff should Plaintiff qualify for one of the exemptions or should the law change.

**INTERROGATORY NO. 3**

Do you contend that the "willing seller" identified in Paragraph 39 is able to legally sell you the firearm identified in that paragraph? If so state each fact and identify each document which you believe supports your contention.

**RESPONSE TO INTERROGATORY NO. 3**

OBJECTION: Contention interrogatories asking for each and every fact, or application of law to fact, that supports particular allegations in an opposing pleading may be held overly broad and unduly burdensome. [IPV, Inc. v. Mercantile Bank of Topeka (D KS 1998) 179 FRD 316, 321 – providing "every fact" could require "laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."]

RESPONSE: Without waiving the aforementioned objections, Plaintiff responds: No. Plaintiff is not prohibited from acquiring and possessing firearms and the "willing seller" is, to the best of Plaintiff's knowledge, lawfully entitled to transfer firearms in accordance with United States firearm laws, including but not limited to 18 U.S.C. §921 et seq, and the regulations issued thereto, California firearm laws, including Part 6 of the California Penal Code, and the regulations issued thereto, and local laws. However, the firearm at issue became illegal for the "willing seller" to sell or transfer to Plaintiff, as a California resident, upon the passage and implementation of the Unsafe Handgun Act.

**INTERROGATORY NO. 4**

Do you contend that but for the firearm identified in Paragraph 39 not being listed on California's Roster of Handguns Certified for Sale you are otherwise eligible under all applicable state and federal laws to purchase and possess that firearm? If so, state each fact and identify each document which you believe supports your contention.

**RESPONSE TO INTERROGATORY NO. 4**

OBJECTION: Contention interrogatories asking for each and every fact, or application of law to fact, that supports particular allegations in an opposing pleading may be held overly broad and unduly burdensome. [IPV, Inc. v. Mercantile Bank of Topeka (D KS 1998) 179 FRD 316, 321 – providing "every fact" could require "laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details."]

RESPONSE: Yes. I am a law abiding, responsible citizen and not prohibited from purchasing or possessing firearms under any state, federal or local law of which I am aware, but for the provisions challenged in this litigation.

**INTERROGATORY NO. 5**

State each fact and identify each document which you believe supports your contention in Paragraph 44 that "Defendant permits Glock customers to have their SF21-STD handguns fitted with an ambidextrous release at the Glock factory. In other words, California permits the sale of a Glock 21SF-STD, and the alteration of that handgun by Glock to add an ambidextrous magazine release, but will not allow your customers to purchase a new Glock 21SF's with an ambidextrous magazine release."

**RESPONSE TO INTERROGATORY NO. 5**

RESPONSE: California lists the subject firearm on its current Roster of Handguns Certified for sale, stating: GLOCK 21SF-STD / Steel, Polymer Pistol 4.6" .45 ACP 6/14/2013. The ambidextrous magazine release is a non-cosmetic functional alteration to the existing model. Glock proposed to alter the magazine catch on its models so that the catch grabs the magazine from the middle, rather than from the side, of the magazine. In order to do so, part of the frame

must be cut to allow for a new magazine release button. The modification to the magazine release is a physical change to the firearm. Physical changes to handguns do not qualify as exempt changes pursuant to Penal Code section 32030 (a), which states a firearm shall be deemed to satisfy the requirements of subdivision (a) of Section 32015 if another firearm made by the same manufacturer is already listed and the unlisted firearm differs from the listed firearm only in one or more of the following features:

   (1) Finish, including, but not limited to, bluing, chrome-plating, oiling, or engraving.

   (2) The material from which the grips are made.

   (3) The shape or texture of the grips, so long as the difference in grip shape or texture does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm.

   (4) Any other purely cosmetic feature that does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the firearm.

As such, the firearm must be tested prior to being listed on the Roster of Handguns Certified for Sale in California. Yet, it cannot be added to the Roster of Handguns Certified for Sale in California because the firearm does not meet the requirements of Penal Code section 32010(d).

Moreover, a California owner of a Glock handgun model with a standard magazine release who wishes to have his or her handgun retrofitted with an ambidextrous magazine release by sending it to Glock may do so. Glock could then retrofit the handgun and return it to its owner. No further testing of the retrofitted handgun would be required. Plaintiff identifies the following documents: Exhibit H in Support of Plaintiff's Motion for Summary Judgment, including a letter dated January 12, 2007 from Deputy Attorney General to Carlos Guevara, General Counsel for Glock, Inc.; e-mail dated November 20, 2006, from Carlos Guevara to Justin Phillips; and a letter to Alison Merrilees from Carlos Guevara dated January 12, 2007.

**INTERROGATORY NO. 6**

If in response to Request for Admission 1 you deny that you own at least one operable handgun that is suitable for self-defense, state each fact on which you base your denial.

**RESPONSE TO INTERROGATORY NO. 6**

Not Applicable.

**INTERROGATORY NO. 7**

If in response to Request for Admission 2 you deny that you are able to purchase an operable handgun that is suitable for self-defense, state each fact on which you base your denial.

**RESPONSE TO INTERROGATORY NO. 7**

Not Applicable.

**INTERROGATORY NO. 8**

If in response to Request for Admission 3 you deny that you are able to obtain a Glock 21SF with an ambidextrous magazine release through a private-party transfer under California Penal Code section 32110(a), state each fact on which you base your denial.

**RESPONSE TO INTERROGATORY NO. 8**

RESPONSE: Plaintiff is unaware of any private parties with a California Driver License, California Identification Card or Military identification card who possess such a firearm in an unaltered factory manufactured condition. Nor is Plaintiff aware of any private parties with a California Driver License, California Identification Card or Military identification card who are willing to sell said firearm in an unaltered factory manufactured condition. And, such a firearm is not on the list of handguns approved for a California licensed dealer direct sale in California.

Date: December 11, 2012

WITH RESPECT TO OBJECTIONS ONLY
Davis & Associates

Jason A. Davis
Jason@CalGunLawyers.com
Attorneys for plaintiffs

<pre>
 1                              VERIFICATION
 2   ROY VARGAS declares:
 3   1.   I am a plaintiff in the above-captioned action;
 4   2.   I have read the foregoing "PLAINTIFF ROY VARGAS'S RESPONSE TO
 5        DEFENDANT STEPHEN LINDLEY'S FIRST SET OF INTERROGATORIES" ("The
 6        Response") and know its contents. I am informed and believed that the matters set forth
 7        in the Response are true and accurate, and on that ground I allege, to the best of my
 8        knowledge and information, that the matters therein stated are true and accurate.
 9   I declare under penalty of perjury under the laws of the United States of America that the
10   foregoing is true and correct and that this Verification was executed on December 11, 2012, at
11   Monterey Park, California.
</pre>

_[signature]_
ROY VARGAS