**EXHIBIT I**

KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General
ANTHONY R. HAKL, State Bar No. 197335
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-9041
 Fax: (916) 324-8835
 E-mail: Anthony.Hakl@doj.ca.gov
*Attorneys for Defendant Stephen Lindley*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN PEÑA, ROY VARGAS, DOÑA CROSTON, BRETT THOMAS, SECOND AMENDMENT FOUNDATION, INC. and THE CALGUNS FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN LINDLEY,<br><br>Defendant. | Case No. 2:09-CV-01185-KJM-CMK<br><br>DEFENDANT STEPHEN LINDLEY'S RESPONSE TO INTERROGATORIES, SET ONE |

PROPOUNDING PARTY: PLAINTIFFS, IVAN PEÑA, ROY VARGAS, DOÑA CROSTON, BRETT THOMAS, THE SECOND AMENDMENT FOUNDATION, INC., and THE CALGUNS FOUNDATION, INC.

RESPONDING PARTY: DEFENDANT STEPHEN LINDLEY

SET NO.: ONE

1

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant Stephen Lindley; Deputy Attorney General Anthony R. Hakl; and Deputy Attorney General Kimberly Granger.

**INTERROGATORY NO. 2:**

If defendant has not been sued in his correct name, state the correct name.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant Lindley has been sued in his correct name.

**INTERROGATORY NO. 3:**

Identify every potential party to this lawsuit.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. The phrase "potential party" is vague.

Notwithstanding this objection, based on his understanding of Plaintiffs' claims, Defendant is not aware of any other potential parties.

**INTERROGATORY NO. 4:**

Identify every person with knowledge of relevant facts (i.e., relating to microstamping) and summarize each person's knowledge and opinions.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant Stephen Lindley and Special Agent Supervisor Blake Graham have knowledge of facts relevant to the Roster of Handguns Certified for Sale ("roster"), including but not limited to the microstamping requirement.

Assistant Government Program Analyst Leslie McGovern has knowledge of the relevant administrative facts regarding the placement of handguns on the roster.

**INTERROGATORY NO. 5:**

Identify all persons or entities that have possession, custody, or control of materials relevant (i.e., relating to microstamping) to this suit and the materials over which they have possession, custody, or control.

**RESPONSE TO INTERROGATORY NO. 5:**

The Bureau of Firearms, Defendant Stephen Lindley, Special Agent Supervisor Blake Graham and Assistant Government Program Analyst Leslie McGovern have possession, custody, or control over microstamping materials relevant to this action.

**INTERROGATORY NO. 6:**

Identify Defendant's opinions and contentions about his defenses relating to the facts or the application of law to the facts (i.e., relating to microstamping) in this case.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. This interrogatory is vague and overbroad. The interrogatory fails to identify any specific opinion or contention relating to any particular fact or application of law to facts. The interrogatory is not reasonably calculated to narrow or sharpen the issues. Defendant is under no obligation to state all of his "opinions and contentions" in an interrogatory answer. See, e.g., *American Civil Liberties Union v. Gonzales*, 237 F.R.D. 120, 124 (E.D. Pa. 2006); *Nestle Foods Corp. v. Aetna CA's. & Sur. Co.*, 135 F.R.D. 101, 111 (D. N.J. 1990); *Hockley v. Zent, Inc.*, 89 F.R.D. 26, 31 (M.D. Pa. 1980).

**INTERROGATORY NO. 7:**

Identify any steps taken to preserve materials relevant (i.e., relating to microstamping) to this suit, including any alterations to routine operations of an electronic information system, and do the following:

   a. Identify whether a specific litigation-hold policy or other similar suspension order was created.

   b. Identify the person who created the litigation-hold policy.

   c. Specify the date when the litigation-hold policy was created.

d. State whether the litigation-hold policy was recorded, regardless of the medium (e.g., paper or electronic), and if so, identify the material.

e. Identify the persons who received the litigation-hold policy.

f. Specify the date when the persons received the litigation-hold policy.

g. State whether Defendant will, without a formal request to produce, attach a copy of all materials described in the answer to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant has complied with his duty to preserve evidence relevant to Plaintiffs' microstamping claim. Defendant is unaware of any specific litigation-hold policy or other similar suspension order.

