Alan Gura, Calif. Bar No.: 178221
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr., Calif. Bar No.: 179986
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

Jason A. Davis, Calif. Bar No.: 224250
Davis & Associates
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
949.310.0817/Fax 949.288.6894

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| Ivan Peña, et al., | Case No. 2:09-CV-01185-KJM-CKD |
|---|---|
| Plaintiffs, | **PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS (SUF) IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| Stephen Lindley, | |
| Defendant. | **Fed. R. Civ. Proc. 56** |
| | **Local Rule 260** |

As required by Local Rule 260, Plaintiffs contend there is no genuine issue about the following material facts:

| **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|
| 1. Handguns are arms of the kind in common use for traditional lawful purposes. | *District of Columbia v. Heller*, 554 U.S. 570 (2008); Bureau of Alcohol, Tobacco, Firearms & Explosives, Annual Firearms Manufacturing and Export Report ("ATF Report"), available at http://www.atf.gov/files/statistics/download/afmer/2011-final-firearms-manufacturing-export-report.pdf (last visited Oct. 24, 2013) |

Plaintiffs' SUF  *Peña v. Lindley*

| Undisputed Fact | Support for Undisputed Fact |
|---|---|
| 2. Semi-automatic firearms with detachable magazines are arms of the kind in common use for traditional lawful purposes. | See, e.g. ATF Report, SUF 1; Hoffman Decl., ¶ 15 |
| 3. Semi-automatic firearms with detachable magazines utilizing center-fire ammunition are arms of the kind in common use for traditional lawful purposes. | See, e.g. ATF Report, SUF 1; Hoffman Decl., ¶ 15 |
| 4. California Law provides that "any person in this state who manufactures or causes to be manufactured, imports into the state for sale, keeps for sale, offers or exposes for sale, gives, or lends any unsafe handgun shall be punished by imprisonment in a county jail not exceeding one year." | California Penal Code § 32000 |
| 5. California law presumes that *all* handguns are "unsafe" and therefore, generally barred from importation and sale, unless those handguns have been placed on the state's special roster of handguns "determined not to be unsafe." | California Penal Code §§ 31910 *et seq.*, 32015 *et seq.* |
| 6. Since 2007, a center-fire[1] semi-automatic[2] handgun cannot make the roster if it does not have both a chamber load indicator and, if it has a detachable magazine, a magazine disconnect mechanism. | California Penal Code §§ 31910(b)(5), 32010(d)(2). |

---

[1] Most handguns use center-fire ammunition, which fires a bullet when the center of the cartridge is struck by the gun's firing pin, igniting the primer.

[2] A semi-automatic handgun is handgun that fires one bullet each time the trigger is pulled, with the firing of each bullet causing the next round to be loaded into the chamber from a magazine. Most handguns in the United States are semi-automatic. Almost all the rest are revolvers, which hold several rounds in a rotating cylinder and also fire one bullet with each pull of the trigger. Nothing in the challenged laws, or this litigation, relates to fully-automatic weapons (machine guns), which are the subject of other specific legislative enactments.

| Undisputed Fact | Support for Undisputed Fact |
|---|---|
| 7. Since 2006, a rimfire[3] semi-automatic handgun must have a magazine disconnect mechanism if it has a detachable magazine. | California Penal Code §§ 31910(b)(6), 32010(d)(3). |
| 8. Handguns rostered prior to the effective dates of these requirements can remain rostered despite lacking these features. | California Penal Code §§ 31910(b)(5), 31910(b)(6). |
| 9. A magazine disconnect mechanism is "a mechanism that prevents a semiautomatic pistol that has a detachable magazine from operating to strike the primer of ammunition in the firing chamber when a detachable magazine is not inserted in the semiautomatic pistol." | California Penal Code §16900(d). |
| 10. A chamber load indicator ("CLI") is "a device that plainly indicates that a cartridge is in the firing chamber." | California Penal Code § 16380(c). |
| 11. Not all CLIs satisfy the California requirement. Under California law:<br><br>[A] device satisfies this definition if it is readily visible, has incorporated or adjacent explanatory text or graphics, or both, and is designed and intended to indicate to a reasonably foreseeable adult user of the pistol, without requiring the user to refer to a user's manual or any other resource other than the pistol itself, whether a cartridge is in the firing chamber. | California Penal Code § 16380(c). |

---

[3] Rimfire ammunition, which is fired when struck on its rim by the gun's firing pin, is primarily used in the smallest calibers. For technical reasons, chamber load indicators are not feasible for rimfire ammunition.

