UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN PENA, et al., | No. 2:09-CV-01185-KJM-CKD |
| Plaintiffs, | |
| v. | ORDER |
| STEPHEN LINDLEY, | |
| Defendant. | |

      Glock, Inc. moves for leave to file an amicus curiae brief, EFF No. 56, in support of plaintiffs' motion for summary judgment, ECF No. 61, in the above-captioned matter. The court decided the matter without argument and, for the reasons below, GRANTS the motion.

      Although Federal Rule of Appellate Procedure 29 outlines the manner and circumstances in which an amicus brief may be filed in appellate court, the Federal Rules of Civil Procedure lack a trial-court counterpart. Nonetheless, the Ninth Circuit has held that "the district court has broad discretion to appoint amici curiae," such that the appellate court will not reverse absent abuse of discretion. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 487 (1995). Amicus briefs are "frequently welcome . . . concerning legal issues that have potential ramifications beyond the

1

1  parties directly involved or if the amicus has unique information or perspective that can help
2  the court beyond the help that the lawyers for the parties are able to provide." *N.G.V. Gaming,*
3  *Ltd. v. Upstream Point Molate, L.L.C.*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citations
4  and internal quotation marks omitted).

5          The touchstone is whether the amicus is "helpful," and there is no requirement
6  "that amici must be totally disinterested." *Hoptowit*, 682 F.2d at 1260. However, "in the
7  absence of exceptional circumstances, . . . [the court does] not address issues raised only in an
8  amicus brief." *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir.
9  2003) (citing *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993)); *see also Santiago v.*
10 *Rumsfeld*, 425 F.3d 549, 552 n.1 (9th Cir. 2005) ("We follow our general rule in declining to
11 address . . . arguments not raised by the parties.").

12         Given the Second Amendment issues in the instant case, the case has "potential
13 ramifications beyond the parties directly involved." *N.G.V. Gaming, Ltd.*, 355 F. Supp. 2d at
14 1067. Glock, Inc. correctly cites several district courts that have permitted amici in Second
15 Amendment cases, even when opposed. Mot. for Leave to File Br. of Amicus Curiae 2–3.
16 Further, although interested in the outcome, Glock, Inc., a large firearms manufacturer, is likely
17 to lend a unique perspective on the Second Amendment. The court concludes Glock, Inc.'s
18 supplemental briefing will be helpful in adjudicating plaintiffs' pending motion for summary
19 judgment.

20         Glock, Inc.'s motion for leave to file an amicus curiae brief is GRANTED.
21         IT IS SO ORDERED.
22 Dated: November 13, 2013.

UNITED STATES DISTRICT JUDGE

2