KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON, State Bar No. 126009
Supervising Deputy Attorney General
ANTHONY R. HAKL, State Bar No. 197335
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-9041
 Fax: (916) 324-8835
 E-mail: Anthony.Hakl@doj.ca.gov
*Attorneys for Defendant Stephen Lindley*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IVAN PEÑA, ROY VARGAS, DOÑA CROSTON, BRETT THOMAS, SECOND AMENDMENT FOUNDATION, INC. and THE CALGUNS FOUNDATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STEPHEN LINDLEY,**<br><br>Defendant. | Case No. 2:09-CV-01185-KJM-CMK<br><br>**DEFENDANT STEPHEN LINDLEY'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD**<br><br>Date:         February 28, 2014<br>Time:        10:00 a.m.<br>Dept.:        Courtroom 3, 15th floor<br>Judge:       The Hon. Kimberly J. Mueller<br>Trial Date: None at this time<br>Action Filed: May 1, 2009 |

**TABLE OF CONTENTS**

                                                                                 **Page**

Introduction ............................................................................................................................... 1

Relevant Procedural Background .............................................................................................. 1

Argument .................................................................................................................................. 1

      I.       The rules do not authorize Plaintiffs' motion. ............................................ 1

      II.      Plaintiffs have failed to show that the supplemental information could not have been discovered earlier. ................................................................... 2

      III.     The declarations do not contain admissible evidence in support of any material facts. ........................................................................................... 3

Conclusion ................................................................................................................................ 4

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Pepper v. JC Penney Corp.*
   No. C07-1781-JCC, 2008 WL 4614268 (W.D. Wash., Oct. 16, 2008) ..................................... 2

*Peterson v. Scotia Prince Cruises Ltd.*
   328 F. Supp. 2d 119 (D. Maine 2004) ....................................................................................... 2

**STATUTES**

Penal Code
   § 31910(b)(7)(A) ..................................................................................................................... 2, 3

**COURT RULES**

Federal Rules of Civil Procedure
   rule 56 ..................................................................................................................................... 1, 3
   rule 60(b)(2) ................................................................................................................................ 2

# INTRODUCTION

Plaintiffs' motion to supplement the summary judgment record with declarations from the firearms manufacturers Sturm, Ruger & Co. and Smith & Wesson is not authorized by the rules. Nor have plaintiffs shown that, with reasonable diligence, they could not have produced the information contained in the declarations at an earlier time. And in any event, the contents of the declarations do not support any material fact in this case. Accordingly, and as explained further below, the Court should deny plaintiffs' motion.

# RELEVANT PROCEDURAL BACKGROUND

This matter is currently under submission on the parties' cross-motions for summary judgment. The hearing on the motions, which have been fully briefed, occurred on December 16, 2013. (Doc. no. 77.) All discovery and law and motion deadlines set forth in the Court's scheduling order have passed. (*See* Doc. nos. 47 & 50.)

Following the hearing on the cross-motions for summary judgment, and in light of the discussion on the record during oral argument, the Court directed the parties to file a stipulation clarifying a certain statistic already in the record. (Doc. no. 78.) Pursuant to the Court's order, the parties filed the stipulation on December 31, 2013. (Doc. no. 80.)

On January 28, 2014, plaintiffs filed the instant motion, which is styled "Motion to Supplement the Record on Pending Cross-Motions for Summary Judgment." (Doc. no. 82.) Plaintiffs seek an order from the Court accepting into the record the declarations of Michael O. Fifer, the Chief Executive Officer of Sturm, Ruger & Co., and Peter James Debney, the President and Chief Executive Officer of Smith & Wesson. Sturm, Ruger & Co. and Smith & Wesson are firearms manufacturers, but neither is a party in this case.

# ARGUMENT

**I. THE RULES DO NOT AUTHORIZE PLAINTIFFS' MOTION.**

Nothing in the Federal Rules of Civil Procedure authorize Plaintiffs' motion to supplement the record after cross-motions for summary judgment have been briefed, argued and submitted for decision. *See* Fed. R. Civ. P. 56. Plaintiffs concede as much. (Mem. of P. & A. in Supp. of Pls.'

Mot. to Supp. the Record on Summ. J. ("Pls.' Mem." at 3.) For this reason alone, the Court should deny the motion.

## II. PLAINTIFFS HAVE FAILED TO SHOW THAT THE SUPPLEMENTAL INFORMATION COULD NOT HAVE BEEN DISCOVERED EARLIER.

In terms of case law, plaintiffs cite one unreported decision involving a motion to supplement the summary judgment record. *See Pepper v. JC Penney Corp.*, No. C07-1781-JCC, 2008 WL 4614268 (W.D. Wash., Oct. 16, 2008). In that case, though, the Court granted the motion after considering whether the proposed supplement of the record was "newly discovered evidence that, with reasonable diligence, could not have been discovered earlier." *Id.* at 2 (citing Fed. R. Civ. P. 60(b)(2) and local rule allowing for reconsideration due to new facts which could not have been brought to court's attention earlier).[1] In a similar situation, another court has also considered whether the "new" evidence could have been discovered earlier. *See Peterson v. Scotia Prince Cruises Ltd.*, 328 F. Supp. 2d 119, 120 (D. Maine 2004) (denying plaintiff's motion for leave to supplement the record where the supplement was "simply a late effort to do what she should have done in responding to the initial summary judgment motion").

