Alan Gura, Calif. Bar No.: 178221
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr., Calif. Bar No.: 179986
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Ivan Peña, et al., | ) | Case No. 2:09-CV-01185-KJM-CKD |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| Stephen Lindley, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO
<u>MOTION TO SUPPLEMENT THE RECORD</u>

However this Court might decide this case, it should do so on the basis of a full and complete understanding of how California's handgun rostering program functions—including with respect to the "grandfathering" of previously rostered handguns. Contrary to Defendant's assertion, the information contained in the manufacturers' new declarations was not reasonably available to Plaintiffs at the time of briefing or argument, although it was available to Defendant.

The issue here is not "the position of gun manufacturers on microstamping at any time prior to December 16, 2013." Opp. at 3. That much was well-known. Indeed, Plaintiffs and amicus Glock explained, as did Defendant in his

discovery responses, that no microstamping could be expected any time soon, or possibly ever.

Rather, the issue here is gun manufacturers' *experience* in keeping handguns "grandfathered" in the wake of the microstamping requirement's implementation. Plaintiffs, and perhaps the Court, shared the normal understanding of a "grandfather clause"—"Provision in a new law or regulation exempting those already in or a part of the existing system which is being regulated." Black's Law Dictionary 699 (6th Ed.). Plaintiffs understood that existing handgun roster models would remain on the roster. They did not anticipate that Defendant would apply an extreme interpretation of the testing requirements to require restesting for "any design, material, or manufacturing process modification . . . no matter how small . . . even if it has no impact on the function of the handgun." Fifer Decl., ¶ 4.

Plaintiffs might have assumed that handgun models, like all consumer products, see minor, incremental change over time, but it was not until after the argument on the pending motions—and approximately seven months after imposition of the microstamping requirement—that manufacturers announced that handguns everyone believed to be "grandfathered" were not, in fact, so, because Defendant left the manufacturers no room whatsoever for their products' normal evolution. And while it could have been assumed that eventually, manufacturers would not wish to support grandfathered models for one particular state, it could not have been assumed that Defendant would adopt a hyper-literal approach as to what constitutes a "new" model such that the roster would see a 10% decline in just three months—a decline that did not become evident until, again, after the argument.

Defendant's attack on the relevance of the manufacturers' microstamping decisions are likewise inapposite. It does not matter, for purposes of this case, whether Defendant would do a better job of running Smith & Wesson or Sturm, Ruger than do Messrs. Debney and Fifer. What matters is the fact that manufacturers offer fewer models than anyone would have expected under previous understandings of the "grandfathering" process, because of Defendant's practices. If Defendant can argue that Plaintiffs should lose because a certain number of handguns remain on the roster—and Defendant offers that "the total number of handguns on the roster is a consideration," Opp. at 3—Plaintiffs should be able to offer evidence that the roster is shrinking and will continue to do so because of the way that Defendant's challenged practices impact real-life gun manufacturers.

Respectfully, the roster and its rapidly declining size is not merely a function of "business decision[s]." *Id.* It is a creature of legislative and regulatory decisions. Businesses prefer selling their products and profiting, but they must make decisions based on the regulatory environment imposed by government officials. California regulators cannot simply issue decrees that businesses find infeasible, and then attack (without any apparent qualification) a company's business judgment to reduce its activity within the state.

Defendant is not prejudiced by the Court having more complete and up-to-date information about how grandfathering works, or does not work, in this context. The manufacturers' announcements in December relative to grandfathering and microstamping were news not just to Plaintiffs. If Defendant wanted to have this matter brought up earlier, he should have better managed expectations regarding grandfathering based on his post-microstamping interactions with manufacturers.

Plaintiffs respectfully ask that the motion be granted.

Dated: February 21, 2014          Respectfully submitted,

| | |
|---|---|
| Alan Gura, Cal. Bar No.: 178221 | Donald E.J. Kilmer, Jr., Cal. Bar No. 179986 |
| Gura & Possessky, PLLC | Law Offices of Donald Kilmer, A.P.C. |
| 105 Oronoco Street, Suite 305 | 1645 Willow Street, Suite 150 |
| Alexandria, VA 22314 | San Jose, CA 95125 |
| 703.835.9085/Fax 703.997.7665 | 408.264.8489/Fax 408.264.8487 |
| alan@gurapossessky.com | Don @DKLawOffice.com |
| | |
| /s/ Alan Gura | /s/ Donald E.J. Kilmer, Jr. |
| Alan Gura | Donald E.J. Kilmer, Jr. |
| | |
| | Attorneys for Plaintiffs |