Alan Gura, Calif. Bar No.: 178221
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

Donald E.J. Kilmer, Jr., Calif. Bar No.:  179986
Law Offices of Donald Kilmer, A.P.C.
1645 Willow Street, Suite 150
San Jose, CA 95125
408.264.8489/Fax 408.264.8487

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Ivan Peña, et al., | ) | Case No. 2:09-CV-01185-KJM-CKD |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Stephen Lindley | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

NOTICE OF SUPPLEMENTAL AUTHORITY

On August 25, 2014, Judge Ishii of this Court filed an opinion in *Silvester* v. *Harris*, No. 1:11-CV-2137, 2014 U.S. Dist. LEXIS 118284 (E.D. Cal. Aug. 25, 2014). *Silvester* held that California's 10-day waiting period for completing firearms purchases violates the Second Amendment when applied to consumers who pass a background check and who either already possess firearms, or are licensed to carry a concealed weapon. The Court reasoned that a "cooling off" rationale was invalid as to individuals who already had guns, or who had passed the stringent requirements for obtaining a carry permit. The Court also held that the lesser-included category of

gun owners holding a valid Certificate of Eligibility who pass a background check should also be free of the mandatory 10 day waiting period.

Notably, the state defendants argued that since the individual plaintiffs "each had a firearm during the relevant time period, their Second Amendment rights have not been impaired." *Silvester*, 2014 U.S. Dist. LEXIS 118284 at *75 n.33. That argument is essentially identical to that made by Defendants before this Court, to the effect that so long as consumers have access to one gun, their rights are unimpaired by the fact that the state denies them the ability to purchase other guns.

The Court rejected the argument:

> [T]hat [Plaintiffs] have been able to exercise their Second Amendment right with respect to at least one firearm does not mean that they have diminished rights under the Second Amendment. The Second Amendment applies to "arms" and its language does not limit its full protections to a single firearm. Some firearms are better suited for particular lawful purposes than others. Defendant has cited no authority that suggests that the Second Amendment only has application to a single firearm.

*Id.*

| Dated: October 2, 2014 | Respectfully submitted, |
|---|---|
| Donald E.J. Kilmer, Jr., Cal. Bar No. 179986<br>Law Offices of Donald Kilmer, A.P.C.<br>1645 Willow Street, Suite 150<br>San Jose, CA 95125<br>408.264.8489/Fax 408.264.8487<br>Don@DKLawOffice.com | Alan Gura, Cal. Bar No. 178221<br>Gura & Possessky, PLLC<br>105 Oronoco Street, Suite 305<br>Alexandria, VA 22314<br>703.835.9085/Fax 703.997.7665<br>alan@gurapossessky.com |
| /s/ Donald E.J. Kilmer, Jr.<br>Donald E.J. Kilmer, Jr. | /s/ Alan Gura<br>Alan Gura |

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

Notice of Supplemental Authority

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 2nd day of October, 2014, at Alexandria, Virginia.

/s/ Alan Gura
Alan Gura
Counsel for Plaintiffs