**INTERROGATORY NO. 8:**

Identify each and every manufacturer of firearms who has applied to have a handgun placed on the California approved handgun roster from May 17, 2013 to the time this interrogatory has been answered including but not limited to:

a. Name of the company/manufacturer.

b. Address of the company/manufacturer.

c. Make/model of the firearm submitted for placement on the roster.

d. Whether the handgun is eligible for placement on the roster.

e. For every handgun not eligible for placement on the roster, each reason barring the handgun's eligibility for placement on the roster.

**RESPONSE TO INTERROGATORY NO. 8:**

In response to this interrogatory, Defendant states that from May 17, 2013, to the date of these interrogatory answers, no company or manufacturer has submitted a firearm for placement on the California approved handgun roster that satisfies California's microstamping requirement. Nevertheless, during the time period in question, companies and manufacturers have submitted numerous handguns for placement on the California handgun roster pursuant to Penal Code section 32030, and Defendant has placed several of those firearms on the roster, thus making additional

handguns available to the public for purchase. Defendant is still compiling the additional data responsive to this interrogatory and will supplement this answer as soon as possible.

**INTERROGATORY NO. 9:**

Identify each and every academic report and/or study that purports to set forth the public safety advantages of microstamping. Please include:

a. Author of the report/study.

b. Source of funding for the report/study.

c. Date of publication of the study/report.

d. Whether or not the study/report was peer reviewed.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant is aware of the study titled by "*What Micro Serialized Firing Pins Can Add to Firearm Identification in Forensic Science: How Viable are Micro-Marked Firing Pin Impressions as Evidence?*" (available at http://forensicscience.ucdavis.edu/pdf/microserial.pdf). The authors are David Howitt, Ph. D., Frederic A. Tulleners, and Michael T. Beddow, Forensic Science Graduate Group, University of California, Davis. The study was funded by the California Policy Research Center, University of California. Defendant does not know the exact publication date, but it appears to have been published in 2008. The study indicates it was peer reviewed.

**INTERROGATORY NO. 10:**

Identify each and every criminological report and/or study that purports to set forth the public safety advantages of microstamping. Please include:

a. Author of the report/study.

b. Source of funding for the report/study.

c. Date of publication of the study/report.

d. Whether or not the study/report was peer reviewed.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant is aware of "*Forensic Firearm Identification of Semiautomatic Handguns Using Laser Formed Microstamping Elements*" (available at http://csgv.org/wp/wp-content/uploads/2013/06/FORENSIC-FIREARM-IDENTIFICATION-OF-SEMIAUTOMATIC-HANDGUNS-LIZOTTE.pdf). The authors are Todd E. Lizotte and Orest Ohar, Microstamping Technology Transfer Center, Pivotal Development Company, Londonderry, NH 03053. Defendant does not know who funded the study or whether it was peer reviewed. The date of the study appears to be 2008.

Defendant is also aware of "*Extracting Ballistic Forensic Intelligence: Microstamped Firearms Deliver Data for Illegal Firearm Traffic Mapping – Technology*" (available at http://csgv.org/wp/wp-content/uploads/2013/06/LIZOTTE-RESEARCH-PAPER-AUGUST-2009.pdf). The authors are Orest P. Ohar and Todd E. Lizotte, Pivotal Development, LLC Hooksett, NH 03106. The date of the study is 2009. Defendant does not know who funded the study or whether it was peer reviewed.

**INTERROGATORY NO. 11:**

Identify each and every government report and/or study that purports to set forth the public safety advantages of microstamping. Please include:

a. Author of the report/study.

b. Source of funding for the report/study.

c. Date of publication of the study/report.

d. Whether or not the study/report was peer reviewed.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant is aware of the book Ballistic Imaging, by Daniel L. Cork, John E. Rolph, Eugene S. Meieran, and Carol V. Petrie, Editors, Committee to Assess the Feasibility, Accuracy and Technical Capability of a National Ballistics Database, National Research Council. The date of publication is 2008. With respect to funding, the book indicates that "it was supported by contract 2003-IJ-CX-1013 between the National Academy of Sciences and the National Institute

of Justice. The work of the Committee on National Statistics is provided by a consortium of federal agencies through a grant from the National Science Foundation (Number SBR-0112521)." Defendant presumes the book was peer reviewed.