| Undisputed Fact | Support for Undisputed Fact |
|---|---|
| 12. Defendant tests the sufficiency of CLIs by asking his employees if they understand the CLI – and when the regulatory authority's employees allegedly fail to understand the CLI, regardless of what the CLI is "designed and intended to indicate to a reasonable adult," the CLI is ruled inadequate. | Exhibit A – Consisting of: February 8, 2007 letter from California Department of Justice to Mr. Kevin B. Reid, Sr., of Sturm, Ruger & Co., Inc. February 9, 2007 letter from California Department of Justice to Mrs. Debra Else of Springfield Armory, Inc. October 3, 2007 from California Deparement of Justice to Mrs. Debra Else of Springfield Armory, Inc. |
| 13. Given the rarity of CLIs and magazine disconnect devices, handguns lacking these features are in common use today, comprising the overwhelming majority of handguns. | Exhibit B – Consisting of: Legislative History of "Unsafe Handgun Bill" Author Bill File [See: pp. 6, 9, 10] Exhibit C – Consisting of: Legislative History of "Unsafe Handgun Bill" Senate Floor Analysis [See: p. 7] |
| 14. California legislators specifically considered that CLIs and magazine disconnects are available on only perhaps 11% and 14% of handguns, respectively, as proposed by the author of the bill mandating these features. | Exhibit B – Consisting of: Legislative History of "Unsafe Handgun Bill" Author Bill File [See: pp. 6, 9, 10] Exhibit C – Consisting of: Legislative History of "Unsafe Handgun Bill" Senate Floor Analysis [See: p. 7] |
| 15. Because CLIs and magazine disconnect mechanisms were viewed as beneficial, the California Legislature hoped that mandating these features would alter the firearms market. | Exhibit B – Consisting of: Legislative History of "Unsafe Handgun Bill" Author Bill File [See: pp. 6, 9, 10] |

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 16. | A handgun safety mechanism may fail or be misused by the user of a handgun. | Exhibit D – Consisting of: Study Guide for Handgun Safety Certificate. Published by the California Department of Justice. (p. 25) Available at: http://www.ag.ca.gov/firearms/forms/pdf/hscsg.pdf |
| 17. | A chamber loaded indicator is a mechanical device that may fail or be misinterpreted by the user of a handgun. | Exhibit D – Consisting of: Study Guide for Handgun Safety Certificate. Published by the California Department of Justice. (p. 25) Available at: http://www.ag.ca.gov/firearms/forms/pdf/hscsg.pdf |
| 18. | A magazine disconnect mechanism is a mechanical device that may fail. | Exhibit D – Consisting of: Study Guide for Handgun Safety Certificate. Published by the California Department of Justice. (p. 25) Available at: http://www.ag.ca.gov/firearms/forms/pdf/hscsg.pdf |
| 19. | As the state advises handgun purchasers, "Any machine can malfunction. A firearm is no different." | Exhibit D – Consisting of: Study Guide for Handgun Safety Certificate. Published by the California Department of Justice. (p. 25) Available at: http://www.ag.ca.gov/firearms/forms/pdf/hscsg.pdf |
| 20. | To acquire any handgun in California, an individual must pass a written handgun safety test. | California Penal Code §§ 16170(b), 16370, 16450, 31610 - 31700 (inclusive). |

| Undisputed Fact | | Support for Undisputed Fact |
|---|---|---|
| 21. | The test requires knowledge of the basic rules of handgun safety, the first of which is: "Treat all guns as if they are loaded." | Exhibit D – Consisting of:<br><br>Study Guide for Handgun Safety Certificate. Published by the California Department of Justice. (p. 9)<br><br>Available at: http://www.ag.ca.gov/firearms/forms/pdf/hscsg.pdf |
| 22. | The state's study guide for the handgun safety test further provides:<br><br>Always assume that a gun is loaded even if you think it is unloaded.<br><br>Every time a gun is handled for any reason, check to see that it is unloaded [by following specific instructions for unloading the gun].<br><br>If you are unable to check a gun to see if it is unloaded, leave it alone and seek help from someone more knowledgeable about guns. | Exhibit D – Consisting of:<br><br>Study Guide for Handgun Safety Certificate. Published by the California Department of Justice. (p. 9)<br><br>Available at: http://www.ag.ca.gov/firearms/forms/pdf/hscsg.pdf |
| 23. | The state's specific instructions for unloading a semi-automatic handgun contained in its gun safety study guide provides that a mechanical safety<br><br>[It] is not foolproof so do not rely on the safety to prevent an accidental discharge.<br><br>A safety should only be used as an additional safety measure.<br><br>Never pull the trigger on any firearm with the safety in the "safe" position because thereafter the firearm could fire at any time without the trigger ever being touched. | Exhibit D – Consisting of:<br><br>Study Guide for Handgun Safety Certificate. Published by the California Department of Justice. (p. 20)<br><br>Available at: http://www.ag.ca.gov/firearms/forms/pdf/hscsg.pdf |