Here, plaintiffs have failed to show that the information from the firearms manufacturers could not have been discovered earlier with reasonable diligence. In this regard, the motion contains only vague and conclusory references like "newly-developed circumstances." (Pls.' Mem. at 3.) Neither the motion nor declarations address the precise timing of plaintiffs' discovery of these circumstances.

Additionally, the apparent decision of Sturm, Ruger & Co. and Smith & Wesson to have certain handguns fall off the roster is tied to the Unsafe Handgun Act's (UHA) microstamping requirements. Those requirements were enacted in 2007, and had an initial effective date of January 1, 2010. Cal. Penal Code § 31910(b)(7)(A). Defendants acknowledge that the Department of Justice did not certify that the technology used to create the microstamp imprint

---

[1] The motion in *Pepper* was also unopposed and involved evidence obtained by the party after it filed its reply brief, not after the case was argued and submitted. *Pepper*, 2008 WL 4614268 at 2.

1  "is available to more than one manufacturer unencumbered by any patent restrictions" until May
2  17, 2013 (*id.*), but that was still seven months prior to the hearing on the cross-motions for
3  summary judgment.  In the face of this history, plaintiffs, who include individual firearms
4  enthusiasts and organizations dedicated to Second Amendment advocacy efforts, cannot
5  reasonably contend that they had no reason to inquire as to the position of gun manufacturers on
6  microstamping at any time prior to December 16, 2013.

7  Plaintiffs have failed to demonstrate that the information offered by Sturm, Ruger & Co.
8  and Smith & Wesson could not have been discovered earlier with reasonable diligence.  For this
9  reason as well, the Court should deny the motion.

10  **III.  THE DECLARATIONS DO NOT CONTAIN ADMISSIBLE EVIDENCE IN SUPPORT OF ANY MATERIAL FACTS.**
11

12  Plaintiffs' motion should also be denied because the proffered declarations do not contain
13  any admissible evidence relevant to any material fact.  *See* Fed. R. Civ. P. 56.  In addition to
14  being generally vague, conclusory and speculative, the crux of Mr. Fifer's declaration is that the
15  UHA is "forcing Ruger" to cease certain handgun sales in California.  (Decl. of Michael Fifer
16  ¶ 7.)  Mr. Debney's declaration is similarly deficient and, at bottom, asserts that complying with
17  the microstamping requirements "appears infeasible" and that "many" Smith & Wesson handguns
18  will be "forced off the roster."  (Decl. of James Debney ¶¶ 6 & 7.)  Yet even assuming these
19  statements accurately capture the declarants' beliefs, they are not evidence in support of any
20  material fact.  They are simply argument that attempts to characterize the UHA in a particular
21  manner.  Defendants could just as easily argue that under the UHA firearms manufacturers
22  remain free to decide to limit certain handguns sales in California rather than comply with the
23  statutory requirements governing those sales, which is a business decision that Sturm, Ruger &
24  Co. and Smith & Wesson apparently have made.  But that argument regarding the nature of the
25  UHA is not subject to evidentiary proof.
26  Nevertheless, while the declarations from non-parties Sturm, Ruger & Co. and Smith &
27  Wesson are irrelevant, the parties appear to be in agreement that the total number of handguns on
28  the roster is a consideration.  Plaintiffs have requested that the Court take judicial notice of a

more recent version of the roster. (Pls.' Mem. at 2.) Defendants do not object to that request. Defendants have never contended that the number of handguns on the roster is static. On the contrary, the number fluctuates as handguns are added and removed over time.

Additionally, and in light of plaintiffs' request for judicial notice, defendants have filed a Declaration of Stephen Lindley in Support of Defendant's Opposition to Plaintiffs' Motion to Supplement the Record. That declaration updates the statistics initially set forth in Mr. Lindley's declaration filed on October 25, 2013. The declaration also contains a corresponding update of the statistics the parties stipulated to on December 31, 2013, in response to the Court's order. To summarize the most current data, as of February 13, 2014, there were 1,119 handguns listed on the Roster of Handguns Certified for Sale in California. Of those 1,119 handguns, 796 are semi-automatic handguns. 717 of those semi-automatic handguns are centerfire, and 79 are rimfire. Finally, all of the 796 semi-automatic handguns are grandfathered and not subject to the UHA's microstamping requirement.

## CONCLUSION

Plaintiffs initiated this action years ago and cross-motions for summary judgment have been fully briefed, argued and submitted for decision. Both sides have had the benefit of fully exploring the issues in writing, participating in a lengthy oral argument, and answering the questions of the Court. The Court should reject plaintiffs attempt to add to the record at this stage of the proceedings. The motion should be denied.

Dated:  February 14, 2014                           Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General

/s/ ANTHONY R. HAKL

ANTHONY R. HAKL
Deputy Attorney General
*Attorneys for Defendant Stephen Lindley*

SA2009310413
11281851.doc

4