**INTERROGATORY NO. 12:**

Identify each person who would offer testimony in this case supporting your contentions regarding microstamping.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant Stephen Lindley, Special Agent Supervisor Blake Graham, and Associate Governmental Program Analyst Leslie McGovern.

**INTERROGATORY NO. 13:**

If Request for Admission #1 is denied, set forth each and every fact to support your belief that the Court lacks personal jurisdiction over all the parties to this lawsuit.

**RESPONSE TO INTERROGATORY NO. 13:**

Not applicable.

**INTERROGATORY NO. 14:**

If Request for Admission #2 is denied, set forth each and every fact to support your belief that the Court lacks subject matter jurisdiction over the issues raised in this lawsuit.

**RESPONSE TO INTERROGATORY NO. 14:**

Not applicable.

**INTERROGATORY NO. 15:**

If Request for Admission #3 is denied, set forth each and every fact to support your belief that the Defendant named in the Second Amended Complaint (Doc #53) is not properly named.

**RESPONSE TO INTERROGATORY NO. 15:**

Not applicable.

**INTERROGATORY NO. 16:**

If Request for Admission #4 is denied, describe each handgun, by make and model, that you claim satisfies California's microstamping requirement.

7

**RESPONSE TO INTERROGATORY NO. 16:**

Not applicable.

**INTERROGATORY NO. 17:**

If Request for Admission #5 is denied, describe all plans known to you by any firearms manufacturer to introduce handguns for sale in the United States that include California compliant microstamping technology.

**RESPONSE TO INTERROGATORY NO. 17:**

Not applicable, but Defendant currently does not know of any such plans.

**INTERROGATORY NO. 18:**

If Request for Admission #6 is denied, describe the basis for your belief that a firearms manufacturer will, in the foreseeable future, offer handguns for sale in the United States that incorporate microstamping technology compliant with the requirements of California's handgun roster law.

**RESPONSE TO INTERROGATORY NO. 18:**

Not applicable, but Defendant currently does not have such a belief.

**INTERROGATORY NO. 19:**

If Request for Admission #7 is admitted, describe the additional cost of adding California-compliant microstamping technology to each firearm.

**RESPONSE TO INTERROGATORY NO. 19:**

Not applicable, but Defendant does not know of any such additional cost.

**INTERROGATORY NO. 20:**

If Request for Admission #8 is denied, set forth each and every fact that supports your belief that the microstamping requirement does not prevent Plaintiff Peña from acquiring the firearm identified in paragraph 41 of the Second Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff could acquire the firearm by way of a private party transaction.

**INTERROGATORY NO. 21:**

If Request for Admission #9 is denied, set forth each and every fact that supports your belief that the microstamping requirement does not prevent Plaintiff Vargas from acquiring the firearm identified in paragraph 43 of the Second Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff could acquire the firearm by way of a private party transaction.

**INTERROGATORY NO. 22:**

If Request for Admission #10 is denied, set forth each and every fact that supports your belief that the microstamping requirement does not prevent Plaintiff Croston from acquiring the firearm identified in paragraph 49 of the Second Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff could acquire the firearm by way of a private party transaction.

**INTERROGATORY NO. 23:**

If Request for Admission #11 is denied, set forth each and every fact that supports your belief that the microstamping requirement does not prevent Plaintiff Thomas from acquiring the firearm identified in paragraph 54 of the Second Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff could acquire the firearm by way of a private party transaction.

**INTERROGATORY NO. 24:**

Set forth each and every fact that supports your First Affirmative Defense in the Answer to the Second Amended Complaint (Doc #54) that the Second Amended Complaint (Doc #53) fails to present a case or controversy that is ripe for the Court's consideration.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiffs have failed to make a meaningful attempt to acquire the handguns in question and are able to legally acquire the handguns, such as through a private party transaction.

**INTERROGATORY NO. 25:**

Set forth each and every fact that supports your Second Affirmative Defense in the Answer to the Second Amended Complaint (Doc #54) that the individual plaintiffs (Peña, Vargas, Croston and Thomas) lack standing to bring this action.

**RESPONSE TO INTERROGATORY NO. 25:**

Plaintiffs have failed to make a meaningful attempt to acquire the handguns in question and are able to legally acquire the handguns, such as through a private party transaction.