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 24. | Although the state's gun safety study guide does not discuss chamber loaded indicators or magazine disconnect devices, it teaches, in order to pass the mandatory safety test, rules that would have gun owners ignore such devices. The study guide specifically instructs that in order to verify a semi-automatic handgun is unloaded, one must remove the magazine and visually inspect the chamber to verify that it is empty. | Exhibit D – Consisting of:<br><br>Study Guide for Handgun Safety Certificate. Published by the California Department of Justice. (p. 45 – 47)<br><br>Available at: http://www.ag.ca.gov/firearms/forms/pdf/hscsg.pdf |
| 25. | In a large red box marked "CAUTION," the state's gun safety study guide provides:<br><br>You should NOT assume a semiautomatic pistol is unloaded just because the magazine is removed from the handgun.<br><br>Do not allow the slide to go forward UNLESS you have:<br><br>1. Checked again to be sure the chamber is empty, and<br><br>2. Checked again to be sure the magazine has been REMOVED.<br><br>If you pull the slide back ejecting the cartridge, check the chamber, let the slide go forward, and THEN remove the magazine, you have a loaded, dangerous firearm (a cartridge is in the chamber) even though you have removed the magazine. It is common and sometimes fatal to make this error.<br><br>ALWAYS REMOVE THE MAGAZINE FIRST! | Exhibit D – Consisting of:<br><br>Study Guide for Handgun Safety Certificate. Published by the California Department of Justice. (p. 22)<br><br>Available at: http://www.ag.ca.gov/firearms/forms/pdf/hscsg.pdf |

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 26. | In order to purchase a handgun, the buyer must demonstrate that he or she knows how to safely operate the handgun, including following the instructions set forth in ¶ 22 above. | California Penal Code §§ 26840, 26845, 26850, 26853, 26856, 26859, 26865. |
| 27. | California law requires that all newly purchased firearms either be accompanied by an approved gun lock or the purchaser's affidavit that she owns an adequate lock box or gun safe. | California Penal Code §§ 23635, 23640. |
| 28. | All semi-automatic handguns not on the approved roster prior to 2013 are barred from the approved handgun roster unless they employ so-called "microstamping technology." | Cal. Penal Code § 31910(b)(7)(A) |
| 29. | "The Attorney General may also approve a method of equal or greater reliability and effectiveness in identifying the specific serial number of a firearm from spent cartridge casings discharged by that firearm than that which is set forth in this paragraph . . ." | Cal. Penal Code § 31910(b)(7)(B) |
| 30. | The microstamping requirement of Cal. Penal Code § 31910(b)(7) became effective on May 17, 2013 because on that date, the California Department of Justice issued Information Bulletin No.: 2013-BOF-03, wherein Defendant Lindley announced that the Department had determined that the technology described in Penal Code § 31910(b)(7) is now available to more than one manufacturer unencumbered by any patent restrictions. | See Exhibit N – consisting of California Department of Justice Information Bulletin No.: 2013-BOF-03. |
| 31. | There are no manufacturers of new model semiautomatic firearms that offer products with microstamping technology for sale in the United States, nor have any applied to have such a handgun placed on the California approved roster. | Defendant Lindley's Response to Request for Admission Set One, No.: 4, served on August 19, 2013. See Exhibit O.<br><br>Defendant Lindley's Response to Interrogatories Set One, No.: 8, served on August 19, 2013. See Exhibit P. |