**INTERROGATORY NO. 26:**

Set forth each and every fact that supports your Second Affirmative Defense in the Answer to the Second Amended Complaint (Doc #54) that the individual plaintiffs (Peña, Vargas, Croston and Thomas) have suffered no injuries or credible threat of injuries.

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiffs have failed to make a meaningful attempt to acquire the handguns in question and are able to legally acquire the handguns, such as through a private party transaction.

**INTERROGATORY NO. 27:**

Set forth each and every fact that supports your Second Affirmative Defense in the Answer to the Second Amended Complaint (Doc #54) that the plaintiff Second Amendment Foundation, Inc., lacks associational standing to bring this action.

**RESPONSE TO INTERROGATORY NO. 27:**

Because the individual Plaintiffs do not have standing to sue, Second Amendment Foundation, Inc. does not have associational standing. An association has standing when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).

1 **INTERROGATORY NO. 28:**

Set forth each and every fact that supports your Second Affirmative Defense in the Answer to the Second Amended Complaint (Doc #54) that plaintiff The Calguns Foundation, Inc., lacks associational standing to bring this action.

**RESPONSE TO INTERROGATORY NO. 28:**

Because the individual Plaintiffs do not have standing to sue, The Calguns Foundation, Inc. does not have associational standing. An association has standing when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).

**INTERROGATORY NO. 29:**

Set forth each and every fact that supports your Second Affirmative Defense in the Answer to the Second Amended Complaint (Doc #54) that the institutional plaintiffs (Second Amendment Foundation, Inc., and The Calguns Foundation, Inc.) have suffered no injuries or credible threat of injuries.

**RESPONSE TO INTERROGATORY NO. 29:**

Defendant is simply unaware of any action by him that has resulted in a concrete and demonstrable injury to Second Amendment Foundation, Inc. or The Calguns Foundation, Inc.'s activities.

**INTERROGATORY NO. 30:**

Set forth each and every fact that supports your Third Affirmative Defense in the Answer to the Second Amended Complaint (Doc #54) that Plaintiffs' claims are barred by the Eleventh Amendment.

**RESPONSE TO INTERROGATORY NO. 30:**

Defendant contends that the Eleventh Amendment provides immunity against any suit where he is sued for damages in his official capacity. Defendant pled this affirmative defense out

of an abundance of caution.  Defendant does not contend that the Eleventh Amendment prohibits Plaintiffs' claims for declaratory or injunctive relief as currently pled.

Dated: August 19, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General

ANTHONY R. HAKL
Deputy Attorney General
*Attorneys for Defendant Stephen Lindley*

SA2009310413

## VERIFICATION

I, Stephen Lindley, declare:

I am the Chief of the Bureau of Firearms of the California Department of Justice. I have read Defendant Stephen Lindley's Response To Interrogatories, Set One. I know their contents and the same are true to my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August __, 2013 in Sacramento, California.

_____
Stephen Lindley

## DECLARATION OF SERVICE BY U.S. MAIL and E-MAIL

Case Name: **Ivan Pena, et al. v. Stephen Lindley**
No.:       **2:09-CV-01185-KJM-CKD**

I declare:
I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 19, 2013, I served the attached
1. **DEFENDANT STEPHEN LINDLEY'S RESPONSE TO INTERROGATORIES, SET ONE**
2. **DEFENDANT STEPHEN LINDLEY'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE**
by transmitting a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

| | |
|---|---|
| Donald E.J. Kilmer, Jr.<br>Attorney at Law<br>Law Offices of Donald Kilmer, A.P.C.<br>1645 Willow Street, Suite 150<br>San Jose, CA  95125<br>E-Mail:<br>don@dklawoffice.com<br>*Co-Counsel for Plaintiffs* | Alan Gura<br>Gura & Possessky, PLLC<br>101 North Columbus Street, Suite 405<br>Alexandria, VA 22314<br>E-Mail:<br>alan@gurapossessky.com<br>*Co-Counsel for Plaintiffs* |
| Jason A. Davis<br>Davis & Associates<br>30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, CA 92688<br>E-Mail:<br>Jason@calgunlawyers.com<br>*Co-Counsel for Plaintiffs* | |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 19, 2013, at Sacramento, California.

BRENDA APODACA                           *[signature: Brenda Apodaca]*
Declarant                                 Signature

I00015