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 32. | Listings on the California handgun roster are valid for one year, and must be renewed annually, including payment of an annual fee, prior to expiration to remain valid. | 11 Calif. Code of Regulations § 4072(b). |
| 33. | Defendant charges firearms manufacturers, importers, and dealers annual fees, ostensibly to operate the handgun roster program. Any handgun whose manufacturer fails to pay the required fees may be excluded from the roster for that reason alone. | California Penal Code § 32015 |
| 34. | The initial and renewal annual listing fees for inclusion on the handgun roster are $200. | 11 Calif. Code of Regulations § 4072(b). |
| 35. | Other than the California DOJ, only the manufacturer/importer of a handgun model is authorized to submit that handgun model to a DOJ-Certified Laboratory for testing. | 11 Calif. Code of Regulations § 4059(c). |
| 36. | A handgun can remain on the roster if its manufacturer/importer goes out of business or discontinues the model, provided that the model is not being offered for sale to licensed dealers, and "a fully licensed wholesaler, distributor, or dealer submits a written request to continue the listing and agrees to pay the annual maintenance fee." | 11 Calif. Code of Regulations § 4070(d). |
| 37. | So long as a handgun is sold to dealers outside of California, the handgun's manufacturer can cause the sale of that handgun to be forbidden inside California by failing to submit the gun for testing in that state or refusing to pay the annual $200 fee. | California Penal Code § 32015; 11 Calif. Code of Regulations §§ 4059, 4070, 4072 |

| **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|
| 38. A manufacturer/importer or other responsible party may submit a written request to list a handgun model that was voluntarily discontinued or was removed for lack of payment of the annual maintenance fee. The request may be approved, and the handgun restored to the "safe gun" roster, provided the fee is paid. | 11 Calif. Code of Regulations §4070(e). |
| 39. The following firearms and transactions are exempted from the handgun rostering requirement:<br><br>(1) Firearms defined as curios or relics under federal law;<br>(2) The purchase of any firearm by any law enforcement officer – State or Federal;<br>(3) Pistols that are designed expressly for use in Olympic target shooting events, as defined by rule;<br>(4) Certain single-action revolvers, as defined by rule; and<br>(5) The sale, loan, or transfer of any firearm that is to be used solely as a prop during the course of a motion picture, television, or video production by authorized people related to the production. | California Penal Code §§ 32000, 32100, 32105, 32110. |
| 40. It is not illegal in California to import an unrostered handgun when moving into the state without the intention of selling it, nor is it illegal in California to possess or use an unrostered handgun that is otherwise lawful to possess or use. | California Penal Code §§ 32000(a). |

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 41. | California also exempts private party transfers, intra-familial transfers including gifts and bequests, various loans, and various single-action revolvers.[4] | California Penal Code §§ 32105, 32100, 32110. |
| 42. | Plaintiff Ivan Peña has sought to purchase a Para USA (Para Ordnance) P1345SR / Stainless Steel .45 ACP 4.25", and has identified a willing seller who stands ready to deliver said handgun to him. | Declaration of Ivan Peña ¶ 4. |
| 43. | Peña's Para USA P1345SR was listed on California's Handgun Roster until December 31, 2005, when it was discontinued and its listing not renewed. | Exhibit E – Consisting of: Department of Justice Bureau of Firearms De-Certified Handgun Models (p.19) Available at: http://ag.ca.gov/firearms/forms/pdf/removed.pdf |
| 44. | Peña cannot lawfully purchase and take possession of the handgun as that handgun is not on the California Handgun Roster. | Exhibit E – Consisting of: Department of Justice Bureau of Firearms De-Certified Handgun Models (p.19) Available at: http://ag.ca.gov/firearms/forms/pdf/removed.pdf |
| 45. | Peña fears arrest, prosecution, fine and incarceration if he completes this handgun purchase. | Declaration of Ivan Peña ¶ 7. |

---

[4] "Single" or "double" action refers to the gun's trigger function, one "action" being the effect of drawing back the hammer, another "action" being the effect of dropping the hammer. Guns can be designed to operate in single-action, double-action, or effectively both (if a gun has a hammer that might be retracted either manually or by pulling the trigger).

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 46. | Plaintiff Roy Vargas has sought to purchase a Glock 21 SF with an ambidextrous magazine release, and has identified a willing seller who stands ready to deliver said handgun to Plaintiff. | Declaration of Roy Vargas ¶ 4. |
| 47. | Vargas cannot lawfully purchase and take possession of the handgun as that handgun is not listed on the California Handgun Roster. | Declaration of Roy Vargas ¶ 5. |
| 48. | Vargas fears arrest, prosecution, fine and incarceration if he completes this handgun purchase. | Declaration of Roy Vargas ¶ 6. |
| 49. | Vargas was born without an arm below the right elbow. | Declaration of Roy Vargas ¶ 7. |
| 50. | The Glock 21 SF-STD with a standard magazine release is listed on the California Handgun Roster. | Declaration of Roy Vargas ¶ 8. |
| 51. | The Glock-21 SF with ambidextrous magazine release is superior for left-handed shooters such as Mr. Vargas, as opposed to the approved version of the Glock 21. | Declaration of Roy Vargas ¶ 9. |
| 52. | Glock's efforts to add the Glock 21 SF with ambidextrous magazine release to the California Roster have failed. | <u>Exhibit F</u> – Consisting of: January 12, 2007 Letter from California Department of Justice to Mr. Carlos Guevara, General Counsel of Glock, Inc. |
| 53. | Defendant permits Glock customers to have their Glock 21 SF-STD handguns fitted with an ambidextrous release at the Glock factory. | <u>Exhibit F</u> – Consisting of: January 12, 2007 Letter from California Department of Justice to Mr. Carlos Guevara, General Counsel of Glock, Inc. |
| 54. | Plaintiff Doña Croston has sought to purchase a Springfield Armory XD-45 Tactical 5" Bi-Tone stainless steel/black handgun in .45 ACP, model number XD9623, and has identified a willing seller who stands ready to deliver said handgun to her. | Declaration of Doña Croston ¶ 4. |

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 55. | Croston cannot lawfully purchase and take possession of the handgun as that handgun is not on the California Handgun Roster. | Declaration of Doña Croston ¶ 5. |
| 56. | Croston fears arrest, prosecution, fine and incarceration if she completes this handgun purchase. | Declaration of Doña Croston ¶ 6. |
| 57. | Other models of this identical gun – but in different colors – are listed on the handgun roster and are thus available to Ms. Croston: the XD-45 Tactical 5" .45 ACP in black (model XD9621), the XD-45 Tactical 5" .45 ACP in OD Green (model XD9622), and the XD-45 Tactical 5" .45 ACP in Dark Earth (XD9162). | Exhibit G – Consisting of: California Department of Justice Roster of Approved Guns made by Springfield Armory. Available at: http://certguns.doj.ca.gov/safeguns_resp.asp |
| 58. | The particular Bi-Tone XD-45 that Ms. Croston would possess was not released until after California required newly-listed guns to have a chamber load indicator and magazine disconnect device. | Exhibit A – Consisting of: February 9, 2007 letter from California Department of Justice to Mrs. Debra Else of Springfield Armory, Inc. October 3, 2007 from California Department of Justice to Mrs. Debra Else of Springfield Armory, Inc. |
| 59. | Springfield Armory could not get the XD-45 in .45 ACP and Bi-Tone finish registered given the new listing requirements. | Exhibit A – Consisting of: February 9, 2007 letter from California Department of Justice to Mrs. Debra Else of Springfield Armory, Inc. October 3, 2007 from California Department of Justice to Mrs. Debra Else of Springfield Armory, Inc. |
| 60. | The XD-45 Bi-Tone in .45 has a loaded chamber indicator, but the California Department of Justice has decided it does not qualify under Penal Code § 16380(c). | Exhibit H – Consisting of: Technical Data from Springfield Armory |

| **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|
| 61. The XD-45 also lacks a magazine disconnect device. | Exhibit H – Consisting of: Technical Data from Springfield Armory |
| 62. The handgun at issue in *District of Columbia* v. *Heller*, 554 U.S. 570 (2008), was a High Standard 9-shot revolver in .22 with a 9.5" Buntline-style[5] barrel. | Exhibit I – Consisting of: Redacted copy of Application for Firearm Registration Certificate for Dick A. Heller. This document was Exh A. On Motion for Summary Judgment in Civil Case 03-0213-EGS [4-10]; JA 32 in D.C. Cir. 04-7041; App. to Pet. For Cert. U.S. Supreme Ct. 07-290 at 119a. |
| 63. Plaintiff Brett Thomas has sought to purchase an identical High Standard 9-shot revolver in .22 with a 9.5" Butline-style barrel, and has identified a willing seller who stands ready to deliver said handgun to Thomas. | Declaration of Brett Thomas ¶ 5. |
| 64. Thomas cannot lawfully purchase and take possession of the handgun as that handgun is not on the California Handgun Roster. | Declaration of Brett Thomas ¶ 6. |
| 65. Thomas fears arrest, prosecution, fine and incarceration if he completes this handgun purchase. | Declaration of Brett Thomas ¶ 7. |

---

[5] A "Buntline" is a Western-style extra-long barrel revolver, named for 19th-century novelist Ned Buntline who was said to commission such guns for famous personalities of the day.

| Undisputed Fact | Support for Undisputed Fact |
|---|---|
| 66. Plaintiffs Ivan Peña and Brett Thomas are law-abiding citizens, shooting enthusiasts and gun collectors, as are other members and supporters of Plaintiffs Second Amendment Foundation, Inc. ("SAF") and Calguns Foundation, Inc. ("CGF"). Peña, Thomas, and other SAF and CGF members and supporters would acquire new semiautomatic handguns of the kind in common use throughout the United States, for traditional lawful purposes including self-defense, but cannot do so owing to California's microstamping scheme | Declaration of Ivan Pena<br><br>Declaration of Brett Thomas<br><br>Declaration of Alan Gottlieb<br><br>Declaration of Gene Hoffman |
| 67. California's handgun rostering scheme substantially limits commerce in (and therefore Plaintiffs' access to) unrostered handguns, since no dealer can stock these firearms. This results in a significant loss of choice and price competition. | Declaration of Ivan Pena<br><br>Declaration of Brett Thomas<br><br>Declaration of Alan Gottlieb<br><br>Declaration of Gene Hoffman |
| 68. Plaintiffs would suffer increased costs in transporting and transferring their firearms from out-of-state dealers that they would not suffer if the firearms were available for sale in California. | Declaration of Ivan Pena<br><br>Declaration of Brett Thomas<br><br>Declaration of Alan Gottlieb<br><br>Declaration of Gene Hoffman |
| 69. Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. | Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc., ¶ 2. |
| 70. SAF has over 650,000 members and supporters nationwide, including many in California. | Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc., ¶ 3. |

| | **Undisputed Fact** | **Support for Undisputed Fact** |
|---|---|---|
| 71. | The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. | Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc., ¶ 4. |
| 72. | Plaintiff The Calguns Foundation, Inc. is a non-profit organization incorporated under the laws of California with its principal place of business in San Carlos, California. | Declaration of Gene Hoffman, Jr., Chairman of the Calguns Foundation, Inc., ¶ 2. |
| 73. | Calguns supports the California firearms community by promoting education for all stakeholders about firearm laws, rights and privileges, and securing the civil rights of California gun owners, who are among its members and supporters. | Declaration of Gene Hoffman, Jr., Chairman of the Calguns Foundation, Inc., ¶ 3. |
| 74. | SAF and Calguns expend their resources encouraging exercise of the right to bear arms, and advising and educating their members, supporters, and the general public about the legality of particular firearms. The issues raised by, and consequences of, Defendant's policies, are of great interest to SAF and Calguns' constituencies. | Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc., ¶ 5.<br><br>Declaration of Gene Hoffman, Jr., Chairman of the Calguns Foundation, Inc., ¶ 4. |
| 75. | Defendant's policies regularly cause the expenditure of resources by SAF and Calguns as people turn to these organizations for advice and information. | Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc., ¶ 6.<br><br>Declaration of Gene Hoffman, Jr., Chairman of the Calguns Foundation, Inc., ¶ 5. |
| 76. | Defendant's policies bar the members and supporters of SAF and Calguns from obtaining numerous, if not most, handguns. | Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc., ¶ 7.<br><br>Declaration of Gene Hoffman, Jr., Chairman of the Calguns Foundation, Inc., ¶ 6. |

| | |
|---|---|
| 77. Defendants' policies make firearms less accessible to the public, reduce the opportunity for selection and purchase, lessen price competition, and impose additional expenses on the purchase of firearms. | Declaration of Alan Gottlieb, Executive Vice President of Second Amendment Foundation, Inc., ¶¶ 9, 10 and 11.<br><br>Declaration of Gene Hoffman, Jr., Chairman of the Calguns Foundation, Inc., ¶¶ 11, 12, 13 and 14. |

Respectfully Submitted on October 25, 2013,

Alan Gura, Calif. Bar No.: 178221
Gura & Possessky, PLLC
101 N. Columbus St., Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Jason A. Davis, Calif. Bar No.: 224250
Davis & Associates
27201 Puerta Real
Mission Viejo, CA 92691
949.310.0817/Fax 949.288.6894

Donald E.J. Kilmer, Jr., Calif. Bar No.: 179986
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

 /S/ Donald Kilmer
Attorney for the Plaintiffs
Don@DKLawOffice.com